1   Carolyn Schaupp
2   416 Pederson Rd. #B
    Oakdale, CA 95361
3   209.840.1447
    carolynh.schaupp30@gmail.com
4   Self-Represented





5

6                  UNITED STATES DISTRICT COURT

7                  EASTERN DISTRICT OF CALIFORNIA

8

9   CAROLYN SCHAUPP; CAROLYN          )   Case No.: 1:20-CV-01221-DAD-BAM
10  SCHAUPP, SR.; L.S., a minor; D.S., a minor;  )
    P.I., a minor,                    )
11                                    )   COMPLAINT FOR DAMAGES
12                                    )   1. ASSAULT AND BATTERY;
                 Plaintiffs,          )   2. FALSE IMPRISONMENT;
13  vs.                               )   3. CIVIL RIGHTS
                                      )      VIOLATIONS;
14                                    )   4. MONELL RELATED
    COUNTY OF STANISLAUS; SUPERIOR    )      CLAIMS;
15  COURT OF STANISLAUS; COUNTY OF    )   5. INTENTIONAL INFLICTION
    STANISLAUS CHILD PROTECTIVE       )      OF EMOTIONAL DISTRESS;
16  SERVICES; OFFICE OF THE DISTRICT  )   6. VIOLATION OF STATE
    ATTORNEY OF STANISLAUS COUNTY;    )      CIVIL RIGHTS (CC §43);
17  BIRGIT FLADAGER; CRISTINA         )   7. VIOLATION OF STATE
18  MAGANA; CITY OF MODESTO;          )      CIVIL RIGHTS (CC §52.1);
    MODESTO POLICE DEPARTMENT;        )   8. EXTRINSIC FRAUD;
19  GALEN CARROLL; CLINTON            )
20  ARMSTRONG; KYLE JOHNSON;          )
    KATHRYN HARWELL; EDWARDO          )
21  CORTEZ; GARY BOYD; KIM MALLOCK;   )   TRIAL BY JURY DEMANDED
    SANDRA LUCAS; KIMBERLY            )
22  UNDERWOOD; MATTHEW MERCADO;       )
23  FRANK SOUSA; EDWARD IZZO;         )
    DOES 1-20,                        )
24                                    )
                 Defendants.          )
25                                    )
26                                    )
                                      )
27  ────────────────────────────────  )

28

    Plaintiff's Verified Complaint        Page 1 of 24

## **TABLE OF CONTENTS**

I.    Jurisdiction and Venue........................................................................................Pg. 3

II.   Parties................................................................................................................Pg. 3

III.  Verified Statement of Facts...............................................................................Pg. 8

IV.   First Claim for Relief; Assault and Battery......................................................Pg. 9

V.    Second Claim for Relief; False Imprisonment................................................Pg. 10

VI.   Third Claim for Relief; Violation of Civil Rights (42 U.S.C. 1983/1985)................Pg. 12

VII.  Fourth Claim for Relief; Monell Related Claims............................................Pg. 14

VIII. Fifth Claim for Relief; Intentional Infliction of Emotional Distress...........................Pg. 16

IX.   Sixth Claim for Relief; Violation of State Civil Rights CC §43 ...............................Pg. 17

X.    Seventh Claim for Relief; Violation of State Civil Rights CC §52.1.........................Pg. 18

XI.   Eighth Claim for Relief; Extrinsic Fraud.......................................................Pg. 21

XII.  Declatory Relief/Injunctive Relief..................................................................Pg. 23

## I.    JURISDICTION AND VENUE

1. The Jurisdiction of this Court is in the nature of Federal Question, 28 U.S.C. § 1331; 42 U.S.C. 1983; and not limited to the First, Fourth, Fifth, Ninth and Fourteenth amendments to the United States Constitution.

2. This Court has further jurisdiction under 28 U.S.C. § 1343 (Civil Rights) and 2201-02 (declaratory relief).

3. Additionally, supplemental jurisdiction exists with this Court under the provisions of 28 U.S.C. § 1367(a) as to the remaining counts arising under the California Constitution and State Laws from the same set of operative facts.

4. The operative facts contained herein caused this claim to arise under the provisions of the United States Constitution, and under 42 U.S.C. 1983.

5. Venue for this action is predicated upon 18 U.S.C. § 1965 and 28 U.S.C. § 1391(b) and (c) as one or more Defendants are located or reside in this District, and a substantial part of the events and omissions giving rise to Plaintiffs' Claims occurred in this District. The United States invokes the expanded service of process provisions of 18 U.S.C. 1965(b). The venue for this matter will be the United States District Court, Eastern District Court of California located at: 2500 Tulare St, Fresno, CA 93721.

## II.    PARTIES

6. Plaintiff Carolyn Schaupp ("MS. SCHAUPP"), is over the age of 18 and a citizen of the United States and at all times relevant hereto a citizen of the state of California, residing and doing business in this District at 416 Pederson Rd. #B Oakdale, CA 95361. SCHAUPP is the biological Mother of minors L.S., D.S. and P.I. MS. SCHAUPP sues in her personal capacity.

7. Plaintiff Carolyn Schaupp, Sr., ("GRANDMA"), is over the age of 18 and a citizen of the United States and at all times relevant hereto a citizen of the state of California, residing and doing business in this District at 416 Pederson Rd. #B Oakdale, CA 95361. SCHAUPP is the Grandmother of minors L.S. P.I. and D.S. GRANDMA sues in her personal capacity.

8. Plaintiff L.S. ("L.S."), birthdate April 30, 2012, age 8, is a minor child and the biological son of Ms. Schaupp. L.S. is represented by MS. SCHAUPP. L.S. sues in his personal capacity.

9.  Plaintiff D.S. ("D.S."), birthdate June 16, 2007, age 14, is a minor child and the biological daughter of MS. SCHAUPP. D.S. is represented by MS. SCHAUPP.  D.S. sues in her personal capacity.

10.  Plaintiff P.I. ("P.I."), birthdate January 30, 2017, age 4, is a minor child and the biological daughter of Ms. Schaupp. P.I. is represented by MS. SCHAUPP.  P.I. sues in her personal capacity.

---

11.  Defendant County of Stanislaus ("COUNTY") is a municipal entity existing within this District and doing business as the County of Alameda, the Administration Building is located at 1010 10th Street #5900 Modesto, California 95354. COUNTY is responsible for compensating, enriching, rewarding and training employees. COUNTY is sued in its official capacity.

12.  Defendant Superior Court of Stanislaus County ("COURT") is a "beneath State level" municipal entity chartered under and doing business in the County of Stanislaus and this District, 1100 I St, Modesto, California 95354. COURT is responsible for compensating, enriching, rewarding and training employees and failing to protect. COURT is sued in its official capacity. The CEO of COURT is included in DOES 1-20 and is unknown at this time to Plaintiffs.

13.  Defendant Community Services Agency in County of Stanislaus ("CSA") is a business entity contracted with and doing business in the County of Stanislaus and this District, located at 1010 10th Street Modesto, CA 95354. CSA is responsible for Child Protective Services; compensating, enriching, rewarding, training employees and failing to protect Plaintiffs. CSA is sued in its official capacity. Not all CSA agents affiliated in this matter are known to Plaintiffs and are covered under DOES 1-20.

14.  Defendant Office of the District Attorney, County of Stanislaus ("DA") is a "beneath State level" business entity chartered under and doing business in the County of Stanislaus and this District, located at 832 12th St, Modesto, California 95354. DA is responsible for compensating, enriching, rewarding, training employees and failing to prosecute and protect. DA is sued in its official capacity.

15. Defendant Birgit Fladager ("FLADAGER") operates the Office of the District Attorney, County of Stanislaus and does business in the County of Stanislaus, located at 832 12th St #300 Modesto, California 95354, et al., doing business in this District. FLADAGER is responsible for compensating, enriching, rewarding and training employees. Additionally, FLADAGER is responsible for lack of oversight of her agents and responsible for her agents failing to prosecute, and not limited to, engaged in extrinsic fraud. FLADAGER is sued in her official and personal capacity.

16. Defendant Cristina Magana ("MAGANA") is an agent of the Office of the District Attorney, County of Stanislaus and does business in the County of Stanislaus, located at 832 12th St #300 Modesto, California 95354, et al., doing business in this District. MAGANA is responsible for failing to investigate and aiding and abetting in child trafficking, and not limited to, engaged in extrinsic fraud. MAGANA is sued in her official and personal capacity.

17. Defendant City of Modesto ("MODESTO") is a "beneath State level" municipal entity chartered under and doing business in the County of Stanislaus and in this District, located at 1010 10th St, Modesto, CA 95354. MODESTO is responsible for compensating, enriching, rewarding and training employees and failing to protect and prosecute. MODESTO is sued in its official capacity.

18. Defendant Modesto Police Department ("MPD") is a "beneath Municipal level" municipal department chartered under and doing business in the City of Modesto, County of Stanislaus and in this District, located at 600 10th St, Modesto, CA 95354. MPD is responsible for compensating, enriching, rewarding and training employees and failing to protect and prosecute. MPD is sued in its official capacity.

19. Defendant Galen Carrol ("CARROLL") is a person(s) and a person(s) acting in the capacity of a public official (Police Chief). Chief CARROLL does business in the City of Modesto, County of Stanislaus on a regular basis and domiciled in the State of California, in this District, located at 600 10th St, Modesto, CA 95354. CARROLL is responsible for compensating, enriching, rewarding and training employees and failing to protect and prosecute. CARROLL is sued in his personal and official capacity.

20. Defendant Clinton Armstrong ("ARMSTRONG") is a person(s) and a person(s) acting in the capacity of a public official (Peace Officer). ARMSTRONG does business in the

City of Modesto, County of Stanislaus on a regular basis and domiciled in the State of California, in this District, located at 600 10th St, Modesto, CA 95354. ARMSTRONG is responsible for failing to protect and prosecute. ARMSTRONG is sued in his personal and official capacity.

21. Defendant Kyle Johnson ("JOHNSON") is a person(s) and a person(s) acting in the capacity of a public official (Peace Officer). JOHNSON does business in the City of Modesto, County of Stanislaus on a regular basis and domiciled in the State of California, in this District, located at 600 10th St, Modesto, CA 95354. JOHNSON is responsible for failing to protect and prosecute. JOHNSON is sued in his personal and official capacity.

22. Defendant Katheryn Harwell ("HARWELL") is a person(s) contracted with and doing business in the County of Stanislaus and this District, located at 251 Hackett Rd, Modesto, CA 95358. HARWELL is responsible for Community Services Agency and Child Protective Services; compensating, enriching, rewarding, training employees and failing to protect Plaintiffs. HARWELL is sued in her official and personal capacity.

23. Defendant Edward Cortez ("CORTEZ") is a person(s) and a person(s) acting in the capacity of a public official. CORTEZ does business in the City of Modesto, County of Stanislaus on a regular basis and domiciled in the State of California, in this District, located at 251 Hackett Rd, Modesto, CA 95358. CORTEZ is responsible for failing to protect and prosecute. CORTEZ is sued in his personal and official capacity.

24. Defendant Gary Boyd ("BOYD") is a person(s) and a person(s) acting in the capacity of a public official. BOYD does business in the City of Modesto, County of Stanislaus on a regular basis and domiciled in the State of California, in this District, located at 251 Hackett Rd, Modesto, CA 95358. BOYD is responsible for failing to protect and prosecute. BOYD is sued in his personal and official capacity.

25. Defendant Kim Mallock ("MALLOCK") is a person(s) and a person(s) acting in the capacity of a public official. MALLOCK does business in the City of Modesto, County of Stanislaus on a regular basis and domiciled in the State of California, in this District, located at 1100 I St #1, Modesto, CA 95354. MALLOCK is responsible for failing to protect and prosecute. MALLOCK is sued in his personal and official capacity.

26. Defendant Sandra Lucas ("LUCAS") is a person(s) and a person(s) acting in the capacity of a public official. LUCAS does business in the City of Modesto, County of Stanislaus

on a regular basis and domiciled in the State of California, in this District, located at 1100 I St #1, Modesto, CA 95354. LUCAS is responsible for failing to protect and prosecute. LUCAS is sued in her personal and official capacity.

27. Defendant Kimberly Underwood ("UNDERWOOD") is a person(s) and a person(s) acting in the capacity of a public official. UNDERWOOD does business in the City of Modesto, County of Stanislaus on a regular basis and domiciled in the State of California, in this District, located at 1100 I St #1, Modesto, CA 95354. UNDERWOOD is responsible for failing to protect and prosecute. UNDERWOOD is sued in her personal and official capacity.

28. Defendant Frank Sousa ("SOUSA") resides and does business within this District located at 1405 Del Mar Avenue Modesto, CA 95350. SOUSA is sued in his individual capacity. SOUSA is a known convicted criminal who knowingly and willfully kidnapped and tortured D.S. and L.S.

29. Defendant Edward Izzo ("IZZO") resides and does business within the Southern District of California located at 5728 Acacia Ln. Lakewood, CA 90712. IZZO is sued in his individual capacity. IZZO is a known convicted criminal who willfully kidnapped P.I.

30. Plaintiffs are informed and believe, and on such information and belief alleges, that the Defendants are and at all relevant times herein were the co-conspirators in committing the acts herein alleged. Some Defendants have yet to be truly identified as person(s), employees, and were acting outside the scope of their authority as employees as Public Servants and or contractors with County of Stanislaus, and or any other personal and business entity unknown to Plaintiffs at this time.

31. The true names and/or capacities of Doe Defendants are unknown to Plaintiffs, and therefore sues said Defendants by fictitious names (DOES 1-20). Plaintiffs are informed and believe and thereon alleges that each of the Defendants fictitiously named herein as a DOE is responsible for the events and happenings hereinafter referred to, and thereby proximately caused the injuries and damages to Plaintiff(s) as hereinafter alleged. Plaintiffs will seek to amend this complaint to allege the true names and/or capacities of said fictitiously named Defendant's when ascertained.

32. Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an allegation that the

corporation or business entity acted or omitted to act through its authorized officers, directors, agents, servants, and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation.

## III. **STATEMENT OF FACTS RELATED TO THIS MATTER**

33. Defendants in this matter knowingly and willfully have denied due process in Court of Law and have retaliated against Plaintiff's causing severe irreparable injury.

34. For approximately eight years, the Superior Court of County of Stanislaus has dragged out child custody and safety hearings, putting minor children P.I., L.S. and D.S. at risk, while damaging mother MS. SCHAUPP.

35. Recently, Judge Jack Jacobson and Judge Allan Cassidy has retaliated against Plaintiff MS. SCHAUPP by unlawfully removing her minor child P.I. from her care and placing her with convicted criminal Defendant IZZO. The Court knew there is a protective order against IZZO and P.I. (*SEE EXHIBIT 2*) that expires 10-9-21.

36. On 7/21/20, Oakdale Police arrived at mother's location with an unlawful court order from Judge Cassidy, taking P.I. and placed her in IZZO'S care. (*SEE EXHIBIT 2*).

37. On 7/20/20, Judge Jacobson vacated trial without MS. SCHAUPP'S consent and prior notification. This is a consistent action with hearings that the court takes against MS. SCHAUPP. This happens often.

38. On 6/16/20, Judge Jacobson granted SOUSA'S temporary restraining order, in violation of due process and putting minor children D.S. and L.S. at risk, while dismissing MS. SCHAUPP'S temporary restraining order who filed first. SOUSA has been harassing and threatening MS. SCHAUPP (*SEE EXHIBIT 6*) (SOUSA willfully attacked and damaged MS. SCHAUPP'S CAR on 9/25/18). SOUSA went into hiding with minor children L.S. and D.S, and Defendant's knew, while awaiting JACOBSON to grant the TRO.

39. *Exhibits 3 and 4* were submitted to Defendants as MS. SCHAUPP warned them and expressed concern for minor children's safety. Defendant SOUSA has physically neglected and sexually abused minor children. Defendant's knew about this and perjured (*EXHIBIT 1* is just one perjured report of dozens) their CPS reports to cover up the incidents'.

40. MS. SCHAUPP filed peremptory challenges multiple times to recuse JACOBSON and CASSIDY but they retaliated against her and refused to remove themselves. Plaintiffs suffered severe injuries and trauma.

41. Parent child rights have been protected for dozens of years. Defendants knew minor children L.S., D.S. and P.I. were/are not safe in their fathers care due to the overwhelming amount of evidence of harm against minor children and MS. SCHAUPP. Defendants knew that the minor children never should have been unlawfully taken from mothers care and custody.

42. Defendant's knew that they willfully trespassed against parental and children protections. JACOBSON and CASSIDY knew they should not have created unconstitutional court orders and deny due process and exculpatory evidence (*SEE EXHIBIT 5*).

43. Plaintiffs have suffered loss of their children, slandering, libel and defamation, loss of due process, loss of business, loss of financial stability and much more. This case has serious constitutional questions by a conglomerate of willful and intentional gross misconduct deeds by named defendants in this matter.

## IV.    CHARGING ALLEGATIONS: ASSAULT AND BATTERY
## COUNT 1
### (ALL DEFENDANT'S)

44. Plaintiff re-allege and incorporate previous paragraphs 1-44 as though they were again set forth fully herein; Defendants were at all times relevant to this Claim the conductor, organizer, host, chain of command, authority, supervisor, conspirator at which alleged events happened.

45. Each act alleged in this and each Count of this Complaint was performed under color of law and in Defendant's personal capacity.

46. That Defendants and Does 1 through 20, Inclusive, by their conduct intended to cause, and did cause, Plaintiffs minors D.S., L.S. and P.I. great apprehension and fear of harmful contact to their person by, but not limited to, their removal and detention from their parent(s) and family member MS. SCHAUPP AND GRANDMA, by making false accusations of physical abuse and neglect of Plaintiff minors D.S., L.S. and P.I. *Prima facie*, Defendants knowingly and willfully engaged in retaliation against MS. SCHAUPP.

47. Further, Defendants and Does 1 through 20, did cause the great apprehension and fear of harmful contact by Plaintiffs minors D.S., L.S. and P.I. to their person, but not limited to, sexual assault, activities with guns and dangerous weapons, consumption of drugs, physical abuse, child neglect and bodily injury, the scope of which is not known yet of Plaintiffs minors D.S., L.S. and P.I.

48. All Defendants, and Does 1 through 20, Inclusive, with the encouragement, knowledge, advice, counsel and at the request, direction, authorization and/or agreement of the other defendants, acted with the intent to make, and did make, or caused others to make, harmful contacts with Plaintiff minors D.S., L.S. and P.I. bodies while unlawfully removing and detaining, continuing to detain, and authorizing or conduction the unlawful physical examination out lined above. At no time did Plaintiff minors, constructively or otherwise, consent to such contact, nor was any proper consent obtained by law, by court order, or from their parents.

49. Defendant(s) COUNTY, COURT, DA, MODESTO, MPD and affiliated agents are vicariously responsible for the conduct of said Defendants under Government Code § 815.2.

50. As a direct and legal result of Defendants' tortious and unlawful conduct, Plaintiff minors D.S., L.S. and P.I. have suffered extreme physical, mental and emotional distress, including anguish and fear to an extent and in an amount to be proven at trial.

51. All Defendants and Does 1 through 20, Inclusive, acted with malice and with the intent to cause injury to Plaintiffs minors D.S., L.S. and P.I., or acted with a willful and conscious disregard of the rights of said Plaintiff minors, in a despicable manner. Therefore, Plaintiff minors are entitled to an award of punitive damages for the purpose of punishing ALL INDIVIDUAL Defendants, and Does 1 through 20, Inclusive, to deter them and others from such conduct in the future.

## V.    CHARGING ALLEGATIONS: FALSE IMPRISONMENT
### COUNT 2
### (ALL DEFENDANT'S)

52. Plaintiff re-allege and incorporate previous paragraphs 1-52 as though they were again set forth fully herein; Defendants were at all times relevant to this Claim the conductor,

organizer, host, chain of command, authority, supervisor, conspirator at which alleged events happened.

53. Each act alleged in this and each Count of this Complaint was performed under color of law and in Defendant's personal capacity.

54. All Defendants, and Does 1 through 20, Inclusive, unlawfully removed, detained, and continued to detained Plaintiff minors D.S., L.S. and P.I., without evidence of any imminent danger of serious bodily injury, without just or reasonable cause, without consent of their parent Plaintiff MS. SCHAUPP, who had custody, and/or without probable cause; and therefore deprived them of their personal civil liberties. The unlawful removal, and thereafter the continued detention of said minors, as part of a dependency investigation commenced in January 2016, and continues till present day. In July 2020, Plaintiff minor child P.I. was unlawfully removed from Plaintiff MS. SCHAUPP's custody. All minor children were unlawfully detained and turned over to known and convicted criminals SOUSA and IZZO.

55. Defendant COUNTY, COURT, DA, MODESTO, MPD is vicariously responsible for the conduct of these Defendants under Government Code § 815.2.

56. As a legal result of Defendants' actions, Plaintiff minors D.S., L.S. and P.I. were physically, mentally and/or emotionally injured, all to an extent and in an amount subject to proof at trial.

57. All individual Defendants, and Does 1 through 20, Inclusive, acted with malice and with the intent to cause injury to Plaintiff minors D.S., L.S. and P.I., and D.S., L.S. and P.I., or acted with a willful and conscious disregard of the rights of said Plaintiffs in a despicable manner. In addition, said Defendants, and each of them, engaged in despicable conduct that subjected Plaintiff minors D.S., L.S. and P.I. to cruel and unjust hardship in conscious disregard of their rights. Therefore, Plaintiff minors D.S., L.S. and P.I., are entitled to an award of punitive damages for the purpose of punishing ALL INDIVIDUAL Defendants, and Does 1 through 20, Inclusive, to deter them and others from such conduct in the future.

//

## VI.    CHARGING ALLEGATIONS: CIVIL RIGHTS VIOLATIONS
### 42 U.S.C. 1983; 42 U.S.C. 1985; 18 U.S.C. 242
### BILL OF RIGHTS
### COUNT 3
### (ALL INDIVIDUAL DEFENDANT'S)

58.  All prior paragraphs 1-58 are re-alleged and incorporated as if set forth herein.

59.  Defendants were at all times relevant to this Claim the conductor, organizer, host, chain of command, authority, supervisor, conspirator at which alleged events happened.

60.  Commencing around 2015, and continuing through present day, All Individual Defendants, and Does 1 through 20, Inclusive, and each of them, as alleged herein, were acting under color of state law when they knew and agreed, and thereby conspired, to unlawfully detain, seize, question, threaten, examine, coerce and/or initiate and pursue an investigation and proceedings (without any basis) as to Plaintiff minors D.S., L.S. and P.I. and to cause said minors to be removed from the care, custody, and control of their parent MS. SCHAUPP, and to become dependents of Defendants, and continue to be so removed and a dependent of Defendant(s), and did so without proper reason or authority, (i.e. see *Mabe v. County of San Bernardino* (9th Cir. (2001) 237 Fd. 3rd 1101; *Rogers v. County of San Joaquin*; California Welf. and Inst. Code §§ 306, 309, 311 and 319) without reasonable probable cause, and with deliberate indifference to the rights of said Plaintiffs.

61.  Further, the Individual Defendants and each of them, conspired to and did in fact, make false and misleading statements in an application for custody of Plaintiff minors D.S., L.S. and P.I., in order to deceive the court and to harm Plaintiffs, and each of them, by causing the court to order the removal of minors D.S., L.S. and P.I. from the care custody and control of Plaintiff MS. SCHAUPP, depriving all Plaintiffs of their rights under the 1st, 4th and 14th Amendment to the United States Constitution.

62.  The aforesaid Defendants, and each of them, conspired to interfere with and violate the civil rights of the Plaintiffs, as set forth under 42 U.S.C. §§ 1983, 1985 and not limited to 18 U.S.C. 242, including violation of the Plaintiffs' rights found in the First, Fourth and Fourteenth Amendments of the United States Constitution, by, but not limited to, acting and

conspiring to force Plaintiffs PARENTS to enter into a "voluntary" plan(s), by retaliating against Plaintiffs for exercise of their freedom of speech, and by causing to remove, detain and continue to detain, the person and/or physical and legal custody of minors plaintiffs D.S., L.S. and P.I. from the care, custody, and control of their parent, MS. SCHAUPP, without proper or just cause and/or authority; by the use of intimidation, coercion and duress, and by using false and fabricated evidence and testimony, and failing to provide exculpatory evidence, during the investigation and initiation and pendency of the dependency proceedings, including the application for the removal of minors D.S., L.S. and P.I., in violation of, and interference to, the Plaintiffs' constitutional liberty interests under the First Amendment, their fundamental rights to familial association and due process under the Fourteenth Amendment, and in violation of Fourth Amendment rights against unreasonable searches and seizures.

63. Further, the aforementioned Defendants did conspire to violate due process rights of the Plaintiff MS. SCHAUPP under the 14th Amendment, by, but not limited to, retaliate against MS. SCHAUPP by knowingly and willfully denying MS. SCHAUPP's evidence and pleas for help. Defendants knew that SOUSA is a convicted criminal that uses paraphernalia and has guns, in violation of probation and court orders, and caused bodily injury to Plaintiff minors D.S. and L.S. Defendants knew that IZZO has a current restraining order against him from County of Stanislaus DA between him and Plaintiff minor P.I. Defendants acted in retaliation and conspired to unlawfully remove Plaintiff minor children from MS. SCHAUPP's custody. This act was premeditated, as MS. SCHAUPP has been a target for by Defendants for over five years. All individual Plaintiffs have incurred serious irreparable injury and harm while Defendants were under color of law.

64. As a direct result of these Individual Defendants' violations, and in accordance with 42 U.S.C. §§ 1983, 1985 and not limited to 18 U.S.C. 242, Plaintiffs civil rights have been violated in that they have suffered, and will continue to suffer damages, including but not limited to, physical and/or mental anxiety and anguish; as well as to incur attorney's fees, costs and expenses in the underlying case, and in the matter, as authorized by 42 U.S.C. §1988 in an amount not yet ascertained, all of which shall be shown according to proof at trial.

65. Said individual Defendants' wrongful conduct as herein alleged was intentional,

done with malice, and with conscious disregard for the rights of the Plaintiffs herein, and as a result of their despicable conduct, Plaintiffs are therefore entitled to recover punitive damages from said individual Defendants' wrongful acts for the purposes of punishing said Defendants and to deter others from such conduct in the future.

## VII.    CHARGING ALLEGATIONS: MONELL RELATED CLAIMS
### COUNT 4
### (ALL DEFENDANT'S)

66. All prior paragraphs 1-66 are re-alleged and incorporated as if set forth herein.

67. Defendants were at all times relevant to this Claim the conductor, organizer, host, chain of command, authority, supervisor, conspirator at which alleged events happened.

68. At all relevant times herein, Defendants, including through its C.S.A. (CPS) agency, established and/or followed policies, procedures, customs and/or practices (hereinafter collectively referred to as "policy" or "policies") which policies were the cause of violation of Plaintiffs' constitutional rights granted to them pursuant to 42 U.S.C. § 1983, as well as the case of *Monell v. New York City Department of Social Services* (1978) 436 U.S. 658, including those under the First, Fourth and Fourteenth Amendments; including but not limited to:

a. The police of using undue influence, coercion and/or duress to cause parents to enter into alleged "voluntary" agreements, including with the threat of removal of their children if they do not do so;

b. The policy of detaining and/or removing children from their parent MS. SCHAUPP, without exigent circumstances (imminent danger of serious bodily harm), court order or consent of their parent or legal guardian;

c. The policy of using false and misleading information and failing to provide exculpatory information in the application for a warrant or court order to remove and detain children from the home of their parent MS. SCHAUPP;

d. The policy of detaining and/or removing children from their parent MS. SCHAUPP, and failing to determine whether the scope of the intrusion was reasonably necessary to avert the specific injury;

e. The policy of causing minor children to be dependents of the COUNTY, SOUSA and IZZO and continuing to be dependents, removing their legal and physical custody from their

parent MS. SCHAUPP, beyond a reasonable period after the alleged basis for any such removal and continued detention is negated;

f. The policy of using intimidation, fear, threats, coercion, retaliation, misrepresentation and duress during their investigation of allegations of child abuse and/or neglect, and during the pendency of dependency proceedings;

g. The policy of using trickery, duress, fabrication and/or false testimony or evidence, and in failing to provide exculpatory evidence, in preparing and presenting reports and court documents to the Court including warrants for removal of children from the care custody and control of their parent MS. SCHAUPP, causing an interference with the Plaintiffs' rights, including those as to due process and familial relations and injuring and harming them;

h. The policy of signing and presenting petitions in dependency actions under the penalty of perjury without personal knowledge of the truth and/or accuracy of the allegations contained therein;

i. The policy of, or lack thereof, causing medical examinations and/or procedures of a minor child without the knowledge, consent, presence, and/or authorization of the parents or legal guardians, and without exigency (imminent danger of serious bodily harm), without medical need, and without court order;

j. The policy of failing to promptly provide exculpatory and/or relevant and related evidence, testimony, reports and information regarding the ongoing investigation of juvenile dependency matters, when such information would negate the basis for continued detention of the minor children; and

k. By acting with deliberate indifference in implementing a policy of inadequate training, and/or by failing to train and supervise its officers, agents and employees, in providing the Constitutional protections guaranteed to individuals, including those under the First, Fourth and Fourteenth Amendments, and under California law, when performing actions related to the investigation of child abuse and neglect, including dependency type proceedings.

l. The policy of witnessing crimes and/or violation of court orders and not enforcing the law.

69. Defendants had a duty to Plaintiffs at all times to establish, implement and follow policies, procedures, customs and/or practices which confirm and provide for the protections

guaranteed them under the United States Constitution, including the First, Fourth and Fourteenth Amendments; to use reasonable care to select, supervise, train, control and review the activities of all agents, officers and employees in their employ, including within C.S.A.; and further, to refrain from acting with deliberate indifference to the Constitutional rights of Plaintiffs herein so as to not cause them the injuries and damages alleged herein.

70. COUNTY and Individual Defendants breached its duties and obligations to Plaintiffs, including but not limited to, failing to establish, implement and follow the correct and proper Constitutional polices, procedures, customs and practices; by failing to properly select, supervise, train, control, and review their agents and employees as to their compliance with Constitutional safeguards; and by permitting named Defendants, and Does 1 through 20, Inclusive, to engage in the unlawful and unconstitutional conduct as herein alleged.

71. Defendants knew, or should have known, that by breaching the aforesaid duties and obligations that it was foreseeable that they would, and did, cause Plaintiffs to be injured and damaged by their wrongful policies and acts as alleged herein and that such breaches occurred in contravention of public policy and as to their legal duties and obligations to Plaintiffs.

72. These actions, or inactions, of Defendants are the legal cause of injuries to Plaintiffs as alleged herein; and as a result thereof, Plaintiffs have sustained general and special damages, as well as incurring attorney's fees, costs and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

## VIII.  CHARGING ALLEGATIONS: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### COUNT 5

#### (ALL DEFENDANT'S)

73. All prior paragraphs 1-73 are re-alleged and incorporated as if set forth herein.

74. Defendants were at all times relevant to this Claim the judge, conductor, organizer, host, chain of command, authority, supervisor, conspirator and perpetrator at which alleged events happened.

75. Defendants engaged in prohibited activities under color of law to knowingly and willfully cause intentional infliction of emotional distress, wherefore, without Defendant's actions Plaintiffs would not have incurred such irreparable injury.

76. Pursuant to Cal. Civ. Code § 1708, "Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his or her rights." Additionally, pursuant to Cal. Civ. Code § 1714(a), "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care of skill in the management of his or her property or person ...", Defendants had a responsibility to:

A. Afford Plaintiff a jury trial;

B. Administer each case fairly and impartially (Judicial Code of Conduct), avoid retaliation;

C. Not infringe upon Plaintiff's rights and adhere to higher authority and rulings;

D. Not engage in collusion or coercion for their own benefit;

E. Supervise;

F. Not to Lie;

G. Accept, review and apply Plaintiff's, pleadings, motions and preponderance of evidence;

H. Not separate children from their mother and families unlawfully;

I. Not adopt orders from third parties: social workers and court mediators;

J. Respect Plaintiffs natural and civil rights including rights to each other.

K. Protect Plaintiff minors from criminals.

77. All Defendants, and Does 1 through 20, Inclusive, engaged in the aforementioned outrageous, unprivileged conduct as set forth herein, including, but not limited to; by forcing Plaintiff MS. SCHAUPP to enter into alleged "voluntary" agreements; by retaliating against Plaintiff MS. SCHAUPP, for the Plaintiffs exercise of their right of free speech; by providing the court with false and misleading information an order to remove the minor children from their parents' care custody and control; by wrongfully and unlawfully removing, detaining, and the continued detention, of minors D.S., L.S. and P.I.; by investigating and questioning Plaintiff(s) with intimidation, coercion and duress; by maliciously withholding exculpatory evidence, or lack thereof; by falsely and maliciously alleging and reporting that the physical health and safety of minors D.S., L.S. and P.I. were threatened by MS. SCHAUPP; by failing to provide evidence and information which would negate removal and continued detention of Plaintiff minors, to be put into known abuser(s) custody, including when properly and reasonable requested not to; by mentally, sexually and physically abusing the minor children.

78. Defendant COUNTY is vicariously responsible for these Defendants' conduct under Government Code §815.2; and said conduct is not immunized, including by Government Code §820.21.

79. These Defendants intended to cause, or acted in reckless disregard of causing, physical and emotional distress when they engaged in such conduct, which they knew not to be true and proper.

80. As a legal result of Defendants' tortious conduct, Plaintiffs, and each of them, suffered physical and emotional distress, including, but not limited to, fright, nervousness, anxiety, worry, mortification, shock, humiliation and indignity to an extent and in an amount subject to proof at trial.

81. All individual Defendants, and Does 1 through 20, Inclusive, knowingly and willfully acted with malice and oppression and with the intent to harm Plaintiffs in a despicable manner. Therefore, Plaintiffs are entitled to an award of punitive damages for the purpose of punishing these individual Defendants and to deter them and others from such conduction in the future.

## IX.    CHARGING ALLEGATIONS: VIOLATION OF STATE CIVIL RIGHTS
### (CIVIL CODE §43)
### COUNT 6
### (ALL DEFENDANT'S)

82. All prior paragraphs 1-82 are re-alleged and incorporated as if set forth herein.

83. Defendants were at all times relevant to this Claim the judge, conductor, organizer, host, chain of command, authority, supervisor, conspirator and perpetrator at which alleged events happened.

84. All Defendants, and Does 1 through 20, Inclusive, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California and federal law, including as to proceedings described in California Government Code § 820.21(a), and, including, but not limited to, the required compliance to California Welfare and Institutions Code Sections:

-290.1 (regarding the requirements when taking a child into custody and immediately filing a petition including as to the requirements in *Mabe v. San Bernardino County, Dept. Of Pub. Servs.* (9th Cir. 2001) 237 F.3d 1101, 1107);

-300 (including regarding the disruption of or intrusion into family life);

-305 (regarding conditions allowing temporary custody without warrant);

-306 (including regarding the conditions in which to take, and maintain, custody of a minor without a warrant to remove);

-307 (including regarding required notice to parents and giving preference to alternatives which least interfere with MS. SCHAUPP'S custody of the minor(s));

-307.4 and 308 (regarding providing immediate notice to parents and other certain rights);

-309 (including regarding the conditions required to investigate the facts and circumstances of a minor taken into custody and when to release said minor to the custody of his parent or guardian, or to temporarily place the minors);

-311 (regarding the requirements of filing a petition pursuant to the requirements of section 332);

-319 (including regarding the requirements of filing a court report regarding why a minor has been removed and the need for continued detention);

-324.5 (regarding medical procedures of a child in protective custody), and including as required in *Wallis v. Spencer* (9th Cir. 2000) 202 F.3d 1126; and

-332 (regarding the filing and contents of a petition).

85. To the extent not separately responsible, Defendant COUNTY is vicariously responsible for these Defendants' conduct under Government Code §815.2; and said conduct is not immunized, including by Government Code §820.21.

86. As a result of the conduct of said Defendants, and each of them, as adopted and incorporated by paragraphs previously set forth herein, Defendants and each of them, violated Plaintiffs' personal and civil rights, including the right of protection from unwarranted and unlawful seizure, bodily restraint or harm, from personal and physical insult and violation, from defamation and from injury to personal relation, as set forth in California Civil Code §43, including by, but not limited to, by interfering, by threats, intimidation, or coercion, or attempts thereto, in the exercise and enjoyment of Plaintiffs' rights secured by the United States Constitution, other Federal laws, and the Constitution and laws of the State of California

(conduct not immunized by California's Government Code § 820.21 and federal law), under color of law and by the use of fabrication of evidence, failure to disclose exculpatory evidence, and by obtaining and/or attempting to obtain, evidence and testimony by duress, fraud and undue Influence. (Pursuant to *Venegas v. County of Los Angeles* (2004) 32 Cal. 4th 820, Plaintiffs are not required to make a showing of discriminatory intent or show that they are members of a protected classification to exercise these rights).

87. The acts of Defendants that are previously alleged in this Complaint, and incorporated by the references herein to the extent applicable, interfered, or attempted to interfere, with the exercise of Plaintiffs' personal and civil rights under the laws and Constitution of the State of California, including the Plaintiffs' rights of privacy and those rights under Civil Code § 43, as well as the laws and the Constitution of the United States, as stated herein.

88. As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiffs have suffered and will continue to suffer damages, including but not limited to, great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.

89. These violations of the Plaintiffs' personal and civil rights by Defendants, and Does 1 through 50, Inclusive, and each of them, are protected and guaranteed by California Civil Code § 52.1 entitling Plaintiffs to damages and relief, including damages under California Civil Code § 52, other equitable relief, punitive damages, injunctive relief, statutory civil penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees, (pursuant to CC § 52.1(h)), all of which are requested herein.

90. In doing the acts alleged in this Complaint, Defendants, and each of them, knew or should have known, that their actions were likely, or would, to injure and damage Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the individual Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said individual Defendants.

//

### X.    CHARGING ALLEGATIONS: VIOLATION OF STATE CIVIL RIGHTS
### (CIVIL CODE §52.1)
### COUNT 7
### (ALL DEFENDANT'S)

91. All prior paragraphs 1-91 are re-alleged and incorporated as if set forth herein.

92. Defendants were at all times relevant to this Claim the conductor, organizer, host, chain of command, authority, supervisor, conspirator and perpetrator at which alleged events happened.

93. All Individual Defendants, and Does 1 through 20, Inclusive, are individuals who were acting under color of law in conducting an investigation and proceedings pursuant to California law, including as to proceedings described in Government Code § 820.21(a).

94. To the extent not separately responsible, Defendant COUNTY, et al., is vicariously responsible for these Defendants' conduct under Government Code § 815.2; and said conduct is not immunized, including by Government Code §820.21.

95. As a result of the conduct of said individual Defendants, and Does 1 through 20, Inclusive, as adopted and incorporated by paragraphs previously set forth herein, Defendants and each of them, have violated Plaintiffs' rights by interfering with Plaintiffs' rights by threats, intimidation, or coercion, or attempts thereto, including to force Plaintiffs to conform to their demands, and in retaliation of Plaintiffs' exercise of their rights, causing the violation and interference with the exercise or enjoyment of Plaintiffs' rights secured by the laws and Constitution of the United States, and the Constitution and laws of the State of California, including by using fabricated evidence, failure to enforce orders, failure to disclose exculpatory evidence, and by obtaining and/or attempting to obtain, evidence and testimony by duress, fraud and undue influence, in juvenile dependency investigations and proceedings.

96. As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiffs have suffered and will continue to suffer damages, including great emotional and psychological distress, humiliation and mental anguish, the nature and amount of which will be shown according to proof at trial.

97. These violations of the Plaintiffs' rights by Defendants, and Does 1 through 20, Inclusive, and each of them, are guaranteed and protected by Civil Code §52.1 entitling

Plaintiffs to damages and relief, including compensatory and punitive damages, other equitable relief, injunctive relief, statutory civil penalty (including $25,000.00 as to each individual Defendant) and attorneys' fees, all of which are requested herein.

98.  In doing the acts alleged in this Complaint, Defendants, and each of them, knew or should have known, that their actions were likely, or would, to injure and damage Plaintiffs, and Plaintiffs are informed and believe, and thereon allege, that the individual Defendants, and each of them, intended to cause injury and damage to Plaintiffs, and/or acted with a willful and conscious disregard of Plaintiffs' rights, thus entitling Plaintiffs to recover punitive damages as against said individual Defendants.

## XI.    CHARGING ALLEGATIONS: EXTRINSIC FRAUD
### COUNT 8
### (ALL DEFENDANT'S)

99.  All prior paragraphs 1-99 are re-alleged and incorporated as if set forth herein.

100.  Defendants were at all times relevant to this Claim the commissioner, judge, conductor, organizer, host, chain of command, authority, supervisor, conspirator and perpetrator at which alleged events happened.

102.  All Individual Defendants, and Does 1 through 20, Inclusive, are individuals who were acting under color of law while engaged in extrinsic fraud to retaliate against Plaintiff MS. SCHAUPP, knowing that MS. SCHAUPP would continue to fight for her children's safety would have to keep paying unlawful court fees and/or lawyer fees. Defendants knew that MS. SCHAUPP is financially compensated well as a registered nurse. Defendants knew that they could coerce MS. SCHAUPP into draining her 401k retirement to pay for unlawful legal fees, which Government Code §815.2 and Civil Code §§ 1708, 1714, expressly prevents.

103.  Defendants knew that by using deceptive tactics to silence and smear MS. SCHAUPP that they could use her children as strategic tools against MS. SCHAUPP for their own benefits. Plaintiffs have suffered severe irreparable and bodily injury from Defendant's outrageous and reckless conduct that the Constitution(s) were designed to prevent. "It is the duty of all officials whether legislative, judicial, executive, administrative or ministerial to so perform every official act as not to violate constitutional provisions." *Williamson v. U.S. Dept. of Ag.*, 815 F. 2d. 369; ACLU Foundation v. Barr, 952 F. 2d. 457, 293 U.S. App. DC 101, (CA DC 1991).

104. WHEREFORE, Plaintiffs are entitled to all legal remedies provided by law, including but not limited to actual damages, exemplary damages, Declatory awards, prejudgment interest, costs, and a permanent injunction enjoying Defendants from violating Plaintiffs Fourteenth Amendment of the U.S. Constitution and Cal. Cons. Art. I § 26; including and not limited to §§ 13, 19 rights.

## XII.    PRAYER FOR RELIEF; DECLETORY RELIEF; INJUNCTIVE RELIEF

105. The effect of Defendant's actions disparages, denies and prejudices substantive natural and constitutional rights including but not limited to association, suppression, contracting, due process, prejudices substantive rights, extrinsic fraud, racketeering and perjury. Defendants are guilty of malice, fraud, oppression, as defined in California Civil Code § 3294, and Defendant's actions were malicious and done willfully, in conscious disregard of the rights and safety of Plaintiff's, California Civil Code § 1708, in that the actions were calculated to injure Plaintiff's directly and indirectly. As such, each Plaintiff is entitled to recover, in addition to actual damages, punitive damages, to punish Defendants, by a jury, and deter future misconduct;

      A. For actual damages according to proof;

      B. For compensatory damages as permitted by law;

      C. For consequential damages as permitted by law;

      D. For statutory damages as permitted by law;

      E. For punitive damages as permitted by law;

      F. For restitution relief as permitted by law;

      G. For interest as permitted by law;

      H. For Declaratory Relief;

      I. For reputation damages as permitted by law;

      J. For reasonable fees and costs; and

      K. For such other relief as is just and proper.

106. California State and Federal statutes, case law and Common Law support $500,000,000.00 in compensation for damages.

107. Plaintiff's respectfully demand injunctive relief or restraining order placing minor children back into mother's care/custody to stop irreparable injury to minor children.

Dated: August 24, 2020

Respectfully Submitted,

Carolyn Schaupp, Plaintiff
Self-Represented

Carolyn Schaupp, Sr., Plaintiff
Self-Represented

Carolyn Schaupp, Representative
for minor children and Plaintiffs,
D.S. and L.S. and P.I.

Plaintiff's Verified Complaint          Page 24 of 24

# **EXHIBIT 1**

(DEFENDANT, CRISTININA MAGANA'S PERJURED DECLARATION)

1  BIRGIT A. FLADAGER
   District Attorney
2  Stanislaus County
   832 12th Street, Suite 300
3  P.O. Box 442
   Modesto, CA 95353
4  Telephone: (209) 525-5550

5  Appearing pursuant to Family Code sections 3130 et seq. and 3455

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF STANISLAUS

10
   DA No. CAU 9901/ Intake No. 935710        CASE NO.: 688253
11
   CAROLYN HOPE SCHAUPP                      DECLARATION OF
12         (DOB: 05/20/1985)                 INVESTIGATOR CRISTINA
       vs.                                   MAGANA
13
   FRANK JAMES SOUSA
14         (DOB: 08/03/1966)

15

16       **DECLARATION OF INVESTIGATOR CRISTINA MAGANA**

17       I, Cristina Magana, an Investigator with the Stanislaus County Office of the District

18  Attorney assigned to the Child Abduction Unit, do hereby declare:

19       Carolyn Hope Schaupp has been in contact with the Stanislaus County District

20  Attorney's Office since November of 2019. Schaupp was alleging that her minor children,

21  Destiny Grace Sousa (DOB: 06/16/2007) and Lincoln James Sousa (DOB: 04/30/2012) had

22  been concealed from her since January of 2016. She has felt that the Stanislaus County Court,

23  Judge Jack Jacobson, Kim Mallock, Kim Underwood, and Sandra Lucas have all retaliated

24  against her and their actions of concealing her children have been done with intent.

25       Schaupp over the course of several months has advised me she has filed complaints with

26  the Judicial Committee as well as the Attorney General's Office and has spoken at the Board of

27

28

                                  1

                DECLARATION OF INVESTIGATOR MAGANA

1  Supervisor meetings regarding her case. Schaupp states that she trying to protect her children

2  from further abuse and neglect from their Father, Frank James Sousa (DOB: 08/03/1966).

3       On February 1, 2020 Schaupp requested that our office assist her in filing paperwork at

4  the Stanislaus County Courthouse because she had not seen her children since January 7th, 2018.

5  I called Schaupp back and advised her that we do not assist with civil legal matters and she

6  should try retaining an attorney. Schaupp initially said all of the attorneys in Stanislaus County

7  are in collusion with the Judges and she could no longer afford an attorney because she has been

8  paying $2,000.00 in child support to Sousa. She stated she would be filing herself and would be

9  representing herself in court. I advised her that I could assist with locating and serving Sousa

10  once she had all the proper documents with an upcoming hearing date.

11       Schaupp also stated during a phone conversation that she would be contacting the

12  Modesto Police Department to file a police report regarding a couple of child abuse allegations

13  she had, specifically sexual abuse against her daughter, Destiny, and child neglect against her

14  son, Lincoln. She stated her daughter was sexually abused and she was certain it occurred, and

15  her son had to have several of his teeth extracted due to poor dental hygiene. Schaupp is

16  extremely concerned for her children and believes they are not safe with Sousa and they need to

17  be with her, in her custody. Schaupp provided an explanation of benefits from her BlueCross

18  BlueShield of Texas for a surgery that her son, Lincoln, had to undergo on May 28, 2019. She

19  also provided the clinical notes dated April 22, 2019, which read that a 6-year-old male

20  presented with father for a new patient exam. In the notes it stated the patient would need

21  sedation. Per the Father the child had no toothaches or pain. The Dentist tried to explain

22  treatment with the father, but the father was rushing to get out of the office and did not want to

23  listen to the treatment plan needed. **EXPLANATION OF BENEFITS, EXHIBIT A**

24       On February 18, 2020, Schaupp came to our office and completed a questionnaire with

25  our Child Abduction Unit. She provided all the documents that need to be served on Sousa for

26  an upcoming court hearing of March 17, 2020 at 0900 hours per a minute order from Judge Jack

27  M. Jacobson's court room. All order requests were denied until the court hearing.

28

1         On February 27, 2020, I drove by 1405 Del Mar Avenue in Modesto, CA to see if there

2   was anyone living at the residence.  I did not contact anyone at the home and took note of the

3   vehicles that were parked in the driveway and in front of the house.  There were three cars

4   parked at the mentioned location and found that one vehicle belonged to Frank Sousa, one was

5   registered to Gateway Automotive (Frank's business), and the third was registered to an

6   Amanda M. Hernandez at 1405 Del Mar Avenue in Modesto, CA.

7         On February 28, 2020, I confirmed that both minor children were attending schools in

8   the Modesto area and no attendance issues were noted.

9         On February 28, 2020, I further learned that Sousa had been a victim of domestic

10   violence on February 22, 2020, under Modesto Police Department report # MP20005454.  His

11   live-in girlfriend, Amanda Marie Pratt Majesky aka: Hernandez (DOB: 11/01/1983) was

12   arrested for 243 ( E ) (1) PC, misdemeanor battery on cohabitating partner; it was also noted that

13   Amanda was intoxicated when contacted.  The minor child, Destiny, was mentioned in the

14   police report as having been a witness to Amanda pushing Sousa with both hands after arguing.

15   Officers on scene located a Mossberg 590 shotgun laying on the floor of Sousa's bedroom that

16   contained one round in the chamber and one round in the tube.  Amanda had stated she owned a

17   safe and Sousa had taken her keys to the safe.  Amanda led officers to an add-on room in the

18   house where she moved clothing around on a couch to show them where a Glock 17 pistol was

19   located.  This gun was unloaded, and Amanda stated she had located it on the kitchen counter

20   and hid it to keep it from being used.  A third gun, Walther P22 pistol was also located

21   underneath some clothes on the counter in Amanda's bedroom.  Destiny stated she did not see

22   who removed the guns from the safe.  It should be noted that all firearms were taken by the

23   Modesto Police Department for safekeeping and Amanda was arrested and booked at the

24   Stanislaus County Jail.

25         The officer also mentioned in his report that he recalled having gone to the same location

26   on February 8, 2020, and he learned that Amanda was a recovering alcoholic and had recently

27   started drinking again.  **MP20005454 is attached, EXHIBIT B**

28

1         On February 28, 2020, I submitted a fax to the Modesto Police Department for any other

2   calls for service at 1405 Del Mar Avenue in Modesto, CA., pertaining to Sousa and/or the safety

3   of the minor children.

4         On February 28, 2020, at approximately 1630 hours Investigator Gerard Hilgart and I

5   went to 1405 Del Mar Avenue in Modesto, CA to contact Frank Sousa and conduct a security

6   check of the minor children.  Frank Sousa and his daughter, Destiny, were standing at the door

7   trying out an air soft gun and appeared to be having a good time.  Frank Sousa was contacted,

8   and he invited us inside his home.  I advised him why we were there, and he stated he was

9   aware that Carolyn was going to try to serve him with new paperwork.  He stated his attorney

10   was already aware.  I provided Frank with the documents that Carolyn recently filed at the

11   Stanislaus County Superior Court and told him I was there to personally serve him.  Frank took

12   all the documents and thanked me.  I asked Frank where his son, Lincoln, was at and he stated

13   he had gone to the ranch with his grandparents for the weekend.  He stated the children love

14   going to the ranch because they get a chance to be out and ride their dirt bikes.  I asked Frank if

15   I could speak with Destiny alone for a moment and he agreed and left Destiny and I alone in the

16   backroom.

17         I spoke with Destiny and advised her I wanted to know how she was doing living with

18   her father.  She told me she was happy and was excited for her dad's new girlfriend and children

19   to move in with them.  I asked her if she missed her mother and if she would like to see her

20   again.  She stated she hadn't seen her mother in a long time and didn't really want to.  I asked

21   her why and she said the following, "She's crazy and I think she's bipolar."  I asked her why she

22   described her mother to be that way and she stated, "because she can't handle her emotions and

23   she always badgers me when she sees me."  I asked her about the sexual abuse allegations that

24   her Mother claims she is a victim of.  Destiny stated her mother wants to hurt her dad any way

25   she can and that was why her mother made those allegations.  I asked Destiny if she had ever

26   been sexually abused by anyone and she stated no.  She said if she was ever a victim, she would

27   tell someone to get help.

28

4

1         Destiny told me that the last visitation she had with her Mother; the visitation had to

2    end early because her Mother made her cry when she started talking bad about her dad's

3    girlfriend; at the time. She said on another occasion her Mother took her cell phone and begun

4    to look through it trying to find something that she could use against her dad. She also stated

5    that her Mother has hurt her a lot and has lashed out at her when she gets upset. Destiny

6    recalled having a Barbie collection that her grandmother had given her throughout the years and

7    one day her Mother became upset and sold them all in a garage sale.

8         Destiny also spoke of a time when her Mother grabbed her by the hair and pulled her

9    head into her fists because she was upset that Destiny did not want to wear what she wanted her

10   to. Destiny stated, "She has hurt me a lot." I asked Destiny about Lincoln and she said he

11   sometimes asks to see their mother but says he wants to continue living with their dad.

12        I ended my conversation with Destiny and advised Frank that I would be completing a

13   proof of service and submitting it to the courts. Frank stated he felt bad that Carolyn was

14   wasting everyone's time and going around to every county agency looking for someone who

15   will listen to her and say how bad Stanislaus County is. Frank said Carolyn has a history of

16   getting upset when she doesn't get what she wants and there's no getting her to calm down.

17        I asked Frank what he recalled regarding Lincoln's dental procedure that he had to

18   undergo. He stated he took him to the dentist and the issues that were present were immediately

19   resolved by the Dentist and is doing fine now.

20        I left Frank's home and signed and dated the proof of personal service on February 28,

21   2020.

22

23   No further information currently.

24   ////////////////////////

25   ////////////////////////

26   ////////////////////////

27   ////////////////////////

28   ////////////////////////

1    I declare under penalty of perjury that I have read this declaration and know the contents

2  thereof, and that same is true of my knowledge, except as to matters, which are therein, stated

3  upon my information and belief and as to those matters, I believe it to be true.

4    Dated at Modesto, California, this 3rd day of March 2020.

Cristina Magaña, Investigator
Stanislaus County
Office of the District Attorney

6

# EXHIBIT 2

(DEFENDANT, IZZO'S PERJURED PETITION FOR CUSTODY)

(DEFENDANT DA'S PROTECTIVE ORDER AGAINST IZZO)

(DEFENDANT SOUZA'S CRIMINAL RECORD)

DocuSign Envelope ID: CCC4BADB-51DD-4A8F-AFDE-F4CCEDE60C2C

**FL-200**

| PARTY WITHOUT ATTORNEY OR ATTORNEY                STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME: Charles A. Stoner/Thomas P. Hogan 288174/95055 | FILED |
| FIRM NAME: The Law Office of Thomas P. Hogan, Esq. | |
| STREET ADDRESS: 1207 13th Street, Suite 1 | 20 JUL 20  AM 8: 49 |
| CITY: Modesto    STATE: CA ZIP CODE: 95354 | CLERK OF THE SUPERIOR COURT |
| TELEPHONE NO.: (209) 492-9335    FAX NO.: (209) 492-9356 | COUNTY OF STANISLAUS |
| E-MAIL ADDRESS: charles@tomhoganlaw.com | BY _____ |
| ATTORNEY FOR (name): Edward Izzo | _____ DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Stanislaus |
|---|
| STREET ADDRESS: 800 11th Street |
| MAILING ADDRESS: P.O. Box 1098 |
| CITY AND ZIP CODE: Modesto, CA 95354 |
| BRANCH NAME: Family Law |

| PETITIONER: Edward Izzo |
|---|
| RESPONDENT: Carolyn Hope Schaupp |

| PETITION TO DETERMINE PARENTAL RELATIONSHIP | CASE NUMBER: FL2000l695 |
|---|---|

1. The petitioner
   a. ☐ gave birth to the children listed in item 2.
   b. ☑ wants to be determined as a parent of the children in item 2 because *(specify):*
      I signed a voulentary declaration at the time our daughter was born.
   c. ☐ wants to be determined as <u>not</u> a parent of the children listed in item 2 because *(specify):*

   d. ☐ is the child or the child's personal representative *(specify court and date of appointment):*
   e. ☐ Other *(specify):*

2. The children are
   a. <u>Child's name</u>                              <u>Birthdate</u>              <u>Age</u>
      Penelope Jolee Izzo                          01/30/2017            3

   b. ☐ a child who is not yet born.

3. The court has jurisdiction over the respondent because the respondent:
   a. ☑ lives in this state.
   b. ☐ had sexual intercourse in this state, which resulted in conception of the children listed in item 2.
   c. ☐ Other *(specify):*

4. The action is brought in this county because *(you must check one or more to file in this county):*
   a. ☑ the children live or are found in this county.
   b. ☐ a parent is deceased and proceedings for administration of the estate have been or could be started in this county.

5. Petitioner claims *(check all that apply):*
   a. ☑ respondent is the parent of the children listed in item 2 above.
   b. ☐ parentage has been determined by a voluntary declaration of parentage or paternity. *(Attach a copy if available.)*
   c. ☐ respondent is the children's parent and has failed to support the children.
   d. ☐ *(name):*                                           has furnished or is furnishing the following reasonable expenses
      of pregnancy and birth for which the respondent as parent of the children should pay:
      Amount                    Payable to                  For *(specify):*

   e. ☐ public assistance is being provided to the children.
   f. ☐ Other *(specify):*

6. A completed *Declaration Under Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)* (form FL-105) is attached.

Page 1 of 2

DocuSign Envelope ID: CCC4BADB-51DD-4A8F-AFDE-F4CCEDE60C2C

**FL-105/GC-120**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| — Charles A. Stoner/Thomas P. Hogan 288174/95055<br>The Law Office of Thomas P. Hogan, Esq.<br>1207 13th Street, Suite 1<br>Modesto, CA 95354<br>TELEPHONE NO.: (209) 492-9335     FAX NO. *(Optional)*:(209) 492-9356<br>E-MAIL ADDRESS *(Optional)*:charles@tomhoganlaw.com<br>ATTORNEY FOR *(Name)*: Edward Izzo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Stanislaus
STREET ADDRESS: 800 11th Street
MAILING ADDRESS: P.O. Box 1098
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: Family Law

| *(This section applies only to family law cases.)* | CASE NUMBER: |
|---|---|
| PETITIONER: Edward Izzo<br>RESPONDENT: Carolyn Hope Schaupp<br>OTHER PARTY: | |
| *(This section applies only to guardianship cases.)*<br>GUARDIANSHIP OF *(Name)*:                                          Minor | **FL20001695** |
| **DECLARATION UNDER UNIFORM CHILD CUSTODY<br>JURISDICTION AND ENFORCEMENT ACT (UCCJEA)** | |

1. I am a party to this proceeding to determine custody of a child.
2. ☐ My present address and the present address of each child residing with me is confidential under Family Code section 3429 as I have indicated in item 3.
3. There are *(specify number)*: One                 minor children who are subject to this proceeding, as follows:
   *(Insert the information requested below. The residence information must be given for the last FIVE years.)*

| a. Child's name<br>Penelope Jolee Izzo | | Place of birth<br>Modesto, Ca | Date of birth<br>01/30/2017 | Sex<br>F |
|---|---|---|---|---|
| Period of residence<br>06/15/2020<br>to present | Address<br>416 Pedersen Road, Unit B, Oakdale<br>☐ Confidential | Person child lived with *(name and complete current address)*<br>Carolyn Hope Schaupp<br>☐ Confidential | | Relationship<br>Mother |
| 10/2018<br>to 06/15/2020 | Child's residence *(City, State)*<br>416 Pedersen Road, Unit B, Oakdale | Person child lived with *(name and complete current address)*<br>Carolyn Hope Schaupp<br>Edward Izzo | | Parents |
| Birth<br>to 10/2018 | Child's residence *(City, State)*<br>Modesto, CA | Person child lived with *(name and complete current address)*<br>Carolyn Hope Schaupp<br>Edward Izzo | | Parents |
| to | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | | |

| b. Child's name<br><br>☐ Residence information is the same as given above for child a.<br>*(If NOT the same, provide the information below.)* | | Place of birth | Date of birth | Sex |
|---|---|---|---|---|
| Period of residence<br>to present | Address<br>☐ Confidential | Person child lived with *(name and complete current address)*<br>☐ Confidential | | Relationship |
| to | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | | |
| to | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | | |
| to | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | | |

c. ☐ Additional residence information for a child listed in item a or b is continued on attachment 3c.

Sign Envelope ID: CCC4BADB-51DD-4A8F-AFDE-F4CCEDE60C2C

**FL-105/GC-120**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| Izzo v. Schaupp | | FL 2 0 0 0 1 6 9 5 |

4. Do you have information about, or have you participated as a party or as a witness or in some other capacity in, another court case or custody or visitation proceeding, in California or elsewhere, concerning a child subject to this proceeding?
☐ Yes ☑ No   *(If yes, attach a copy of the orders (if you have one) and provide the following information):*

| Proceeding | Case number | Court (name, state, location) | Court order or judgment (date) | Name of each child | Your connection to the case | Case status |
|---|---|---|---|---|---|---|
| a. ☐ Family | | | | | | |
| b. ☐ Guardianship | | | | | | |
| c. ☐ Other | | | | | | |

| Proceeding | Case Number | Court (name, state, location) |
|---|---|---|
| d. ☐ Juvenile Delinquency/ Juvenile Dependency | | |
| e. ☐ Adoption | | |

5. ☐ One or more domestic violence restraining/protective orders are now in effect. *(Attach a copy of the orders if you have one and provide the following information):*

| Court | County | State | Case number (if known) | Orders expire (date) |
|---|---|---|---|---|
| a. ☐ Criminal | | | | |
| b. ☐ Family | | | | |
| c. ☐ Juvenile Delinquency/ Juvenile Dependency | | | | |
| d. ☐ Other | | | | |

6. Do you know of any person who is not a party to this proceeding who has physical custody or claims to have custody of or visitation rights with any child in this case?   ☐ Yes ☑ No   *(If yes, provide the following information):*

| a. Name and address of person | b. Name and address of person | c. Name and address of person |
|---|---|---|
| ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights<br>Name of each child | ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights<br>Name of each child | ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights<br>Name of each child |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:  7/18/2020

Edward Izzo

(TYPE OR PRINT NAME)         (SIGNATURE OF DECLARANT)

7. ☐ Number of pages attached: _____

NOTICE TO DECLARANT: You have a continuing duty to inform this court if you obtain any information about a custody proceeding in a California court or any other court concerning a child subject to this proceeding.

DocuSign Envelope ID: CCC4BADB-51DD-4A8F-AFDE-F4CCEDE60C2C

**FL-200**

| PETITIONER: Edward Izzo | CASE NUMBER: FL20001695 |
|---|---|
| RESPONDENT: Carolyn Hope Schaupp | |

Petitioner asks the court to make the determinations indicated below.

7. **PARENT-CHILD RELATIONSHIP** (check all that apply):
   a. ☑ Petitioner  ☑ Respondent  is the parent of the children listed in item 2.
   b. ☐ Petitioner  ☐ Respondent  is not the parent of the children listed in item 2.
   c. ☐ Petitioner requests genetic testing to determine whether the  ☐ Petitioner  ☐ Respondent  is the parent of the children listed in item 2.

8. **CHILD CUSTODY AND VISITATION (PARENTING TIME)**
   a. If ☑ Petitioner  ☐ Respondent  is found to be the parent of the children listed in item 2.

   |  | Petitioner | Respondent | Joint | Other |
   |---|---|---|---|---|
   | b. Legal custody of children to ................................................ | ☑ | ☐ | ☐ | ☐ |
   | c. Physical custody of children to ........................................... | ☑ | ☐ | ☐ | ☐ |
   | d. Child visitation (parenting time) be granted to ...................... | ☐ | ☑ | | ☑ |

   As requested in  ☐ form FL-311  ☐ form FL-312  ☐ form FL-341(C)
   ☐ form FL-341(D)  ☐ form FL-341(E)  ☐ Attachment 6c(1)

   e. The facts in support of the requested custody and visitation (parenting time) orders are (specify):
      ☐ Contained in the attached declaration.

9. **REASONABLE EXPENSES OF PREGNANCY AND BIRTH**

   |  | Petitioner | Respondent | Joint |
   |---|---|---|---|
   | Reasonable expenses of pregnancy and birth to be paid by as follows: | ☐ | ☐ | ☐ |

10. **FEES AND COSTS OF LITIGATION**

    |  | Petitioner | Respondent | Joint |
    |---|---|---|---|
    | a. Attorney fees to be paid by | ☐ | ☐ | ☐ |
    | b. Expert fees, guardian ad litem fees, and other costs of the action or pretrial proceedings to be paid by | ☐ | ☐ | ☐ |

11. **NAME CHANGE**
    ☐ Children's names be changed, according to Family Code section 7638, as follows (specify old and new names):

12. **CHILD SUPPORT**
    The court may make orders for support of the children and issue an earnings assignment without further notice to either party.

13. ☐ **OTHER ORDERS REQUESTED** (specify):

14. I have read the restraining order on the back of the Summons (FL-210) and I understand it applies to me when this Petition is filed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/18/2020

Edward Izzo
_____
(TYPE OR PRINT NAME)

► DocuSigned by: [signature] F5687B82AC17475...
_____
(SIGNATURE OF PETITIONER)

A blank Response to Petition to Establish Parental Relationship (form FL-220) must be served on the respondent with this petition.

**NOTICE:** If you have a child from this relationship, the court is required to order child support based upon the income of both parents. Support normally continues until the child is 18. You should supply the court with information about your finances. Otherwise, the child support order will be based upon information supplied by the other parent. Any party required to pay child support must pay interest on overdue amounts at the "legal" rate, which is currently 10 percent.



## Office of the District Attorney
## Stanislaus County

**Birgit Fladager**
**District Attorney**

Assistant District Attorney
David P. Harris

**Chief Deputies**
Annette Rees
Douglas K. Raynaud
Marlisa Ferreira
Stephen R. Robinson

**Bureau of Investigation**
Lt. David Hutchinson
Lt. Froilan Mariscal

October 12, 2018

Parent/Guardian of Penelope Izzo
416 Pedersen Rd #b
Oakdale, CA 95361

RE:  People vs. Edward Louis Izzo
RE:  DA CASE # CR-18-007134

Dear Parent/Guardian of Penelope Izzo:

The District Attorney's Office would like to inform you that on 10/09/2018 defendant Edward Louis Izzo was sentenced to serve 90 days in jail, given 4 years probation and is not to harm nor harass you in any way by order of a criminal protective order.

The defendant will serve only a portion of the actual days ordered as a result of mandatory good/work time credits and that time may be further reduced as a result of jail overcrowding. In addition, inmates may be released from jail into electronic monitoring or other programs at the discretion of the sheriff's office. Enclosed is a VINE system brochure with information on how to register to be notified when an inmate is released from custody.

If defendant should violate the no harm no harass order, we recommend you call your local law enforcement agency to report the violation. Always call 911 if you are in immediate danger.

If any personal property was needed as evidence and has not yet been returned to you, you may contact the Ceres Police Department at (209) 538-5744 to request that your property be returned.

If you have any questions concerning this case, please contact me.

Very truly yours,

VICTIM SERVICES PROGRAM
(209) 525-5541

CRES

CR-160

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 800 Eleventh Street, Room 140<br>MAILING ADDRESS: P.O. Box 1098<br>CITY AND ZIP CODE: Modesto, CA 95353<br>BRANCH NAME: Modesto Division | FILED<br>OCT 09 2018<br>CLERK OF THE SUPERIOR COURT<br>COUNTY OF STANISLAUS<br>BY _____ DEPUTY |

**PEOPLE OF THE STATE OF CALIFORNIA**

vs.

DEFENDANT: *Edward Louis 1220*

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS - CPO)** (Pen. Code, §§ 136.2, 1203.097(a)(2),
136.2(i)(1), 273.5(j), 368(l), and 646.9(k))

☐ ORDER UNDER PENAL CODE, § 136.2    ☐ MODIFICATION
☑ PROBATION CONDITION ORDER (Pen. Code, § 1203.097)
ORDER UNDER: ☐ PENAL CODE, § 136.2(i)(1)   ☐ PENAL CODE, § 273.5(j)
☐ PENAL CODE, § 368(l)   ☐ PENAL CODE, § 646.9(k)

| CASE NUMBER: |
|---|
| *CR-18-007134* |

**This Order May Take Precedence Over Other Conflicting Orders; See Item 4 on Page 2.**

PERSON TO BE RESTRAINED (complete name): *Edward Louis 1220*

Sex: ☑ M ☐ F  Ht: *5'10*  Wt: *190*  Hair color: *Blk*  Eye color: *Brn*  Race: *W*  Age: *34*  Date of birth: *3-15-84*

1. This proceeding was heard on (date): *10-09-18* at (time): *830* in Dept.: *8* Room: ___
   by judicial officer (name): *Honorable Ricardo Cordova*

2. This order expires on (date): ___. If no date is listed, this order expires three years from date of issuance.

3. ☑ Defendant was personally served with a copy of this order at the court hearing, and no additional proof of service of this order is required.

4. FULL NAME, AGE, AND GENDER OF EACH PROTECTED PERSON:
   *Penelope 1220, 1 year, 01-30-17, F.*

5. ☐ For good cause shown, the court grants the protected persons named above the exclusive care, possession, and control of the following animals:

6. ☐ The court has information that the defendant owns or has a firearm or ammunition, or both.

**GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT**

7. ☑ must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.

8. ☐ must not own, possess, buy or try to buy, receive or try to receive, or otherwise obtain a firearm or ammunition. The defendant must surrender to local law enforcement, or sell to or store with a licensed gun dealer any firearm owned by the defendant or subject to his or her immediate possession or control within 24 hours after service of this order and must file a receipt with the court showing compliance with this order within 48 hours of receiving this order.
   ☐ The court finds good cause to believe that the defendant has a firearm within his or her immediate possession or control and sets a review hearing for (date): ___ to ascertain whether the defendant has complied with the firearm relinquishment requirements of Code Civ. Proc., § 527.9. (Cal. Rules of Court, rule 4.700.)
   ☐ The court has made the necessary findings and applies the firearm relinquishment exemption under Code Civ. Proc., § 527.9(f).The defendant is not required to relinquish this firearm (specify make, model, and serial number of firearm):

9. ☐ must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.

10. ☐ must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise. ☐ The court finds good cause not to make the order in item 10.

11. ☐ must be placed on electronic monitoring for (specify length of time): ___. (Not to exceed 1 year from the date of this order. Pen. Code, § 136.2(a)(1)(G)(iv) and Pen. Code, § 136.2(i)(2).)

12. ☐ must have no personal, electronic, telephonic, or written contact with the protected persons named above.

13. ☐ must have no contact with the protected persons named above through a third party, except an attorney of record.

14. ☐ must not come within ___ yards of the protected persons and animals named above.

15. ☐ must not take, transfer, sell, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the animals described in item 5.

16. ☐ may have peaceful contact with the protected persons named above, as an exception to the "no-contact" or "stay-away" provision in item 12, 13, or 14 of this order, only for the safe exchange of children and court-ordered visitation as stated in:
    a. ☐ the Family, Juvenile, or Probate court order in case number: ___ issued on (date): ___
    b. ☐ any Family, Juvenile, or Probate court order issued after the date this order is signed.

17. ☐ The protected persons may record any prohibited communications made by the restrained person.

18. ☐ Other orders including stay-away orders from specific locations:

Executed on: *10/9/18*
(DATE)                    (SIGNATURE OF JUDICIAL OFFICER)     Department/Division: *8*

Form Adopted for Mandatory Use
Judicial Council of California
CR-160 [Rev. January 1, 2017]
Approved by Department of Justice

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS—CPO)**

Page 1 of 2

Penal Code, §§ 136.2, 166, 1203.097(a)(2),
273.5(l), 368(l), 646.9(k), and 136.2(i)(1)
www.courts.ca.gov

EPO-001   ONE copy to court, ONE copy to restrained person, ONE copy to protected person, ONE copy to issuing agency.   | LAW ENFORCEMENT CASE NUMBER: | MM7-016897

# EMERGENCY PROTECTIVE ORDER (See reverse for important notices.)

1. **PROTECTED PERSONS** (insert names of all persons protected by this Order):
   CAROLYN HOPE SCHUPP 5-70-65

2. **RESTRAINED PERSON** (name): IZZO EDWARD LOUIS
   Sex: ☑ M. ☐ F. Ht: 5-11 Wt: 207 Hair color: BRO Eye color: BLU Race: W Age: 37 Date of birth: 3-15-84

3. **TO THE RESTRAINED PERSON:**
   a. ☑ **YOU MUST NOT** harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy any personal property of, disturb the peace of, keep under surveillance, or block the movements of each person named in item 1.
   b. ☑ **YOU MUST NOT** contact, either directly or indirectly, by any means, including but not limited to by telephone, mail, e-mail or other electronic means, any person named in item 1.
   c. ☑ **YOU MUST** ☑ stay away at least 100 yards from each person named in item 1.
      ☑ stay away at least 100 yards from ☑ move out immediately from
      (address): 3400 CAREE RD #101 MODESTO CA 95357
   d. ☐ **YOU MUST NOT** own, possess, purchase, receive, or attempt to purchase or receive any firearm or ammunition. If you have any firearms, you must turn them in to a law enforcement agency or sell them to, or store them with, a licensed gun dealer.
   e. ☐ **YOU MUST NOT** take any action, directly or through others, to obtain the addresses or locations of any person named in item 1.

4. ☐ (Name): _____ is given temporary care and control of the following minor children of the parties (names and ages):

5. **THIS ORDER WILL EXPIRE AT THE CLOSE OF THE COURT BUSINESS DAY ON:** 7-24-17 MONDAY
   INSERT DATE OF FIFTH COURT DAY OR SEVENTH CALENDAR DAY, WHICHEVER IS EARLIER. DO NOT COUNT DAY THE ORDER IS GRANTED.

6. **TO THE PROTECTED PERSON:** If you need protection for a longer period of time, you must request restraining orders from the court in the county where you live.
   (Name and address of court): STANISLAUS COUNTY STATION
   If you go to court to request restraining orders, take your copy of this form with you. If a juvenile petition is pending, file in that court.

7. Reasonable grounds for the issuance of this Order exist, and an emergency protective order is necessary to prevent the occurrence or recurrence of domestic violence, child abuse, child abduction, elder or dependent adult abuse, or stalking.

8. Judicial officer (name): ISRAELS   granted this Order on (date): 7-17-17 at (time): 1440

## APPLICATION

9. The events that caused the protected person to fear immediate and present danger of domestic violence, child abuse, child abduction, elder or dependent adult abuse (except solely financial abuse), or stalking are (give facts and dates; specify weapons):
   IZZO CARROLL SCHUPP FORCEABLY BY THE RUN CAUSING VISIBLE INJURIES TO VICTIM ON SAME DATE 7-13-17 IZZO PUSHED SCHUPP FORCIBLY.

10. ☐ Firearms were: ☐ observed   ☐ reported   ☐ searched for   ☐ seized

11. ☐ The person to be protected lives with the person to be restrained and requests an order that the restrained person move out immediately from the address in item 3c.

12. ☐ The person to be protected has minor children in common with the person to be restrained, and a temporary custody order is requested because of the facts alleged in item 9. A custody order ☐ does ☐ does not exist.

By: M. MACALI Bus #13032   ▶ _____ #13032
(PRINT NAME OF LAW ENFORCEMENT OFFICER)        (SIGNATURE OF LAW ENFORCEMENT OFFICER)

Agency: MODESTO PD   Telephone No.: 484-1855   Badge No.: 13032

## PROOF OF SERVICE

13. Person served (name): IZZO EDWARD LOUIS

14. I personally delivered copies of this Order to the person served as follows: Date: 7-17-17   Time: 1415
    Address: VINA CIN DR / FLUD AVE MODESTO CA

15. At the time of service, I was at least 18 years of age and not a party to this cause. ☑ I am a California law enforcement officer.

16. My name, address, and telephone number are (this does not have to be a person's home telephone number or address):
    M. MACALI 7 N 10TH ST MOD / 209-484-1855

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 7-17-17

(TYPE OR PRINT NAME OF SERVER)   ▶ _____ #13032
                                      (SIGNATURE OF SERVER)   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California   **EMERGENCY PROTECTIVE ORDER (CLETS—EPO)**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**

Case Name: SOUSA, FRANK VS. SCHAUPP, CAROLYN

Date of Hearing: 05/06/2020    Department: 25

Case Number: 6 8 8 2 5 3    DCSS Number:

☒ Continuance
☐ Stipulation and Order
☐ Exparte
☐ Findings and Order After Hearing

Judge: WESTBROOK, KELLEE

Clerk: JAMES, GLORIA

Court Reporter: NONE

| | | |
|---|---|---|
| SOUSA , FRANK JAMES | SCHAUPP , CAROLYN HOPE | COUNTY OF STANISLAUS |
| Petitioner/Plaintiff | Respondent/Defendant | Third Party |
| LAW OFFICE OF THOMAS P HOGAN | PRO PER | DEPT OF CHILD SUPPORT SERVICES |
| Attorney for Petitioner/Plaintiff | Attorney for Respondent/Defendant | Attorney for Third Party |

Interpreter / Interpreter number
☐
☐ _____
Language _____ Present for _____
☐ Qualified, good cause to appoint, sworn
☐ Beyond time allowed

Hearing set for: 05/06/2020 at 8:30 AM    Department 25

| | | |
|---|---|---|
| Petitioner/Plaintiff | ☒ is present ☐ is not present ☒ with/by attorney: CHARLES STONER - S/A FOR HOGAN | ☐ Sworn/Testified |
| Respondent/Defendant | ☒ is present ☐ is not present ☐ with/by attorney: PRO PER | ☐ Sworn/Testified |
| Third Party | ☐ is present ☒ is not present ☐ with/by attorney: DEPT OF CHILD SUPPORT SERVICES | ☐ Sworn/Testified |

Upon Motion of ☐ Petitioner ☐ Respondent ☐ Plaintiff ☐ Defendant ☐ Third Party ☐ Court matter is continued to ☐ Retain counsel ☐ Complete financial arrangements ☒ Other: **DUE TO DECLARATION OF COVID-19 PANDEMIC**
☐ Petitioner ☐ Respondent ☐ Plaintiff ☐ Defendant ☐ Third Party ☐ Object ☐ Do not oppose
Motion is ☐ GRANTED ☐ DENIED ☐ CONTINUED ☐ DROPPED

☒ PENDING TRIAL, or until further order of this court, existing orders shall continue in effect except as modified by this order. ☒ **Existing**

☐ THE PARTIES HEREBY STIPULATE AND AGREE that as to items checked and stated below, the Court shall make the following orders:

☒ NOT PURSUANT TO STIPULATION, IT IS ORDERED BY THE COURT, that as to the items checked and stated below, the Court shall make the following orders:

☒ CONTINUANCE: This matter is continued to: 07/20/2020 at 10:30 AM In Department 14 For further hearing on (the following issues): **RO, MOD CC, CV - TEMPS DENIED**
_____
_____

☐ _____
☐ Petitioner / Plaintiff ☐ Respondent / Defendant ☐ Third Party ordered to complete online orientation program. Go to www.stanct.org prior to next court date.
☐ Petitioner / Plaintiff ☐ Respondent / Defendant ☐ Third Party are ordered to appear at the continued hearing.
☐ Petitioner / Plaintiff ☐ Respondent / Defendant ☐ Third Party ordered to file I&E Declarations _____ days before next hearing.
☐ OTHER:
_____
_____
_____

☐ Currently scheduled hearing for _____ is _____ to _____ at _____ In Department 25

FILED
5/6/2020 8:37:07 AM
Clerk of the Superior Court
County of Stanislaus
*Gloria James*

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Attorney for Petitioner/Plaintiff | Attorney for Respondent/Defendant | Attorney for Third Party |

**SIGNATURES OF PARTIES**

We have read the entire stipulation. We understand it fully and request the court to make our stipulation and agreement the court's order. We understand that willful failure to comply with the provisions of this order will be a contempt of Court and may be punished by fine and imprisonment. We waive further notice of this order.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Petitioner/Plaintiff | Respondent/Defendant | Third Party |

IT IS SO ORDERED this 06th day of May , 2020

*Kellee C. Westbrook*

**JUDGE OF THE SUPERIOR COURT**

THIS ORDER, WHEN SIGNED, IS THE FORMAL ORDER. NO FURTHER DOCUMENTS ARE NECESSARY. If the Court has decided other matters, an order covering them must be prepared.
NOTICE TO RESPONDENTS/DEFENDANTS WITHOUT COUNSEL: The signing or filing of this order, or your personal appearance in the courtroom today does not constitute a response to the original petition. A Default may be taken against the party that has not filed a response within the time required by law.
CT12-CRC

FL-105/GC-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| — Charles A. Stoner/Thomas P. Hogan 288174/95055<br>The Law Office of Thomas P. Hogan, Esq.<br>1207 13th Street, Suite 1<br>Modesto, CA 95354<br>TELEPHONE NO.: (209) 492-9335      FAX NO. *(Optional)*:(209) 492-9356<br>E-MAIL ADDRESS *(Optional)*:charles@tomhoganlaw.com<br>ATTORNEY FOR *(Name):* Edward Izzo | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Stanislaus
STREET ADDRESS: 800 11th Street
MAILING ADDRESS: P.O. Box 1098
CITY AND ZIP CODE: Modesto, CA 95354
BRANCH NAME: Family Law

*(This section applies only to family law cases.)*

PETITIONER: Edward Izzo
RESPONDENT: Carolyn Hope Schaupp
OTHER PARTY:

| *(This section applies only to guardianship cases.)* | | CASE NUMBER: |
|---|---|---|
| GUARDIANSHIP OF *(Name):* | Minor | FL20000695 |

**DECLARATION UNDER UNIFORM CHILD CUSTODY
JURISDICTION AND ENFORCEMENT ACT (UCCJEA)**

1. I am a party to this proceeding to determine custody of a child.
2. ☐  My present address and the present address of each child residing with me is confidential under Family Code section 3429 as
    I have indicated in item 3.
3. There are *(specify number):* One    minor children who are subject to this proceeding, as follows:
    *(Insert the information requested below. The residence information must be given for the last FIVE years.)*

| a.  Child's name<br>Penelope Jolee Izzo | Place of birth<br>Modesto, Ca | Date of birth<br>01/30/2017 | Sex<br>F |
|---|---|---|---|
| Period of residence<br>06/15/2020<br>to present | Address<br>416 Pedersen Road, Unit B, Oakdale<br>☐ Confidential | Person child lived with *(name and complete current address)*<br>Carolyn Hope Schaupp<br>☐ Confidential | Relationship<br>Mother |
| 10/2018<br>to 06/15/2020 | Child's residence *(City, State)*<br>416 Pedersen Road, Unit B, Oakdale | Person child lived with *(name and complete current address)*<br>Carolyn Hope Schaupp<br>Edward Izzo | Parents |
| Birth<br>to 10/2018 | Child's residence *(City, State)*<br>Modesto, CA | Person child lived with *(name and complete current address)*<br>Carolyn Hope Schaupp<br>Edward Izzo | Parents |
| to | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |

| b.  Child's name<br>☐ Residence information is the same as given above for child a.<br>*(If NOT the same, provide the information below.)* | Place of birth | Date of birth | Sex |
|---|---|---|---|
| Period of residence<br>to present | Address<br>☐ Confidential | Person child lived with *(name and complete current address)*<br>☐ Confidential | Relationship |
| to | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |
| to | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |
| to | Child's residence *(City, State)* | Person child lived with *(name and complete current address)* | |

c.  ☐  Additional residence information for a child listed in item a or b is continued on attachment 3c.
d.  ☐  Additional children are listed on form *FL-105(A)/GC-120(A).(Provide all requested information for additional children.)*    Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-105/GC-120 [Rev. January 1, 2009] | **DECLARATION UNDER UNIFORM CHILD CUSTODY<br>JURISDICTION AND ENFORCEMENT ACT (UCCJEA)** | Family Code, § 3400 et seq.;<br>Probate Code, §§ 1510(f), 1512 |
|---|---|---|

DocuSign Envelope ID: CCC4BADB-51DD-4A8F-AFDE-F4CCEDE60C2C

FL-105/GC-120

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| — Izzo v. Schaupp | FL20001695 |

**4.** Do you have information about, or have you participated as a party or as a witness or in some other capacity in, another court case or custody or visitation proceeding, in California or elsewhere, concerning a child subject to this proceeding?

☐ Yes ☑ No     *(If yes, attach a copy of the orders (if you have one) and provide the following information):*

| Proceeding | Case number | Court *(name, state, location)* | Court order or judgment *(date)* | Name of each child | Your connection to the case | Case status |
|---|---|---|---|---|---|---|
| a. ☐ Family | | | | | | |
| b. ☐ Guardianship | | | | | | |
| c. ☐ Other | | | | | | |

| Proceeding | Case Number | Court *(name, state, location)* |
|---|---|---|
| d. ☐ Juvenile Delinquency/ Juvenile Dependency | | |
| e. ☐ Adoption | | |

**5.** ☐ One or more domestic violence restraining/protective orders are now in effect. *(Attach a copy of the orders if you have one and provide the following information):*

| Court | County | State | Case number *(if known)* | Orders expire *(date)* |
|---|---|---|---|---|
| a. ☐ Criminal | | | | |
| b. ☐ Family | | | | |
| c. ☐ Juvenile Delinquency/ Juvenile Dependency | | | | |
| d. ☐ Other | | | | |

**6.** Do you know of any person who is not a party to this proceeding who has physical custody or claims to have custody of or visitation rights with any child in this case? ☐ Yes ☑ No *(If yes, provide the following information):*

| a. Name and address of person | b. Name and address of person | c. Name and address of person |
|---|---|---|
| ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights | ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights | ☐ Has physical custody<br>☐ Claims custody rights<br>☐ Claims visitation rights |
| Name of each child | Name of each child | Name of each child |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 7/18/2020

Edward Izzo
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

F5587B5ZAC17475

**7.** ☐ Number of pages attached: _____

NOTICE TO DECLARANT: You have a continuing duty to inform this court if you obtain any information about a custody proceeding in a California court or any other court concerning a child subject to this proceeding.

**DECLARATION UNDER UNIFORM CHILD CUSTODY**

# STANISLAUS COUNTY SUPERIOR COURT
## STATE OF CALIFORNIA

THE PEOPLE OF THE STATE OF CALIFORNIA,  )
                  vs.                       )

**FRANK JAMES SOUSA**  )
**AKA:  FRANCIS JAMES SOUSA**  )
(DOB: 8/3/66)  )
**(BAILED)**       **Booking No. 1319521**  )
                   DEFENDANT(S)  )     **COMPLAINT -- CRIMINAL**

No. 1455137                  )
                            )
                            )     **MPD MP13007312**

State of California  )
County of Stanislaus )  ss.

On February 22, 2013, D. Cruz, STANISLAUS COUNTY DISTRICT ATTORNEY'S OFFICE, complains and alleges, upon information and belief, that said defendant did commit the following crime in the County of Stanislaus, State of California.

On or about January 25, 2013, defendant(s) did commit a felony, POSSESSION OF A CONTROLLED SUBSTANCE, violation of Section 11350(a) of the California Health and Safety Code, in that the defendant(s) did willfully, unlawfully and feloniously have in his possession a controlled substance, to wit, **HYDROCODONE.**

WRM/dc

All of which is contrary to law in such cases made and provided, and against the peace and dignity of the People of the State of California.

Said Complaint therefore prays that a warrant be issued for the arrest of said defendant(s) and that said defendant(s) be dealt with according to law.

I certify under penalty of perjury, at Modesto, California, that the foregoing is true and correct.

Dated: _____    _____
                                         Complainant

# EXHIBIT 3

(EVIDENCE OF MINOR CHILD'S ABUSE WITH DEFENDANT SOUZA)

**Date:** 7/2/2019

# Clinical Notes

**All Dates**
**All Providers**
**Patient: Lincoln Sousa**

Page #: 1

---

**Patient:** Lincoln Sousa                                         SS #:
**Birthdate:** 4/30/2012                                          Chart #:

**4/22/2019  4:59:07 PM  DB01**              **Note Created On: 4/22/2019  4:59:04 PM**
6 year old male presents with father for new patient exam.
CC: none
MHx: healthy
Meds: None
Allergies: NKDA
Habits: none
X-rays taken: 6 PAs
OH: Poor
EOE: WNL
IOE: WNL
Oral hygiene care discussed.
Prophy completed using prophy cup and prophy paste.
Applied fluoride varnish.

    Right class: I
    Left class: I
    Overbite: 40%
    Overjet: 2mm
    Crossbite: none
    Crowding: none
    Spacing: upper and lower

Low co-op, not able to get bw xrays took pas in place of. Pt will need sedation to do tx. Do LLHA imp under iv and will deliver in quiet room 2 to 3 weeks after imp appt. #L, S, T are UNRESTORABLE. Supernuamary tooth upper ant #D AREA.
Per dad no toothaches or pain. Tried to explain tx with dad, he was rushing to get out of office did not want to listen to tx plan needed. Dad advised of all issues and need for tx.

Referral given: none
CRA: High
Beh: (+,-) LOW CO-OP
Next recare: exam, prophy, fluoride, 2 PAs and 2BWs
NV: IV SEDATION AND LLA IMP 75 MIN
RDA: Tina
Bains, DDS
———————— Signed on Monday, April 22, 2019 by Baljot Bains, DDS ————————

**5/28/2019  10:20:10 AM  DB01**              **Note Created On: 5/28/2019  10:20:10 AM**
7 year old male patient treated at Tower surgery center with anesthesiologist Dr. Helsby, due to extent of treatment, patient temperament and acute situational anxiety.

Throat pack was placed. Prophy completed. 2 BWs and 6 PAs taken and reviewed. Treatment reviewed with father.

Etched with etch-rite 38% phosphoric acid, rinsed, dried. Sealants placed on #3, 14, 19 and 30 using embrace.

Placed topical, 3/4 carp 4% septocaine with 1:100 epi administered.

Removed decay #A, B, I, J and K. Prepared for SSC, cemented size A-E2, B-D4, I-D3, J-E2, K-E2  using fujicem cement. K was cemented with Ketac.

Extraction completed of #L, S and T. Elevated, forcep extraction completed without incidence.

Took impression LLA.

At completion of treatment, applied fluoride varnish. Throat pack was removed. Discussed treatment with father. Post op instructions given.

RDA: Jocelyn, Tina and Stacey

# Clinical Notes

**All Dates**
**All Providers**
**Patient: Lincoln Sousa**

**5/28/2019  10:20:10 AM   DB01   (Continued)**                    Note Created On: 5/28/2019   10:20:10 AM
Bains, DDS
NV: deliver LLHA
———————— Signed on Tuesday, May 28, 2019 by Baljot Bains, DDS ——————

**6/11/2019  10:23:51 AM   DB01**                                  Note Created On: 6/11/2019   10:23:51 AM
LLHA tried on. Cemented with ketac on teeth #19 and 30. Cleaned excess.

Beh: (+)
———————— Signed on Tuesday, June 11, 2019 by Baljot Bains, DDS ——————

# Exhibit B
## Last Doctor Visits
## (taken to appts by Respondent)

**Exhibit B**
**Doctor Visit Log**

# TX Subscriber Only Claims History Itemization

Date: 01/18/2019

Member No: 00083927 1706

Provider No: 000X040770243
NPI: 1407843345
Provider Name: PHILIP BAUMAN

Service From: 1/1/2016          Service Through: 1/1/2017

**Group No:** 0000068325

**Claim ID:** 000020162866071L8080H

| Patient D.O.B. | Patient Last Name | Patient First Name | Line No | Service Date | Received Date | Paid Date | Svc Dis | Dbt Cr Cd | Inel CD 1 | Inel CD 2 | Provider Charges | Ineligible Amount | Deduct Amount | Coins Amount | Copay Amount | Paid Amount | Paid To |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06-16-2007 | SOUSA | DESTINY | 1 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 178.20 | 0.00 | 0.00 | 0.00 | 0.00 | 111.05 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 2 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 30.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.34 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 3 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 25.30 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 4 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 7.70 | 0.00 | 0.00 | 0.00 | 0.00 | 1.77 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 5 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 5.50 | 0.00 | 0.00 | 0.00 | 0.00 | 1.86 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 6 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 39.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 7 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 29.70 | 0.00 | 0.00 | 0.00 | 0.00 | 21.59 | Provider |
| | | | | | | **Total For the Claim:** | | | | | **316.00** | **0.00** | **0.00** | **0.00** | **0.00** | **182.61** | |

**Claim ID:** 000020162866071L8100H

| Patient D.O.B. | Patient Last Name | Patient First Name | Line No | Service Date | Received Date | Paid Date | Svc Dis | Dbt Cr Cd | Inel CD 1 | Inel CD 2 | Provider Charges | Ineligible Amount | Deduct Amount | Coins Amount | Copay Amount | Paid Amount | Paid To |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04-30-2012 | SOUSA | LINCOLN | 1 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 182.60 | 0.00 | 0.00 | 0.00 | 0.00 | 111.47 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 2 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 33.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.28 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 3 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 30.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.34 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 4 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 220.00 | 0.00 | 0.00 | 0.00 | 0.00 | 215.46 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 5 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 65.00 | 0.00 | 0.00 | 0.00 | 0.00 | 58.62 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 6 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 25.30 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 7 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 7.70 | 0.00 | 0.00 | 0.00 | 0.00 | 1.77 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 8 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 5.50 | 0.00 | 0.00 | 0.00 | 0.00 | 1.86 | Provider |
| | | | | | | **Total For the Claim:** | | | | | **569.10** | **0.00** | **0.00** | **0.00** | **0.00** | **461.80** | |
| | | | | | | **Total For the Provider:** | | | | | **885.10** | **0.00** | **0.00** | **0.00** | **0.00** | **644.41** | |

Time:  3:46:20 PM

ge 2 of 5









# EXHIBIT 4

(PLAINTIFF'S EXCULPITORY EVIDENCE SUBMITTED TO SUPERIOR
COURT TO SAVE MINOR CHILDREN FROM CHILD ABUSE AND
ENDAGERMENT WITH EXHIBITS WHICH WAS WILLFULLY DENIED BY
JUDGE JACK JACOBSON)

AUG 0 2 2019

AUG 0 1 2019
8:11 A.M.

**FL-300**

| PARTY WITHOUT ATTORNEY OR ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME:
FIRM NAME: Carolyn Hope Schaupp
STREET ADDRESS: 416 Pedersen Rd Unit B
CITY: Oakdale CA 95361
TELEPHONE NO.: (209) 408-5250 S.L.
E-MAIL ADDRESS:
ATTORNEY FOR (name): In Pro Per

Speedy Legal
1031 Mchenry Avenue Ste 17
STATE: CA    ZIP CODE: 95350
FAX NO.: LDA 08-004 03/20
Stanislaus

FOR COURT USE ONLY

2019 AUG -6  AM 8: 07

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
ASHLYN LAZARON
DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus**
STREET ADDRESS: 800 11th St
MAILING ADDRESS: PO BOX 1098
CITY AND ZIP CODE: Modesto CA 95354
BRANCH NAME: FAMILY LAW

PETITIONER: FRANK JAMES SOUSA
RESPONDENT: CAROLYN HOPE SCHAUPP
OTHER PARENT/PARTY:

$385 paid

CASE NUMBER:
688253

Med-Underwood

| REQUEST FOR ORDER | [x] CHANGE | [x] TEMPORARY EMERGENCY ORDERS |
|---|---|---|
| [x] Child Custody | [x] Visitation (Parenting Time) | [ ] Spousal or Partner Support |
| [x] Child Support | [ ] Domestic Violence Order | [ ] Attorney's Fees and Costs |
| [ ] Property Control | [x] Other (specify): OST | |

**NOTICE OF HEARING**

1. TO (name(s)): Frank James Sousa + DCSS
   [x] Petitioner   [ ] Respondent   [x] Other Parent/Party   [ ] Other (specify):

2. A COURT HEARING WILL BE HELD AS FOLLOWS:
   MEDIATION HEARING
   a. Date: NOV 1 3 2019    Time: 8:30 a.m.   [x] Dept: 14   [ ] Room.:
   b. Address of court [x] same as noted above [ ] other (specify):
   ECONOMIC HEARING   DEC - 4 2019   8:30 a.m.   [x] Dept 15

3. WARNING to the person served with the Request for Order: The court may make the requested orders without you if you do not file a Responsive Declaration to Request for Order (form FL-320), serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. (See form FL-320-INFO for more information.)

(Forms FL-300-INFO and DV-400-INFO provide information about completing this form.)

**COURT ORDER**
(FOR COURT USE ONLY)

Denied

It is ordered that:
4. [x] Time ~~for service~~ ~~until the hearing~~ is shortened. Service must be on or before (date):
5. [ ] A Responsive Declaration to Request for Order (form FL-320) must be served on or before (date):
6. [x] The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows (specify date, time, and location):

PARTIES MUST COMPLETE THE ONLINE ORIENTATION PROGRAM AT WWW.STANCT.ORG PRIOR TO COURT DATE

7. [x] The orders in Temporary Emergency (Ex Parte) Orders (form FL-305) apply to this proceeding, and must be personally served with all documents filed with this Request for Order.
8. [ ] Other (specify):

**DENIED PENDING THE HEARING**

Date: 8-5-19

JACK M. JACOBSON
JUDICIAL OFFICER

**REQUEST FOR ORDER**
Initials:

Form Adopted for Mandatory Use
Judicial Council of California
FL-300 [Rev. July 1, 2016]

Family Code, §§ 2045, 2107, 6224,
6226, 6320-6326, 6380-6383;
Government Code, § 26826
Cal. Rules of Court, rule 5.92

Page 1 of 4

Legal
Solutions
Plus

**FL-300**

| | |
|---|---|
| PETITIONER: FRANK JAMES SOUSA<br>RESPONDENT: CAROLYN HOPE SCHAUPP<br>OTHER PARENT/PARTY: | CASE NUMBER:<br><br>688253 |

**3.** [x] **CHILD SUPPORT**
(Note: An earnings assignment may be issued. See *Income Withholding for Support* (form FL-195))

    **a.** I request that the court order child support as follows:

        <u>Child's name and age</u>       [x] I request support for each child   <u>Monthly amount ($) requested</u><br>
                                    based on the child support guideline. (if not by guideline)

        Destiny Sousa, 12          Guideline<br>
        Lincoln Sousa, 7           Guideline

    **b.** [x] I want to change a current court order for child support filed on *(date):* 12/31/18    [ ] Attachment 3a.<br>
        The court ordered child support as follows *(specify):* Respondent to pay $1,836.00 a month in child support to Petitioner.

    **c.** I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.

    **d.** The court should make or change the support orders because *(specify):*    [ ] Attachment 3d.<br>
        See Attached Declaration.

**4.** [ ] **SPOUSAL OR DOMESTIC PARTNER SUPPORT**
(Note: An *Earnings Assignment Order For Spousal or Partner Support* (form FL-435) may be issued.)

    **a.** [ ] Amount requested *(monthly):* $

    **b.** [ ] I want the court to [ ] change [ ] end  the current support order filed on *(date):*<br>
        The court ordered $      per month for support.

    **c.** [ ] This request is to modify (change) spousal or partner support after entry of a judgment.<br>
        I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration that addresses the same factors covered in form FL-157.

    **d.** I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.

    **e.** The court should should make, change, or end the support orders because *(specify):*    [ ] Attachment 4e.

**5.** [ ] **PROPERTY CONTROL**

    **a.** The [ ] petitioner [ ] respondent [ ] other parent/party [ ] I request temporary emergency orders be given exclusive temporary use, possession, and control of the following property that we [ ] own or are buying [ ] lease or rent *(specify):*

    **b.** The [ ] petitioner [ ] respondent [ ] other parent/party be ordered to make the following payments on debts and liens coming due while the order is in effect:

    Pay to: _____ For: _____ Amount: $_____ Due date:_____<br>
    Pay to: _____ For: _____ Amount: $_____ Due date:_____<br>
    Pay to: _____ For: _____ Amount: $_____ Due date:_____<br>
    Pay to: _____ For: _____ Amount: $_____ Due date:_____

    **c.** [ ] This is a change from the current order for property control filed on *(date):*

    **d.** Specify in Attachment 5d the reasons why the court should make or change the property control orders.

FL-300 [Rev. July 1, 2016]             **REQUEST FOR ORDER**              Page 3 of 4<br>
                                    Initials:

**FL-311**

| | |
|---|---|
| PETITIONER: FRANK JAMES SOUSA<br>RESPONDENT: CAROLYN HOPE SCHAUPP<br>OTHER PARENT/PARTY: | CASE NUMBER:<br><br>688253 |

## CHILD CUSTODY AND VISITATION (PARENTING TIME) APPLICATION ATTACHMENT
### —This is not a court order—

TO [ ] **Petition**   [ ] **Response**   [x] **Request for Order**   [ ] **Responsive Declaration to Request for Order**
    [ ] **Other** *(specify)*:

1. [x] **Custody.** Custody of the minor children of the parties is requested as follows:

| Child's Name | Date of Birth | Legal Custody to *(person who decides about health, education, etc.)* | Physical Custody to *(person with whom the child lives)* |
|---|---|---|---|
| Destiny Sousa | 06/16/07 | Respondent | Respondent |
| Lincoln Sousa | 04/30/12 | Respondent | Respondent |

2. [x] **Visitation (Parenting Time).**
   **Note: Unless specifically ordered, a child's holiday schedule order has priority over the regular parenting time.**
   a. [ ] Reasonable right of parenting time (visitation) to the party without physical custody (not appropriate in cases involving domestic violence).
   b. [ ] See the attached _____-page document dated *(specify date)*:
   c. [ ] The parties will go to child custody mediation or child custody recommending counseling at *(specify date, time, and location)*:

   d. [x] No visitation (parenting time).
   e. [ ] Visitation (parenting time). *(Specify start and ending date and time. If applicable, check "start of" OR "after school.")*
     [ ] **Petitioner's** [ ] **Respondent's** [ ] **Other Parent's/Party's** parenting time (visitation) will be as follows:
     (1) [ ] **Weekends starting** *(date)*:
       *(Note: The first weekend of the month is the first weekend with a Saturday.)*
       [ ] 1st [ ] 2nd [ ] 3rd [ ] 4th [ ] 5th weekend of the month
       from _____ at _____ [ ] a.m. [ ] p.m./ if applicable, specify: [ ] start of school
         *(day of week)*   *(time)*                       [ ] after school
       to _____ at _____ [ ] a.m. [ ] p.m./ if applicable, specify: [ ] start of school
         *(day of week)*   *(time)*                       [ ] after school
       (a) [ ] The parties will alternate the fifth weekends, with the [ ] petitioner [ ] respondent other parent/party having the initial fifth weekend, which starts *(date)*:
       (b) [ ] The [ ] petitioner [ ] respondent [ ] other parent/party will have the fifth weekend in [ ] odd [ ] even numbered months.
     (2) [ ] **Alternate weekends starting** *(date)*:
       from _____ at _____ [ ] a.m. [ ] p.m./ if applicable, specify: [ ] start of school
         *(day of week)*   *(time)*                       [ ] after school
       to _____ at _____ [ ] a.m. [ ] p.m./ if applicable, specify: [ ] start of school
         *(day of week)*   *(time)*                       [ ] after school
     (3) [ ] **Weekdays starting** *(date)*:
       from _____ at _____ [ ] a.m. [ ] p.m./ if applicable, specify: [ ] start of school
         *(day of week)*   *(time)*                       [ ] after school
       to _____ at _____ [ ] a.m. [ ] p.m./ if applicable, specify: [ ] start of school
         *(day of week)*   *(time)*                       [ ] after school
     (4) [ ] Other visitation (parenting time) days and restrictions are: [ ] listed in Attachment 2e(4)
       [ ] as follows:

Form Approved for Optional Use<br>
Judicial Council of California<br>
FL-311 [Rev. July 1, 2016]

**CHILD CUSTODY AND VISITATION (PARENTING TIME)**<br>
**APPLICATION ATTACHMENT**<br>
Initials:

Page 1 of 2<br>
Family Code, § 6200 et seq.<br>
www.courts.ca.gov

Legal Solutions Plus

*Neglect is "a type of maltreatment that refers to the failure by the caregiver to provide needed, age-appropriate care although financially able to do so or offered financial or other means to do so". Neglect can be subdivided, being dental neglect, a form of physical neglect. According to the American Academy of Pediatric Dentistry, dental neglect is willful failure of parent or guardian to seek and follow through with treatment necessary to ensure a level of oral heath essential for adequate function and freedom from pain and infection.*

*Caries disease is probably the most prevalent of all child diseases, and, if left untreated, it may cause many problems such as pain, suffering, productivity loss – for instance, at school – and development of severe functional and social limitations in the individuals afflicted by it. Children are considerably dependent on their parents, not least in relation to achieving good oral health. It is important to highlight that children who are up to the age of seven do not have manual ability to brush their teeth without an adult's supervision, as well as they do not have autonomy to access dental services. "The person responsible for the children and adolescents' health has to be engaged in the treatment in order to obtain a positive result". Thus, caregivers must get information and provide the child with preventive and restorative care.*

If a parent of a minor child willfully omits, without lawful excuse, to furnish necessary clothing, food, shelter or **medical** attendance, or other remedial care for his or her child, he or she is **guilty** of a misdemeanor punishable by a fine not exceeding two thousand dollars ($2,000), or by imprisonment in the county jail not exceeding one year, or by both such fine and imprisonment.

Medical neglect is defined as a parent's failure to provide adequate medical or **dental care** for their child, especially when it is needed to treat a **serious physical injury or illness.** In some cases, this can also include a failure to provide for psychiatric care if the child needs it. Also, some jurisdictions may hold other parties **liable for medical neglect,** such as custodians or guardians who have a **legal duty** to care for the child.

**ATTACHED DECLARATION**

**TO**

**FL-300**

I, **CAROLYN HOPE SCHAUPP**, the Respondent, make this declaration based upon my own personal knowledge and if called to testify to the fact contained herein, I could competently do so.

**EX PARTE**

I am requesting temporary emergency custody orders to modify the January 23, 2019 orders as I have just been informed that my children are being exposed to **significant danger** including violence, physical and emotional abuse, **neglect** and illegal use and exposure to drugs.  I ask for this emergency order to be granted pending further evaluation from the court.

**NEGLECT**

Minor Lincoln Sousa recently underwent **surgery** to remove 3 molars, crowned 4 teeth in silver, had 5 pulpectomy's and 6 sealants. **Minor child is 7 years old.** All this happened to his teeth since my last visit on January 7, 2019. The Petitioner did not even inform me of this surgery. I was notified after the fact when I received the bill. Minor's x-rays show ½ of his **teeth are gone and significant deterioration.** This was a **preventable situation** had the Petitioner taken care of minors (7 years old) teeth. This **neglect** has happened in the short time of three months.

According to the US National Library of Medicine:

**Medical neglect** is generally considered to be a form of <u>child neglect</u>, and is usually listed under a state's <u>child abuse</u> laws.

Definitions and Types of Child Abuse/Neglect

State law defines child abuse as (1) physical injury inflicted on a child by another person, (2) sexual abuse, or (3) emotional abuse. Child neglect is defined as negligent treatment which threatens the **child's health** or welfare. The different types of child abuse/neglect can be categorized as follows:

- **Sexual abuse** is the victimization of a child by sexual activities, including molestation, indecent exposure, fondling, rape, and incest.
- **Physical abuse** is bodily injury inflicted by other than accidental means on a child, including willful cruelty, unjustifiable punishment, or corporal punishment.
- **Emotional abuse** is nonphysical mistreatment, resulting in disturbed behavior by the child, such as severe withdrawal or hyperactivity. Emotional abuse includes willfully causing any child to suffer, inflicting mental suffering, or endangering a child's emotional well-being.
- **General neglect** is the negligent failure of a parent/guardian or caretaker to provide adequate food, clothing, shelter, or supervision where no **physical injury** to the child has occurred.
- **Severe neglect** refers to those situations of neglect where the **child's health is endangered,** including severe malnutrition.
- **Exploitation** means forcing or coercing a child into performing activities that are beyond the child's capabilities or which are illegal or degrading, including sexual exploitation.

I have provided health insurance for our children and there is **no excuse** as to why our son would have to **endure** this type of painful dental **surgery**.

I believe our daughter has been molested by the Petitioners girlfriend's son, Gustavo Barragon, during one of his visits during his stay at the juvenile ranch. Our daughter had experienced **vaginal bleeding, at eight (8) years old.** This is too young for her to have her period. Minor had contact with Gustavo and soon thereafter she had bleeding. Minor Destiny had gone to a birthday party at Kelly Villegas's home and brought panty liners because of her **bleeding.** Destiny stated that she had "*started her period*". Destiny has also stated that Gustavo Barragon calls her names such as, "*hoe*" and "*slut*". During this time the Petitioner stopped taking minor, Destiny, to the scheduled visits and has not taken her to a doctor to be checked. I beg that if this Court does not grant the requested to protect her, that an order to have said minor, Destiny, be checked by a gynecologist to check the status of her virginity be ordered and report back to this Court.

I believe this Court should also know the Petitioner has a history of and being caught with "**child pornography**" in his possession. The Petitioner also has another daughter from a different relationship that he is not allowed to see, due to **physical violence** with her.

The Petitioner has a mechanic's shop. Minors often spend countless hours there. At said shop there is a man living there with an **ankle bracelet, on parole.** I feel this is dangerous and inappropriate for children to be there with said person.

## CURRENT VISITATION SCHEDULE IS DETRIMENTAL TO THE CHILDREN

When the last Court order was placed, I was told it would be up for review; however, this did not happen. I have been separated from our children since January of 2019. This is not only unfair to me as a mom, but our children as well. I believe this is very **damaging to our children. It is in our children's best interest to not only have contact with their mother, but to reside with their mother.**

## REQUEST FOR CO-PARENTING CLASSES

It is clear that Petitioner and I have an issue co-parenting. I would request that the Court make an order that we both must attend separate co-parenting classes in an effort to help us to engage in appropriate parenting behavior, after the Petitioner attends and completes his anger management counseling. I believe that this would be in the best interest of our children.

## REQUEST FOR ANGER MANAGEMENT AND ALCOHOL COUNSELING

In addition, Petitioner has in the past exhibited very aggressive and violent behavior toward me and has demonstrated this behavior in the presence of our children. He has a history of violence. It is for this reason I request that Petitioner be ordered to participate in anger management classes.

Petitioner has an admitted alcohol problem. I have been informed by friends and family that Petitioner has engaged in doing drugs in the presence of our children. I request that Petitioner be ordered to attend alcohol and drug counseling.

**LIVING ARRANGEMENT**

Minor children have been spending many hours at the Petitioners Warehouse where a convict resides who is on parole with an ankle bracelet. Minor children also stay with the Respondents mother in a trailer on the property.

I am a Registered Nurse, I have another child, I provide a stable home. Minor children residing with me will provide them stability, **medical care, security,** family, same schools, and same routine.


**CHILD SUPPORT**

I request child support pursuant to guidelines.


Therefore, the Respondent now comes to this Court **protection** for their minor children.

**Facts:**
- Minor Lincoln is suffering from **neglect**
- Minor Lincoln has endured preventable **surgery**
- Minor Destiny is too young to have her **period**
- Minor Destiny has been **molested** in the custody and care of the Petitioner
- Petitioner has a history of having **child pornography**
- Petitioner has a history of **violence**
- Petitioner has a history of **alcohol abuse**
- Petitioner has a history of **drug abuse**
- Minors will not have to change schools residing with me
- Minors will have access to doctors
- Minors will have access to dental care
- Minors will have siblings and family to be around with me, the Respondent

In conclusion,

I, the Respondent, **plead with this Court** to grant the requested order to protect minor children. I have been trying

for years to make this right for our children. **I have come to this court on bended knee and broken, begging for help** for our children. I am asking this Court to no longer allow our children to **suffer. I ask this Court to rescue our children.** This case is not about me, it is not about the Petitioner, it about our children, and how to keep them safe.

**FAMILY.CODE SECTION 3020-3032**

3020.   (a) The Legislature finds and declares that it is the public policy of this state to assure that the **health,** safety, and welfare of child shall be the court's primary concern in determining the best interest of child when making any orders regarding the physical or legal custody or visitation of child. The Legislature further finds and declares that the perpetration of child abuse or domestic violence in a household where a child resides is detrimental to the child.


**FAMILY.CODE**

**SECTION 3020-3032**

3020.   (a) The Legislature finds and declares that it is the public policy of this state to assure that the health, safety, and welfare of child shall be the court's primary concern in determining the best interest of child when making any orders regarding the physical or legal custody or visitation of child.

The Legislature further finds and declares that the perpetration of child abuse or domestic violence in a household where a child resides is detrimental to the child.

(b) The Legislature finds and declares that it is the public policy of this state to assure that child have frequent and continuing contact with both parents after the parents have separated or dissolved their marriage, or ended their relationship, and to encourage parents to share the rights and responsibilities of child rearing in order to effect this policy, except where the contact would not be in the best interest of the child, as provided in Section 3011.

(c) Where the policies set forth in subdivisions (a) and (b) of this section are in conflict, any court's order regarding physical or legal custody or visitation shall be made in a manner that ensures the **health, safety,** and welfare of the child and the **safety** of all family members.

FL-321

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Carolyn Hope Schaupp          Speedy Legal<br>416 Pedersen Rd Unit B    1031 Mchenry Avenue Ste 17<br>Oakdale CA 95361          Modesto CA 95350<br><br>TELEPHONE NO.: (209) 408-5250 S.L.   FAX NO. *(Optional):* LDA 08-004 03/20<br>E-MAIL ADDRESS *(Optional):*                    Stanislaus<br>ATTORNEY FOR *(Name):* In Pro Per | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Stanislaus
STREET ADDRESS: 800 11th St
MAILING ADDRESS: PO BOX 1098
CITY AND ZIP CODE: Modesto CA 95354
BRANCH NAME: FAMILY LAW

PETITIONER/PLAINTIFF: FRANK JAMES SOUSA

RESPONDENT/DEFENDANT: CAROLYN HOPE SCHAUPP

OTHER PARENT/PARTY:

| **WITNESS LIST** | CASE NUMBER(S):<br>688253 |
|---|---|

Attachment to  [x]  *Request for Order* (FL-300)   [ ]  *Responsive Declaration* (FL-320)   [ ]  *Other (specify):*

[ ] Petitioner  [x] Respondent  [ ] Other   intends to call the following witnesses to testify
at the time of  [x] hearing or  [ ] trial   scheduled on *(date):*

| Name | Subject and Brief Description of Testimony |
|---|---|
| Kelly Vilegas | Destiny had vaginal bleeding, Franks drinking issues, and Franks emotion and negligent abuse towards minors. |
| Charlene Schaupp | Destiny had large bruise on leg, Destiny said she was hit by her father with a large brush. |
| | |
| | |
| | |
| | |

# TABLE OF CONTENTS

# FOR

# EXHIBITS

A.    Dental Neglect

B.    Last Doctor Visits

C.    Drug test results

D.    Witness Statements

E.    CPS/Police Reports

F.    Sierra Vista Reports

G.    Certificates

# Exhibit A
## Dental Neglect

**BlueCross BlueShield of Texas**
PO Box 7344
Chicago, IL 60680-7344

# EXPLANATION OF BENEFITS

An EOB is a statement showing how claims were processed.
**This is not a bill.** Your provider(s) may bill you directly for any
amount you may owe. KEEP FOR YOUR RECORDS.

```
*****************ALL FOR AADC 956
9666 1 AB 0.412              23
CAROLYN SCHAUPP
416 PEDERSEN RD  B
OAKDALE CA 95361-4101
```


Log In to Blue Access for Members℠ at bcbstx.com to
see plan and claim details or to contact us through our
secure Message Center.


Have questions about this EOB? Customer Advocates
are here to help! 1-888-762-2191

## TOTAL OF CLAIM

| | |
|---|---|
| Amount Billed | $1,100.00 |
| Discounts, reductions and payments | -$1,100.00 |
| You may have to pay your provider | $0.00 |

**SUBSCRIBER INFORMATION**
TENET HEALTHSYSTEM MEDICAL INC.

Member ID #: NLT839271708     Group #: 000218200

## SERVICE DETAIL - CLAIM    (1)

PATIENT: LINCOLN J. SOUSA     PROVIDER: THOMAS   HELSBY     CLAIM #: 91706070T200H

SERVICE DATE: 05/28/2019     Processed: 06/19/2019




| Service Description | Amount billed | PLAN PROVISIONS | | YOUR RESPONSIBILITY | | |
|---|---|---|---|---|---|---|
| | | Discounts and reductions | Amount covered (allowed)* | Deductible and copay amount | Coinsurance = | Amount not covered |
| Anesthesia | 1,100.00 | 669.90 | 430.10 | | | |
| CLAIM TOTALS | $1,100.00 | $669.90 | $430.10 | $0.00 | $0.00 | $0.00 |

*Amount covered (allowed) reflects the savings we've negotiated with your provider for this service. Your deductible, coinsurance and copay are based on the allowed amount. Your share of coinsurance is a percentage of the allowed amount after the deductible is met.

(1) The amount billed is greater than the amount allowed for this service.  Based on our agreement with this provider, you will not be billed the difference.

Total covered benefits approved for this claim: $430.10 to THOMAS on 06-19-19.

Benefits are being paid at the higher level since you used a contracting provider in the PPO network.

## SUMMARY    (1)

| PLAN PROVISIONS | | YOUR RESPONSIBILITY | |
|---|---|---|---|
| Amount covered (allowed)* | $430.10 | Deductible and copay amount | $0.00 |
| Deductible and copay amount | $0.00 | Coinsurance | $0.00 |
| Coinsurance | $0.00 | Amount not covered | $0.00 |
| Total | $430.10 | You may have to pay your provider | $0.00 |

Health Care Fraud Hotline: 800-543-0867
Health care fraud affects health care costs
for all of us. If you suspect any person or
company of defrauding or attempting to
defraud Blue Cross and Blue Shield of
Texas, please call our toll-free hotline. All
calls are confidential and may be made
anonymously. For more information about
health care fraud, please go to bcbstx.com

A Division of Health Care Service Corporation, a Mutual Legal Reserve Company, an Independent Licensee of the Blue Cross and Blue Shield Association

 BlueCross BlueShield of Texas
PO Box 7344
Chicago, IL 60680-7344

# EXPLANATION OF BENEFITS

An EOB is a statement showing how claims were processed.
This is not a bill. Your provider(s) may bill you directly for any
amount you may owe. KEEP FOR YOUR RECORDS.

```
*****************ALL FOR AADC 956
1315 2 AB 0.412                           4
CAROLYN SCHAUPP
416 PEDERSEN RD B
OAKDALE CA 95361-4101
```

 Log In to Blue Access for Members℠ at bcbstx.com to
see plan and claim details or to contact us through our
secure Message Center.

 Have questions about this EOB? Customer Advocates
are here to help! 1-888-762-2191

**TOTAL OF CLAIM**



| | |
|---|---|
| Amount billed | $5,194.00 |
| Discounts, reductions and payments | $4,944.00 |
| You may have to pay your provider | $250.00 |

SUBSCRIBER INFORMATION
TENET HEALTHSYSTEM MEDICAL INC.

Member ID#:  NLT839271706          Group #: 000218200

SERVICE DETAIL - CLAIM   (1)

PATIENT: LINCOLN J. SOUSA          PROVIDER: TOWER SURGERY CENT

SERVICE DATE: 05/28/2019

CLAIM #: 915060X20400H
Processed: 05/30/2019

| Service Description | Amount billed | PLAN PROVISIONS Discounts and reductions | Amount covered (allowed)* | YOUR RESPONSIBILITY Deductible and copay amount | Coinsurance | Amount not covered |
|---|---|---|---|---|---|---|
| Othr Surg Services | 5,194.00 | (1) 4,174.00 | 1,020.00 | 250.00 | | |
| CLAIM TOTALS | $5,194.00 | $4,174.00 | $1,020.00 | $250.00 | $0.00 | $0.00 |

*Amount covered (allowed) reflects the savings we've negotiated with your provider for this service. Your deductible, coinsurance and copay are based on the allowed amount. Your share of coinsurance is a percentage of the allowed amount after the deductible is met.

(1) The amount billed is greater than the amount allowed for this service. Based on our agreement with this provider, you will not be billed the difference.

Total covered benefits approved for this claim: $770.00 to TOWER SURGERY CENT on 05-30-19.

SUMMARY   (1)

| PLAN PROVISIONS | | YOUR RESPONSIBILITY | |
|---|---|---|---|
| Amount covered (allowed)* | $1,020.00 | Deductible and copay amount | $250.00 |
| Deductible and copay amount | -$250.00 | Coinsurance | $0.00 |
| Coinsurance | $0.00 | Amount not covered | $0.00 |
| Total | $770.00 | You may have to pay your provider | $250.00 |

**Health Care Fraud Hotline: 800-543-0867**
Health care fraud affects health care costs
for all of us. If you suspect any person or
company of defrauding or attempting to
defraud Blue Cross and Blue Shield of
Texas, please call our toll-free hotline. All
calls are confidential and may be made
anonymously. For more information about
health care fraud, please go to bcbstx.com

Patient: LINCOLN J SOUSA
Benefit Period: 01-01-19 Through 12-31-19  To date this patient has met $700.00 of her/his $4,000.00 Out-of-pocket Expense.

A Division of Health Care Service Corporation, a Mutual Legal Reserve Company, an Independent Licensee of the Blue Cross and Blue Shield Association

**Anthem.** **BlueCross**

**tenet** HEALTH

CAROLYN SCHAUPP

Identification Number
TAK694M87480

PPO Plan

Group No:     174212M3A1
Plan Code:    040
Coverages:    Medical

Issue Date: 08/30/2017

PPO

**clinical notes**
office@1stsmiles.com

To: Carolynh.schaupp30@gmail.com
Tuesday, Jul 2, 2019 - 9:09am

Virtru Encrypted Message

*Katie Mcmillen*

*First Smiles*
*Children's Dentistry*
1801 Tully Rd. Suite #B
Modesto, CA. 95350
(209) 343-3500

**IMPORTANT NOTICE:** This message is intended for the use of the person or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this information is STRICTLY PROHIBITED. If you have received this message by error, please notify us immediately and destroy the related message.

**clinical notes.pdf.tdf (363.1 Kb)**

# Clinical Notes

**All Dates**
**All Providers**
**Patient: Lincoln Sousa**

**5/28/2019  10:20:10 AM  DB01  (Continued)**  **Note Created On: 5/28/2019  10:20:10 AM**
Bains, DDS
NV: deliver LLHA
——————— Signed on Tuesday, May 28, 2019 by Baljot Bains, DDS ———————

**6/11/2019  10:23:51 AM  DB01**  **Note Created On: 6/11/2019  10:23:51 AM**
LLHA tried on. Cemented with ketac on teeth #19 and 30. Cleaned excess.

Beh: (+)
——————— Signed on Tuesday, June 11, 2019 by Baljot Bains, DDS ———————









# Exhibit B
## Last Doctor Visits
## (taken to appts by Respondent)

# TX Subscriber Only Claims History Itemization

Date: 01/18/2019

Member No: 00083927706

Provider No: 000X040770243
NPI: 1407843345
Provider Name: PHILIP BAUMAN

Service From: 1/1/2016    Service Through: 1/1/2017

| Patient D.O.B. | Patient Last Name | Patient First Name | Line No | Service Date | Received Date | Paid Date | Svc Dis | Dbt Cr Cd | Inel CD 1 | Inel CD 2 | Provider Charges | Ineligible Amount | Deduct Amount | Coins Amount | Copay Amount | Paid Amount | Paid To |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Group No:** | 0000068325 | | | | | | | | | | | | | | | | |
| **Claim ID:** | 00002016286607L8080H | | | | | | | | | | | | | | | | |
| 06-16-2007 | SOUSA | DESTINY | 1 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 178.20 | 0.00 | 0.00 | 0.00 | 0.00 | 111.05 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 2 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 30.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.34 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 3 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 25.30 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 4 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 7.70 | 0.00 | 0.00 | 0.00 | 0.00 | 1.77 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 5 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 5.50 | 0.00 | 0.00 | 0.00 | 0.00 | 1.86 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 6 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 39.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | Provider |
| 06-16-2007 | SOUSA | DESTINY | 7 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 29.70 | 0.00 | 0.00 | 0.00 | 0.00 | 21.59 | Provider |
| | | | | | | **Total For the Claim:** | | | | | **316.00** | **0.00** | **0.00** | **0.00** | **0.00** | **182.61** | |
| **Claim ID:** | 00002016286607L8100H | | | | | | | | | | | | | | | | |
| 04-30-2012 | SOUSA | LINCOLN | 1 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 182.60 | 0.00 | 0.00 | 0.00 | 0.00 | 111.47 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 2 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 33.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.28 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 3 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 30.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.34 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 4 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 220.00 | 0.00 | 0.00 | 0.00 | 0.00 | 215.46 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 5 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 65.00 | 0.00 | 0.00 | 0.00 | 0.00 | 58.62 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 6 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 25.30 | 0.00 | 0.00 | 0.00 | 0.00 | 20.00 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 7 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 7.70 | 0.00 | 0.00 | 0.00 | 0.00 | 1.77 | Provider |
| 04-30-2012 | SOUSA | LINCOLN | 8 | 10-05-2016 | 10-11-2016 | 10-13-2016 | A | R | | | 5.50 | 0.00 | 0.00 | 0.00 | 0.00 | 1.86 | Provider |
| | | | | | | **Total For the Claim:** | | | | | **569.10** | **0.00** | **0.00** | **0.00** | **0.00** | **461.80** | |
| | | | | | | **Total For the Provider:** | | | | | **885.10** | **0.00** | **0.00** | **0.00** | **0.00** | **644.41** | |

Time:    3:46:20 PM

# Exhibit C
## Drug Test Results

Exhibit C
Drug Testing



1030 15th Street, Modesto, CA  95354  Phone: 209-524-6371  Fax;  209524-5440

**SIERRA VISTA FAMILY COUNSELING**
**HAIR FOLLICLE TEST (Collection site)**

Date:_____

BY:_____

## The following person (s) has <u>failed</u> their hair follicle appointment:

<u>NAME:</u>                              <u>CASE#</u>

1. ___Frank Sousa___              ___6882s3___

2. _____          _____

3. _____          _____

✻ Carolyn paid for the test on 8/10/17. The test needed to be completed by 8/11/17 5pm.

Sincerely,

*[signature]*

**Sierra Vista Child and Family Services**
**Adult & Community Services Department**

JAM
SIERRA VILLAGE WAY

J. CA 95350

**COMMUNITY SERVICES**
5TH STREET
ESTO, CA 95354

**BRIDGE FAMILY RESOURCE**
TER
505 CHICAGO AVENUE
MODESTO, CA 95351

**CHILDREN'S OUTPATIENT**
ERVICES
1700 MCHENRY VILLAGE WAY
SUITE 11B
MODESTO, CA 95350

**DROP-IN FAMILY RESOURCE**
NTER
08 SIERRA DRIVE
MODESTO, CA 95351

**RLY INTERVENTION**
700 MCHENRY VILLAGE WAY
UITE 14
ODESTO, CA 95350

**ST STEP PERINATAL**
STANCE ABUSE PROGRAM
00 MCHENRY VILLAGE WAY
ITE 16
DESTO, CA 95350

**FER CARE & ADOPTION**
PARK AVENUE
DESTO, CA 95354

**E BASED SERVICES**
0 MCHENRY VILLAGE WAY
TE 11B
DESTO, CA 95350

**SON FAMILY RESOURCE**
ER
) HUGHSON AVENUE, SUITE B
BOX 264
HSON, CA 95326

**BAUCHER**
UBLIC SCHOOL
FINNEY ROAD
ESTO, CA 95358

**ATH**
K STREET, SUITE 1
ESTO, CA 95354

**MODESTO FAMILY**
ICE CENTER
STANDIFORD AVENUE
C1
STO, CA 95350

**SCHOOL BASED SERVICES**
MCHENRY VILLAGE WAY
11B
TO, CA 95350

**L MENTORING ALLIANCE**
LAR AVENUE
TO, CA 95354

**ISTA LEARNING CENTER**
LIC SCHOOL
MINNESOTA AVENUE
K, CA 95382

**ISTA MERCED**
MAIN STREET
, CA 95340

**ADHD & OUTPATIENT**

RRA STREET, SUITE 3
, CA 95382

**RD FAMILY RESOURCE**

NTLEY STREET
RD, CA 95386

---

**ADMINISTRATION OFFICES** ▼ 100 Poplar Avenue ▼ Modesto, CA 95354
Phone: (209) 523-4573 ▼ Fax:(209) 550-5866 ▼ Website: www.sierravistacares.org

## *"A Commitment to Caring"*

## HAIR FOLLICLE TEST    JAN 14 2019

BY:

Paid at 1:50 pm UB

Today's date: 1-14-19

Person to be tested: Frank Sousa

Test Paid by: Carolyn Schaupp

Referral Source: Superior Court order #16

Appointment date: 1-15-19    time: by 5:00 pm

The fee for a Hair Follicle test must be paid for in advance. The fee for the test is $75.00 and is non-refundable (cash or credit card are accepted)

If a client does not attend a schedule appointment, he or she and/or the person who paid for test may not to entitle to a refund.
At the time of test:

1. Be ready to show photo identification-driver's license or identification card.

2. A trained staff member will cut approximately 120 strand of hair next to the scalp (approximately the width of a pencil). Hair must be no shorter than 1 ½ inches in length. Hair will only be taken from the top of the head.

3. You will witness the staff member prepare your hair for mailing to the lab and sealing of envelope.

4. All proper paperwork will be completed in your presence.

5. Once Sierra Vista has been notified of the results, they will only be sent to those individuals that have been authorized to receive stated information.

**Testing hours:**        **Monday thru Thursday from 11:00 am – 5:00 pm**

All aspects of the testing process will be conducted in a professional and confidential manner by a Sierra Vista Child and Family Counseling staff member. However, we will not take responsibility for the information once authorized notifications are made.

Kim underwood


California Alliance

Diagnostics
800-877-7484

SPECIMEN ID NO.

42023394  0020079

**STEP 1: COMPLETED BY COLLECTOR OR EMPLOYER REPRESENTATIVE**        LAB ACCESSION NO.

A. Employer Name, Address, I.D. No.

SIERRA VISTA CHILDREN'S SD

1030 15TH ST
MODESTO CA 95354
PH: 209-524-4971 FAX: 209-524-6440

B. MRO Name, Address, Phone and Fax No.

FORM ID: HUCSD1

PH _____  FAX _____

C. Donor SSN or Employee I.D. No. ~~_____~~

D. Donor Name:    Last: _____    First: _____

E. Donor ID Verified: ☒ Photo ID ☐ Emp. Rep.

F. Specimen Type: ☐ Urine ☐ Hair (please check source): Head ☒ Leg ___ Chest ___ Underarm ___ Other _____

G. Reason for Test: ☐ Pre-employment (1) ☐ Random (3) ☐ Reasonable Suspicion/Cause (5) ☐ Post-Accident (2) ☐ Promotion (22)
☐ Return to Duty (6) ☐ Follow-up (23) ☐ Other (specify) (99) _Court_

H. Drug Tests to be Performed:

Other Dye hair _ wk. ago.
need Neg
Van Tiaa

I. Collection Site Name: _Sierra Vista_
Address: _1030 15th St._        Collection Site Code:
City, State and Zip: _Modesto, CA 95354_        Collector Phone No. _____
Collector Fax No. _____

**STEP 2: COMPLETED BY COLLECTOR**

Read specimen temperature within 4 minutes. Is temperature between 90° and 100° F? ☐ Yes ☐ No, Enter Remark

Specimen Collection:
☐ Split ☐ Single ☐ None Provided (Enter Remark) ☐ Observed (Enter Remark)

REMARKS

**STEP 3:** Collector affixes specimen seal(s) to specimen(s). Collector dates seal(s). Donor initials seal(s). Donor completes STEP 5.

**STEP 4: CHAIN OF CUSTODY / INITIATED BY COLLECTOR AND COMPLETED BY LABORATORY**

I certify that the specimen given to me by the donor identified in the certification section on Copy 1 of this form was collected, labeled, sealed, and released to the Delivery Service noted in accordance with applicable requirements.

X _____    Time of Collection _4:40_ AM/PM
Signature of Collector

_Dina Valencia_    Date (Mo./Day/Yr.) _6/14/17_
(Print) Collector's Name (First, MI, Last)

SPECIMEN(S) RELEASED TO:
☐ Quest Diagnostics Courier ☐ FedEx
☐ Other _____
Name of Delivery Service Transferring Specimen to Lab

RECEIVED AT LAB: X _____
Signature of Accessioner

_____ (Print) Accessioner's Name (First, MI, Last)    Date (Mo./Day/Yr.) ___/___/___

Primary Specimen Bottle Seal Intact
☐ Yes
☐ No, Enter Remark

SPECIMEN BOTTLE(S) RELEASED TO:

**STEP 5: COMPLETED BY DONOR**

I certify that I provided my specimen to the collector; that I have not adulterated it in any manner; each specimen container used was sealed with a tamper-evident seal in my presence; and that the information and numbers provided on this form and on the label affixed to each specimen container is correct.

X _____ RN    (PRINT) Donor's Name (First, MI, Last) _Carolyn H Schupp, RN_    Date (Mo./Day/Yr.) _6/14/17_
Signature of Donor

Daytime Phone No. (___) 566-5120    Evening Phone No. (___) _____    Date of Birth _05/20/85_
Mo.  Day  Yr.

COPY 5 - DONOR COPY

# Exhibit D
## Witness Statements
## Character Witness

**Exhibit C
Witnesses**

January 25, 2017

Kelly Villegas
1241 Manor Drive
Ripon, CA 95366
209-482-5979

**CHILD CUSTODY:** Carrie Schaupp to obtain joint physical and legal custody of Destiny and Lincoln Sousa

My name is Kelly Villegas and I am a single mother of three beautiful daughters ages 13, 11 and 9. My children and I reside in Ripon, CA and their father and I have a wonderful co-parenting relationship with our kids.

I hereby issue a declaration of the facts, to put forth my side of the story and to support a motion to return Destiny and Lincoln Sousa back to their biological mother Carrie Schaupp. I am happy to provide the court information based on my experiences and/or observations of Frankie Sousa who I developed a relationship with these past two years. During this period I have gotten to know Frankie and his children on a personal, emotional and social level. I would like this opportunity to express my deepest concerns for the safety and well-being of their care.

Please see below approximate dates of events involving neglect, emotional abuse and safety concerns over a period of two years:

**2015:** Frankie was drinking a lot, in and out of unhealthy relationships with different women, talking badly about Carrie in front of the kids and swearing constantly. This has caused a lot of abandonment issues for both the children, especially Destiny. At one point, she told me she wished I could live with them and if she could call me mom. She has showed many signs of neglect through her words as well as actions (e.g. very touchy, feely with me). I have also witnessed a lack of parental involvement with their education...no books nor have I seen any interest in Destiny's school work.

**Beginning of Nov. 2016:** In the evening, Lincoln was brought home by the neighbor boy Roy Lee, an 11 year old who said Lincoln came over, knocked on the door and wanted to play. Pitch dark outside!

**Nov. 2, 2016:** I went over to Frankie's to pick up Destiny for a sleepover with my daughter. Decided to stay for a little bit. Frankie was drinking and the subject school and ballet came up. A few weeks prior I found a book log on Destiny's bed with nothing filled out, including her dad's signature. I mentioned it to Frankie and he said, "Destiny will have to repeat 4th grade", but in a demeaning way. I said to Frankie, "do you ever check her backpack and he said no, she's old enough."  After that, we started talking about ballet and being healthy. Frankie began talking about Destiny's weight right in front of her while she was sitting next to him on the couch, saying "look at her she's fat." At one point while she was laughing he said, "Don't smile like that, you're showing a double chin." Then, Lincoln started hitting Destiny with a shoe and Destiny told her dad and all he said was, "hit him back, you're older." Lincoln started to hit the bedroom door with the shoe and Frankie told him to stop or he would flick him on the head with his beer bottle. I'd had enough and left with Destiny. Way too much drinking, swearing, neglect and emotional abuse.

**Nov. 24, 2016:** I spent Thanksgiving at Frankie's house and he built a fire outside for the kids to roast marshmallows. Not once did I see him go outside to check on them. His son Lincoln began throwing his toys in the fire. Friends were coming in the house to let Frankie know, but it continued. At one point later in the evening we heard a big "BOOM"…Lincoln threw a flammable can in the fire. The explosion was to the top of the house and thank god nobody was hurt. Thankfully, nobody was hurt! Frankie began yelling and mad even though there was absolutely no supervision on his part as a father.

**Nov. 27, 2016:** Frankie had some visitors come over during the Raider game while his kids. A woman came in with her child (about 11 years) and boyfriend took out wads of cash, spreading out across the kitchen counter table. She was separating the stacks for different people to have. A few other shady people came over whom I did not know and stacks of cash were given to them. Lots of money! This money was either weed dealing or counterfeit money, I'm not sure. Frankie told me that his friend Dave across the street has all kinds of weed in his house. Again, another form of inappropriate and unsafe parenting for Destiny and Lincoln.

**Dec. 26, 2016:** I text Destiny to let her know my daughter Alexa will call her when she gets home and discover that the number she gave me was her mom's on accident. Since this day I have been speaking with Carrie and shared all my observations and experiences noted above while she's shared more details of the abuse she endured with Frankie…his meth and alcohol abuse, physical, emotional, social and financial abuse. This proceeded with CPS calling me to hear my stories.

**Jan. 2, 2016:** Frankie is taken to MMC ER because he is sick with very high blood pressure. He told me he drank liquor to try and feel better, but instead ended up sicker and probably drunk.

**Jan. 12, 2017:** CPS called me to hear my stories about the above incidents.

**Jan. 18, 2017:** Frankie stopped responding my texts and Destiny would not answer her messages. I called Destiny, but her incoming calls were blocked. Another form of neglect and how Frankie controls.

**Jan. 21, 2017:** I go to pick up Destiny at 9:50am for her ballet class and nobody answers. Their grandma was there watching them and I know they were there because I heard Lincoln. After ballet class, I went to his shop to see what was going on and he said, "You called CPS on me and reported wads of cash in my house." I told him, "No, I didn't call CPS, they called me." He cut off Destiny's friendship with my daughter, blocked her cell and she's not attending ballet class.

Frankie's drinking is compulsive, he swears and threatens the kids with abusive remarks. He works 60+ hours a week and does not have time nor the emotional capacity to appropriately care for his children. During the week after school Destiny stays at her grandma's trailer at Frankie's shop, Gateway Automotive and it's unsafe. However, Carrie works three days a week, does not use drugs nor drink and will provide her children with a stable, safe, loving and kind environment.

I therefore request that Carrie Schaupp have custody of her children Destiny and Lincoln.

I declare under penalty and perjury that the foregoing is true and correct based on my observations.


Regards,

Kelly Villegas

To Whom It May Concern:

My name is Charlene Schaupp, I am the sister of Carolyn Schaupp. I am writing this letter because my sister is a good mother who works hard and shows responsibility and who does not drink or do drugs and deserves to have her kids back. I miss my niece and nephew so much, it has been years since I have seen them so as I was browsing on Facebook, suggested friends pop up all the time and frank's profile popped up so I clicked on it to see if there was any pictures of my niece and nephew I could see. Most of the picture were not of them they were of my family including pictures of me and pictures of my sister and him as of years ago when they were together. These pictures all were up loaded last year in 2017 they were not their prior. It just felt weird seeing all those pictures of my family and very few of his current girlfriend or life. A couple months ago my sisters came up from Colorado and had went to my nephew Lincolns birthday party where they told me and showed me a video where frank was so drunk that he was falling on his face and could not even stand. I have a video years back when my niece came to stay at my house and I had saw a very large bruise on destiny's leg and had asked her what had happened, she told me her dad hit her with a brush. It was a very large bruise. These are just a few of the things that really concern me about frank having custody of my niece and nephew. My sister misses them so much it is really painful for our whole family.

Sincerely Charlene Schaupp

SANTA CLARA COUNTY ☙ OFFICE OF EDUCATION

Carolyn Schaupp

P.O. Box 534

San Jose, CA 95106

(408) 849-5885 cell

**Carolyn Schaupp**
*Teacher*

Osborne School - ASD - Juvenile Hall Site
840 Guadalupe Parkway ○ San Jose, CA 95110
Phone: 408.573.3070
carolyn_schaupp@sccoe.org

Honorable Judge Jacobson,

I am writing this letter on behalf of my daughter Carolyn Hope Schaupp (Carrie). I am unable to attend, as unfortunately, we have a lack of competent substitute teachers to take my classes in Juvenile Hall. It is my hope that she is reunified with her children. She is a good parent. She is stable and has a career that demonstrates her ability to care for others as an RN.

As you know, separation from their mother, who was their primary caregiver, causes emotional damage to the children. This fact saddens me as their grandmother. Carrie has complied with the Courts orders. Her concerns are valid. I sincerely hope they will not be dismissed and she will regain custody of her children and begin the process of repairing and rebuilding their relationship. Thank you for your consideration of my input.

Respectfully Submitted,

*Carolyn T. Schaupp*

Carolyn T. Schaupp

August 8, 2018

3 South Director
Doctors Medical Center


Letter of Recommendation

Re: Carolyn Schaupp


I would like to recommend Carolyn Schaupp for Clinical Nurse 1. We have worked together for the past 4+ years. Carolyn is a quick learner and is efficient and competent. She has a great rapport with her patients, other staff and doctors.

She is thorough and caring. She searches out information in order to perform her duties and pursue patient safety.  Her ability to critically think makes her a resource for other co-workers to come to with questions. She is a team player and is always willing to help out where needed on the unit.

Carolyn is motivated to advance her knowledge base and strive for excellence in all she does. I wish her the very best.


Sincerely,

Sally Kurien
3 South Clinical Nurse 1

**STACEY SOARES**
*Marriage and Family Therapist  Lic#41684*
*Post Office Box 1148, Soulsbyville, Ca. 95372*
*Phone  209 588-8993*

To Whom it may concern:

Reg: Carolyn Schaupp

I am writting this letter requested by and in acknowledgement from my client,
Carolyn Schaupp. I have been seeing Carolyn as her therapist in counseling
sessions that started on October 10, 2018 and have seen her for 10 sessions in
the past 3 months.

Carolyn's diagnoses: (F4310) Post Traumatic Stress (PTSD) (F410) Panic Attacks
 (F411) Overall Anxiety

Per my client, her symptoms of panic attacks and triggers of her PTSD have
been whenever she sees Frank, her older childrens father. She expresses
extreme fear and panic. This is not unusal for a person who has been a victim
of Domestic Violence to experience this.  Carolyn informed me that she had a
DVRO in 2014 against Frank and EPO as well. Some of Carolyn symptoms:
hypervigilent, nervousness, anxiety, heart pounding, on edge, doesn't sleep
well, feeling trapped.

Carolyn is very verbal, shows normal emotional sadness and stress of this
situation. But is calm and coherent in her sessions. She has told me she works
as a Registered Nurse at Dr. Medical Center in Modesto and loves her job. And
has one younger child at home with her. Carolyn seems to be able to function
at work well and stay positive with her outlook considering the amount of
stress she has had to endure over the years. People who have been victims of
Domestic Violence or any violence for that matter can learn cooping skills and
become stronger. Breaking the silence of abuse takes courage and using ones
voice is very empowering towards healing. I feel that is what Carolyn has done
and is doing.

Carolyn's main concern is for her children's safety and well-being. Carolyn
has been alienated from her children. This can cause more emotional trauma to
a child(ren) that can have years of lasting affects on a child.

Sincerely,

*Stacey Soares*
Stacey Soares. LMFT
January 2, 2019

Jennifer Grant
214 ½ Johnson Street
Modesto, CA 95354
209-968-1036
September 14, 2018


To Whom It May Concern,

I was at work at Doctors Medical Center on or around May 16th and a young girl with dark hair and striking light eyes came up to me to ask me if Carrie was working today. I said I would find out for her. The girl waited at the door of a patient's room. I noticed Carrie was in another room with other nurses during what appeared to be a Rapid Response, meaning that she was unable to leave the room because something life threatening may have been happening to the patient she was helping. She appeared anxious and began looking around for Carrie down the halls of the floor by herself. It's possible she waited about half an hour but I did not follow up to find out if she was able to see Carrie or not before leaving.

A few weeks ago I saw Carrie and she told me a story about her children. She showed me a picture of her daughter and I instantly recognized her as the girl who had approached me asking about her. When I asked Carrie if she was able to see her daughter that day she was completely shocked to find out her daughter had been on 3 South, the floor where we work.

It is my sincere hope that the court takes this letter into consideration. Carrie is a kind person whose character and demeanor is pleasant and an example to myself and others around her. She is a valuable person in our community.

Thank you.



Respectfully Yours,

Jennifer Grant

# Exhibit E
## CPS Reports
## Police Reports

## Party Search Results

| Name | Date of Birth |
|------|---------------|
| SOUSA, FRANK JAMES | XX/XX/XXXX |

Cases (7)

| Case Numb... | Style / Defendant | File Date | Type |
|--------------|-------------------|-----------|------|
| 1872155 | SOUSA, FRANK JAMES | 04/08/2013 | Traffic: Adult Infractions |
| 1455137 | SOUSA, FRANK JAMES | 02/22/2013 | Converted Criminal FEL-MISD-INF |
| 688253 | SOUSA, FRANK VS. SCHAUPP, CAROLYN | 01/11/2013 | Miscellaneous Petition for Custody and Support |
| 1529350 | SOUSA, FRANK JAMES | 10/08/2008 | Traffic: Adult Infractions |
| 1384575 | SOUSA, FRANK JAMES | 01/08/2008 | Traffic: Adult Infractions |
| 402419 | SOUSA, F VS SCHAUPP, C | 12/15/2006 | DV Prevention With Minor Children |
| 1302043 | SOUSA, FRANK JAMES | 08/15/2006 | Traffic: Adult Infractions |

1 - 7 of 7 items

1 - 1 of 1 items



# CAD Response Report

**Sequence Number:** MP183610308

| Response Type<br>415F FIGHT-FAMILY | Case Number | Call Answered<br>12/27/2018 17:22:55 |
|---|---|---|
| Created<br>12/27/2018 17:22:55 | Dispatched<br>12/27/2018 17:23:16 | Terminated |

**CAD Information**

| | |
|---|---|
| Response Type : | 415F FIGHT-FAMILY |
| Primary Units : | MM41 - HITI, HANNAH |
| Assisting Units : | |
| Response Origin : | |
| Disposition Code : | |

CONTROLLED DOCUMENT
Released to C. Schaepe
By AOR Date 1/7/4
NOT FOR RELEASE TO A THIRD PARTY

**Location Information**                                    Validated Address: False

| | | | |
|---|---|---|---|
| RP Location: | 1400 K ST | | |
| Commonplace Name: | | | |
| Zone: | | Dispatch Group: | |
| House Number: | | Municipality: | |
| Street Name: | | State: | CA |
| Suffix: | | Zip Code: | |
| Street Type: | | X: | -120.99712562484 |
| Cross Streets: | | Y: | 37.6443436729818 |
| Free Format Address: | | | |

| | | | |
|---|---|---|---|
| 12/27/2018 18:13:07 | Response Notes | RP WANTED TO REPORT LYNZY KILGORE, RP WAS DRIVING HER KIDS TO THE VISITATION APPOINTMENTS. KILGORE CONFIRMED TO HAVE CA DL. HOWEVER PROVISIONAL. CHILDRENS FATHER RESPONDED TO AKE. CUSTODY OF THE KIDS CONFIRMED FATHER WAS NOT DUE CIVIL DISPUTE OVER CHILD CUSTODY ISSUES. NFA | CULLOM, SAM / MDC059 |
| 12/27/2018 18:13:14 | Disposition Code | NFA | CULLOM, SAM / MDC059 |
| 12/27/2018 18:13:24 | Unit Statuses | MX42 - Cleared | FLORES, JOAQUIN / MDC040 |
| 12/27/2018 18:13:43 | Unit Statuses | MM41 - Cleared | CULLOM, SAM / MDC059 |

MSDIIt Report And Access Log
Field Returned Text                                         Date Time                Agent Description

## VICTIM INFORMATION

| NAME | AKA (If applicable) | | | | | SOCIAL SECURITY # |
|------|--------------------|--|--|--|--|-------------------|
| Lincoln James Sousa | | | | | | ███████ |

| DOB | AGE | AGE CODE | SEX | ETHNICITY | LANGUAGE | ICWA ELIGIBILITY |
|-----|-----|----------|-----|-----------|----------|------------------|
| ██████ | 2 | Year(s) | M | White* | English | Not Asked |

SCHOOL/DAYCARE NAME

SCHOOL/DAYCARE ADDRESS

| ABUSE CATEGORY (See Screener Narrative Attached) | ALLEGED PERPETRATOR NAME | |
|--------------------------------------------------|--------------------------|--|
| General Neglect | Carolyn H. Schaupp | |
| General Neglect | Frank Sousa | |
| Physical Abuse | Frank Sousa | |

| CASE WORKER NAME (FOR OPEN CASE) | PHONE # (FOR OPEN CASE) | CASELOAD # |
|----------------------------------|-------------------------|------------|
| | | |

## VICTIM INFORMATION

| NAME | AKA (If applicable) | | | | | SOCIAL SECURITY # |
|------|--------------------|--|--|--|--|-------------------|
| ̇tiny Sousa | | | | | | ███████ |

| DOB | AGE | AGE CODE | SEX | ETHNICITY | LANGUAGE | ICWA ELIGIBILITY |
|-----|-----|----------|-----|-----------|----------|------------------|
| ███████ | 7 | Year(s) | F | White* | English | Not Asked |

SCHOOL/DAYCARE NAME

SCHOOL/DAYCARE ADDRESS

| ABUSE CATEGORY (See Screener Narrative Attached) | ALLEGED PERPETRATOR NAME | |
|--------------------------------------------------|--------------------------|--|
| General Neglect | Frank Sousa | |
| General Neglect | Carolyn H. Schaupp | |
| Physical Abuse | Frank Sousa | |

| CASE WORKER NAME (FOR OPEN CASE) | PHONE # (FOR OPEN CASE) | CASELOAD # |
|----------------------------------|-------------------------|------------|
| | | |

### Unlawful Dissemination Of This Information Is A Misdemeanor

State of California Health and Welfare Agency      **EMERGENCY RESPONSE REFERRAL INFORMATION**      Confidential In accordance with
Department of Social Services                                                                         Penal Code Section 11167.5 and/or
CWS Case Management System                                                                            WIC Sections 827 and 10850
IN-ERREFR (12/93)                                                                                     Page 2 of 4

CHILD(RENS) NAME(S)
Lincoln J. Sousa
Destiny Sousa

CHILD I.D. #
0673-3849-8264-2053204
1045-4281-3605-0053204

## COLLATERAL INFORMATION

NAME

ROLE                    FOR/TO

ADDRESS                                          PRIMARY PHONE

| CONTACT DATE | CONTACT METHOD | DESCRIPTION |
|---|---|---|
| | | |

## CROSS REPORT INFORMATION

AGENCY
Modesto Police Department

OFFICIAL CONTACTED          TITLE

ADDRESS
Modesto Police Department
600 10th St
Modesto, California 95354

PHONE NUMBER          BADGE NO.

CROSS REPORTED BY
..ahwerdi, Leada

DATE & TIME OF REPORT
09/22/2014    03:45pm

## Unlawful Dissemination Of This Information Is A Misdemeanor

## REFERRAL HISTORY

| REFERRAL ID | CLIENT NAME | | REFERRAL ROLE | REFERRAL DATE |
|---|---|---|---|---|
| ALLEGATION TYPE | | ALLEGATION DISPOSITION | | |

## REPORTER INFORMATION

NAME                    AGENCY OR ORGANIZATION          RELATIONSHIP

ADDRESS                                          PRIMARY PHONE

                                                SECONDARY PHONE

| CONTACT DATE | CONTACT METHOD | DESCRIPTION |
|---|---|---|
| | | |

State of California Health and Welfare Agency
Department of Social Services
CWS Case Management System
IN-ERREFR (12/93)

**EMERGENCY RESPONSE REFERRAL INFORMATION**

Confidential in accordance with
Penal Code Section 11167.5 and/or
WIC Sections 827 and 10850
Page 4 of 4

## DELIVERED SERVICE LOG
### Contacts

**FROM:** 9/22/2014    **TO:** 2/8/2016

**FOR:** Destiny Sousa
Lincoln J. Sousa

**Contact Date:** 09/22/2014    **On Behalf Of:** Lincoln J. Sousa, Destiny Sousa
**Contact Purpose:** Investigate Referral    **Staff Person:** Luis Maldonado
**Participant(s):**
**Method:** In-Person    **Location:** Home    **Status:** Completed

09/22/2014
03:48 pm

SW Maldonado received an immediate response referral from SW Allahwerdi from the intake unit. SW Maldonado was informed that the allegations were pertaining minor Destiny Souza ████████████ and the perpetrator was her father Frank Souza. Intake SWer Allahwerdi informed this SWer that minor had a "hanger type" marks on her ck. At the time of the call; SW Maldonado was conducting an interview. SW Maldonado completed the interview then responded to Stanislaus Elementary in Modesto CA to make contact with Destiny.

**Contact Date:** 09/22/2014    **On Behalf Of:** Lincoln J. Sousa, Destiny Sousa
**Contact Purpose:** Investigate Referral    **Staff Person:** Luis Maldonado
**Participant(s):** Destiny Sousa
**Method:** In-Person    **Location:** School    **Status:** Completed

04:43 pm

### Unlawful Dissemination Of This
### Information Is A Misdemeanor

SW Maldonado arrived at Stanislaus Elementary in Modesto CA. Before speaking with Destiny; SWer Maldonado spoke with the ████ of the referral. SW Maldonado reviewed the referral allegations with the ████. SW Maldonado inquired about past signs of abuse. ████ reported no previous signs of abuse. ████ informed this SWer about a current custody battle between both parents. No additional information was provided by the ████. . SW Maldonado then proceeded to speak with minor Destiny Souza ████████

S/V: SW Maldonado introduced himself to Destiny as a CPS SWer from Stanislaus. County. SW Maldonado advised the minor the interview was voluntary and the option of having a school staff person. Destiny reported feeling safe speaking with this SWer and reported not wanting a staff person present. Destiny appeared clean and healthy with no visible marks or bruises. Destiny agreed to speak only with truthful statements while speaking with this SWer. Destiny explained to SW ˙ˑ˙ldonado that she lives with both mom and dad as they are separated. SW Maldonado ˷sked Destiny if she felt safe at both homes and she reported yes. SW Maldonado then proceeded to speak with Destiny regarding the referral allegations. According to Destiny; the referral allegations are true. Destiny reported that the previous night her dad Frank had disciplined her with a hanger after she was not following the rules. SW Maldonado inquired about the incident. Destiny reported that her

healthy at the time of the visit with no visible marks as minor was only wearing a
clean diaper. Frank then called Destiny from her room. Destiny remembered this
SWer from the previous interaction at the school. SW Maldonado greeted Destiny.
No other information was provided by Destiny. SW Maldonado then proceeded to make
contact with Carolyn Schaupp.

**Contact Date:** 09/22/2014   **On Behalf Of:** Lincoln J. Sousa, Destiny Sousa
**Contact Purpose:** Investigate Referral         **Staff Person:** Luis Maldonado
**Participant(s):** Carolyn H. Schaupp
**Method:** Telephone            **Location:** Other            **Status:** Completed


06:12pm

SW Maldonado placed a t/c to Carolyn Schaupp mother to both minors. SW Maldonado
offered the opportunity of a face to face interview. Carolyn declined the option
of a f/f interview and reported wanting to discuss the referral allegations over
the phone. SW Maldonado briefed Carolyn regarding the referral allegations.
Carolyn reported not being aware of the referral allegations. SW Maldonado
explained to Carolyn that minor had a mark on her back side and a side bruise that
minor presented during the interview. Carolyn expressed having concerns with the
type of care that both minors are provided with at their father's home. Carolyn
was not able to elaborate on what the concerns are. SW Maldonado explained to
rolyn the importance of requesting a child welfare check when needed. SW
Maldonado also explained to Carolyn the importance of obtaining full custody of the
minors if she felt that she could provide better care; SW Maldonado explained that
custody matters can be mediated via family court. Carolyn reported understanding.
SW Maldonado informed Carolyn that LE had been called but no report was taken.

**Contact Date:** 09/25/2014   **On Behalf Of:** Lincoln J. Sousa, Destiny Sousa
**Contact Purpose:** Investigate Referral         **Staff Person:** Luis Maldonado
**Participant(s):**
**Method:** In-Person            **Location:** CWS Office         **Status:** Completed


SW Maldonado was made aware of additional information. It was reported to this
SWer that Carolyn had been granted custody of the minors. No additional

Summary: Allegations of physical abuse are found to be unfounded by SW Maldonado
based on the investigation conducted and the reports provided. Allegations of
general neglect will be substantiated by SW Maldonado based on the mark presented
by minor. SW Maldonado spoke with minor at Stanislaus Elementary. Minor reported
that her dad Frank Souza had hit her with a coat hanger as a form of punishment.
Minor presented mark on her back. SW Maldonado took a picture and it will be
included at the end of this report. SW Maldonado then spoke with Frank Sousa who
reported the allegations as false. SW Maldonado explored discipline with minor;
minor reported that non physical forms are used such as timeouts, or getting sent
to the room. Incident was crossed reported to Modesto Police Dep. but not report
~as taken. SW Maldonado spoke with Carolyn Schaupp mother to the minors. SW
_ldonado addressed concerns and custody issues via family curt. Carolyn reported
understanding.

Unlawful Dissemination Of This
Information Is A Misdemeanor

PA:   UNFOUNDED
GN:   SUBSTANTIATED
RD:   04/2030

SEP 26 AM 6:43

**MODESTO POLICE DEPARTMENT**
**POLICE REPORT**

MPO Class Code
☑ Misd   ☐ Felony

☐ Booked   ☑ Dispatched
☐ Cited   ☐ On View
☐ C/R   ☐ TRU
☑ D.A. Complaint

Page No. 1 of 2

Report No. MP14-091844

Offense Code No. & Description
273(b) PC

☐ I&S WANT   ☐ DRUG REL.
☐ HATE CRIME   ☐ ALCOHOL REL.
☐ DOM. VIOL.   ☐ GANG REL.

Date/Time Reported 9/25/14   2135

Platoon 4+4

Beat 64

R.D.

Date(s) of Occurrence 9/23/14

Day(s) of Week TUE

Time(s) of Occurrence EARLY DAY

Location of Occurrence / Business Name / City, County 1925 KLEMM CT

RECORDS USE ONLY

MODESTO, STANISLAUS

**C - COMPLAINANT    D - DEFENDANT    S - SUSPECT    W - WITNESS    V - VICTIM**

Code V   Name (Last, First, Middle) CONFIDENTIAL
Interp. ☐ Yes ☐ No
Residence Address
Residence Phone

Occupation   Race   Sex ☐ M ☐ F   Age   Date of Birth
Business / School Address
Business / Cell Phone

Code S   Name (Last, First, Middle) SOUSA FRANK
Interp. ☐ Yes ☐ No
Residence Address 1925 KLEMM CT
Residence Phone 818-3261

Occupation MECHANIC   Race H   Sex ☐ M ☐ F   Age   Date of Birth
Business / School Address UNKNOWN
Business / Cell Phone

Desc. HMA   Hair   Eyes   Height   Weight   Clothing

Personal Oddities (unusual features, scars, tattoos, etc) NONE
WEAPON (verbal threats, bodily force, simulated gun, etc. IF KNIFE OR GUN, DESCRIBE FULLY) BODILY FORCE (HANGER PLASTIC)

Code W   Name (Last, First, Middle) SCHAUPP CAROLYN
Interp. ☐ Yes ☐ No
Residence Address 2313 PEPPERMINT #B
Residence Phone 586-3130

Occupation NURSE   Race W   Sex ☐ M ☐ F   Age   Date of Birth
Business / School Address DOCTORS MEDICAL
Business / Cell Phone 578-1211

Desc. WFA   Hair   Eyes   Height   Weight   Clothing

Personal Oddities (unusual features, scars, tattoos, etc) NONE
WEAPON (verbal threats, bodily force, simulated gun, etc. IF KNIFE OR GUN, DESCRIBE FULLY) NONE

☐ Suspect ☐ Victim   Year   Make   Model   Body Style   Color / Color   License No.   State   Expiration

Veh Identifiers (Damage, Custom Wheels, etc.)   VIN   Veh Disposition   ☐ Towed

Registered Owner Name   Residence Address   Residence Phone   Business / Cell Phone

**PROPERTY / CASE NARRATIVE**

| Qty | Article Name | I.D. Serial Numbers | Model Name and Brand, Make or Manufacturer | Model Numbers | Complete Description (color, size, etc.) | Value |
|---|---|---|---|---|---|---|
| | | | | | | |

1-CPS

MODESTO POLICE DEPARTMENT
CONTROLLED DOCUMENT
Released ___ Date ___
By ___
NOT FOR RELEASE TO A THIRD PARTY
DUPLICATION CONTROLLED BY LAW

OFFICER REQUEST FOR COPIES
☐ Reporting Officer(s)

INSURANCE COMPANY   ☐ ADDITIONAL PROPERTY   TOTAL VALUES $

CITIZEN ARREST
☐ Yes ☑ No
I hereby arrest the above defendant on the charge indicated and request a peace officer to take him/her into custody. I will appear as directed and sign a complaint against the person I have arrested.
Signature of Arresting Citizen

CASE DISPOSITION
☐ Cleared By Arrest   ☑ Open   ☐ Closed
☐ Unfounded   ☐ Exceptionally Cleared   ☐ Suspended Pending Further Information
☐ VICTIM REFERRED TO AVAILABLE RESOURCES

**Unlawful Dissemination Of This Information IS A Misdemeanor**

Date / Time of Report 9/26/14   0030
Reporting Officer(s) #1 LEWELLEN   IBM 11247   #2
Reviewer's Initials
Dictated Narrative ☐ Yes ☑ No
Follow-up Required ☐ Yes ☐ No

| Offense Code No. & Description | | **MODESTO POLICE DEPARTMENT** | Page No. | Report No. |
|---|---|---|---|---|
| 273(6) | | **SUBJECT REPORT** | 2 of 2 | MP14-091844 |

| Code | Name (Last, First, Middle) | | | | | Residence Address | | Residence Phone |
|---|---|---|---|---|---|---|---|---|
| W | BORCES VALERIE | | | | | 1909 KLEMM CT | | 496-2180 |
| **Occupation** | | Race | Sex | Age | Date of Birth | Business/School Address | | Business Phone |
| UNKNOWN | | W | F | 35 | | | | |
| **Desc.** | | Hair | Eyes | Height | Weight | Clothing | | |
| WFA | | — | — | — | — | | | |
| **Personal Oddities (unusual features,) scars, tattoos, etc.** | | | | | | WEAPON (verbal threats, bodily force, simulated gun. etc. If knife or gun, describe fully) | | |
| NONE | | | | | | NONE | | |

| Code | Name (Last, First, Middle) | | | | | Residence Address | | Residence Phone |
|---|---|---|---|---|---|---|---|---|
| W | SAULS MALISHA | | | | | 1425 KLEMM CT | | 818-3261 |
| **Occupation** | | Race | Sex | Age | Date of Birth | Business/School Address | | Business Phone |
| UNKNOWN | | W | F | 30 | | | | |
| **Desc.** | | Hair | Eyes | Height | Weight | Clothing | | |
| WFA | | — | — | — | — | | | |
| **Personal Oddities (unusual features,) scars, tattoos, etc.** | | | | | | WEAPON (verbal threats, bodily force, simulated gun, etc. If knife or gun, describe fully) | | |
| NONE | | | | | | NONE | | |

| Code | Name (Last, First, Middle) | | | | | Residence Address | | Residence Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| **Occupation** | | Race | Sex | Age | Date of Birth | Business/School Address | | Business Phone |
| | | | | | | | | |
| **Desc.** | | Hair | Eyes | Height | Weight | Clothing | | |
| | | | | | | | | |
| **Personal Oddities (unusual features,) scars, tattoos, etc.** | | | | | | WEAPON (verbal threats, bodily force, simulated gun, etc. If knife or gun, describe fully) | | |

| Code | Name (Last, First, Middle) | | | | | Residence Address | | Residence Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| **Occupation** | | Race | Sex | Age | Date of Birth | Business/School Address | | Business Phone |
| | | | | | | | | |
| **Desc.** | | Hair | Eyes | Height | Weight | Clothing | | |
| | | | | | | | | |
| **Personal Oddities (unusual features,) scars, tattoos, etc.** | | | | | | WEAPON (verbal threats, bodily force, simulated gun, etc. If knife or gun, describe fully) | | |

| Code | Name (Last, First, Middle) | | | | | Residence Address | | Residence Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| **Occupation** | | Race | Sex | Age | Date of Birth | Business/School Address | | Business Phone |
| | | | | | | | | |
| **Desc.** | | Hair | Eyes | Height | Weight | Clothing | | |
| | | | | | | | | |
| **Personal Oddities (unusual features,) scars, tattoos, etc.** | | | | | | WEAPON (verbal threats, bodily force, simulated gun, etc. If knife or gun, describe fully) | | |

| Code | Name (Last, First, Middle) | | | | | Residence Address | | Residence Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| **Occupation** | | Race | Sex | Age | Date of Birth | Business/School Address | | Business Phone |
| | | | | | | | | |
| **Desc.** | | Hair | Eyes | Height | Weight | Clothing | | |
| | | | | | | | | |

**RECORDS USE ONLY**

- ☐ Chief
- ☐ Capt. Opt.
- ☐ Capt. Spt.
- ☐ Field Op. Dir.
- ☐ Invest. Dir.
- ☐ Records Mgr.
- ☐ Aband. Auto
- ☐ Animal Cont.
- ☐ Crime Analys.
- ☐ Crime Prevrt.
- ☐ Pawn
- ☐ P S D
- ☐ STAT
- ☐ TRF
- ☐ NPU
- ☐ Prop Ch.
- ☐ Reporting. Ofcr.
- ☐ Warrant Ofcs.
- ☐ N.E. Area Cmd
- ☐ N.W. Area Cmd
- ☐ S.E. Area Cmd
- ☐ S.W. Area Cmd
- ☐ ABC
- ☐ CII
- ☐ City Attorney
- ☐ Court Liaison
- ☐ DEA
- ☐ Diversion
- ☐ DSO.
- ☐ Press
- ☐ Other
- ☐ ____
- ☐ ____

**OFFICER REQUESTS FOR COPIES**
- ☐ ____
- ☐ ____
- ☐ ____
- ☐ ____
- ☐ ____

**Unlawful Dissemination Of This Information Is A Misdemeanor**

| Date / Time of report | Reporting Officer #1 | IBM # | Reviewer's initials | Dictated Narrative | Follow-up Required |
|---|---|---|---|---|---|
| 9/26/14 0030 | LEWELLEN #2 | 11247 | | ☐ Yes ☑ No | ☐ Yes ☑ No |

Detective Kleiber
# MP-18088144

10/30/18

Frank lives alone
report of Lincoln
watching porn
with Lindsay.



*Memorial Medical Center*

A Sutter Health Affiliate

*With You. For Life.*

1700 Coffee Road
Modesto, CA 95355
(209) 526-4500

www.memorialmedicalcenter.org

Carla Mensonides, RN
Health Care Career Coordinator
569-7680

Shirley Rodrigues
Health Care Career Assistant Coordinator
569-7549

**EPO-001**

ONE copy to court, ONE copy .estrained person, ONE copy to protected person, ONE copy to issu. ency

LAW ENFORCEMENT CASE NUMBER:
MP-14-091844

# EMERGENCY PROTECTIVE ORDER (See reverse for important notices.)

**1. PROTECTED PERSONS** (insert names of all persons protected by this Order):
DESTINY SOUSA   LINCOLN SOUSA   CAROLYN SCHAUPP

**2. RESTRAINED PERSON** (name): FRANK SOUZA

Sex: ☒ M  ☐ F  Ht: 5'10"  Wt: 110  Hair color: BLN  Eye color: BRN  Race: ___  Age: 48  Date of birth: 8/3/66

**3. TO THE RESTRAINED PERSON:**

a. ☒ **YOU MUST NOT** harass, attack, strike, threaten, assault (sexually or otherwise), hit, follow, stalk, molest, destroy any personal property of, disturb the peace of, keep under surveillance, or block the movements of each person named in item 1.

b. ☐ **YOU MUST NOT** contact, either directly or indirectly, by any means, including but not limited to by telephone, mail, e-mail or other electronic means, any person named in item 1.

c. ☐ **YOU MUST** ☒ stay away at least: 100 yards from each person named in item 1.
☐ stay away at least: _____ yards from  ☐ move out immediately from
(address): _____

d. **YOU MUST NOT** own, possess, purchase, receive, or attempt to purchase or receive any firearm or ammunition. If you have any firearms, you must turn them in to a law enforcement agency or sell them to a licensed gun dealer (see page 2).

e. **YOU MUST NOT** take any action, directly or through others, to obtain the addresses or locations of any person named in item 1.

**4.** ☒ (Name): CAROLYN SCHAUPP is given temporary care and control of the following minor children of the parties (names and ages): DESTINY SOUSA 7 yrs AND LINCOLN SOUSA 2 yrs

**5. THIS ORDER WILL EXPIRE AT THE CLOSE OF THE COURT BUSINESS DAY ON:** THURS 10-14 5:00PM

INSERT DATE OF FIFTH COURT DAY OR SEVENTH CALENDAR DAY, WHICHEVER IS EARLIER; DO NOT COUNT DAY THE ORDER IS GRANTED

**6. TO THE PROTECTED PERSON:** If you need protection for a longer period of time, you must request restraining orders from the court in the county where you live:

(Name and address of court): _____

If you go to court to request restraining orders, take your copy of this form with you. If a juvenile petition is pending, file in that court.

**7.** Reasonable grounds for the issuance of this Order exist, and an emergency protective order is necessary to prevent the occurrence or recurrence of domestic violence, child abuse, child abduction, elder or dependent adult abuse, or stalking.

**8.** Judicial officer (name): CORDOVA   granted this Order on (date): 9/2/14   at (time): 2015

## APPLICATION

**9.** The events that caused the protected person to fear immediate and present danger of domestic violence, child abuse, child abduction, elder or dependent adult abuse (except solely financial abuse), or stalking are (give facts and dates; specify weapons): FRANK STRUCK HIS DAUGHTER DESTINY WHO IS 7 yrs FIVE TIMES ON HER TOE AND BACK WITH A PLASTIC HANGER. DESTINY SUFFERED A BRUISE ON THE LEFT SIDE OF HER BODY.

**10.** ☐ Firearms were:  ☐ observed  ☐ reported  ☐ searched for  ☐ seized

**11.** ☐ The person to be protected lives with the person to be restrained and requests an order that the restrained person move out immediately from the address in item 3c.

**12.** ☒ The person to be protected has minor children in common with the person to be restrained, and a temporary custody order is requested because of the facts alleged in item 9. A custody order ☒ does  ☐ does not exist.

By: LEWELLIN 11247

(PRINT NAME OF LAW ENFORCEMENT OFFICER)   (SIGNATURE OF LAW ENFORCEMENT OFFICER)

Agency: MODESTO POLICE   Telephone No.: 572-9500   Badge No.: 11247

## PROOF OF SERVICE

**13.** Person served (name): _____

**14.** I personally delivered copies of this Order to the person served as follows:  Date: _____  Time: _____
Address: _____

**15.** At the time of service, I was at least 18 years of age and not a party to this cause.  ☐ I am a California law enforcement officer.

**16.** My name, address, and telephone number are (this does not have to be server's home telephone number or address):

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: _____

(TYPE OR PRINT NAME OF SERVER)   (SIGNATURE OF SERVER)   Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
EPO-001 [Rev. January 1, 2013]
Approved by DOJ

**EMERGENCY PROTECTIVE ORDER (CLETS–EPO)**
**(Domestic Violence, Child Abuse, Elder or Dependent Adult Abuse, or Stalking)**

Family Code, §§ 6240–6275;
Penal Code, § 646.91
www.courts.ca.gov

# Exhibit F
## Sierra Vista Reports



"A Commitment to Caring"

Administrative Office  100 Poplar St ▾ Modesto, CA 95354 ▾ (209) 523-4573 ▾ www.svcfs.org

Case name: Schaupp/Sousa          Court Number: 688253

Mediator: Kim Mallock     Date of Contact: 2/16/17

Person's Being Supervised: _____ Carolyn Schaupp

Names / Ages of Children: _____ Destiny — 9     Lincoln — 4

_____

**Detailed Description of Contact (facts, observations, direct statements made, duration)**

*Phone call w/ mom. Mom had concerns regarding visits. She stated there was emotional & physical abuse. Client was told if there is suspected physical abuse we would report it to CPS. She stated Destiny was emotionally abused by dad. Writer looked at notes from last visit. Destiny did mention she's getting fat w/ stretchmarks, but didn't mention who told her these things.

**Child (ren) Reaction to Contact:** Mom was told she can ask child.

Mom wants to speak w/ coordinator (regarding CPS reporting)

**Observation/ Reflections Regarding Contact:**

Name of Supervisor: _____     Date: 2/16/17



"A Commitment to Caring"

Administrative Office   100 Poplar St ♥ Modesto, CA 95354 ♥ (209) 523-4573 ♥ www.svcfs.org

Case name: __Schaupp / Sousa__    Court Number: __688253__

Mediator: __Kim Mallack__    Date of Contact: 01. 25. 17

Person's Being Supervised: __Carolyn  Schaupp__

Names / Ages of Children: __Destiny - 9     Lincoln - 4__

Lasted 45 mins

### Detailed Description of Contact (facts, observations, direct statements made, duration)

mom said its important that you find someone @ school to talk to. Destiny said "No, I like my visits and Ican talk to you when Im stressed until this all gets worked out. Both Parties on time

Destiny ran in and yelled "mom". Lincoln yelled "mommy". They both ran over and hugged mom. mom asked Lemme see your teeth". Destiny showed mom her teeth. mom asked if she is brushing (2x) daily Destiny said "once@night". mom asked please brush them 2x daily they are very important. Lincoln gave mom kisses and asked writter for the toy. mom took picture of daughter. Destiny said I keep looking at the pictures. Mom asked if there were anything that she wants to talk to mom about "like girly things". Mom asked if there are any girly issues she needs to talk about. Destiny said "yes I just im getting fat with stretch marks". mom asked "who told you that?" "what concerns you with that? Destiny asked for the book "Sisters". Mom asked if she shares it" Destiny said mom said Destiny "No"

### Child (ren) Reaction to Contact:

Lincoln grabed toys and was reference for moms contact. mom tickled Lincoln and each were laughing. Lincoln threw toy phone" then crawled into moms lap. Played Hedbans with all three children enthusiastic. Destiny had to use potty, took both children out to restroom. mom asked to take picture, both children jumped up. mom told Lincoln the babies name and said "ew".

### Observation/ Reflections Regarding Contact:

Destiny showed up with boots w/detached sole.

Mom was nurturing, understanding age appropriate. and supportive when discussing Puberty (weight, Stretchmarks, period) Destiny was intrested in conversation. Children were energetic. and maintained an ongoing conversation. Destiny curled up next to mom for 10 min + talked about friends at school.

Name of Supervisor: ___Malock  Lincoln___    Date: 01.25.17



"A Commitment to Caring"

Administrative Office   100 Poplar St ♥ Modesto. CA 95354 ♥ (209) 523-4573 ♥ www.svcfs.org

Case name: _Schaupp / Sousa_____ Court Number: _____

Mediator: _Kim Mallett_ Date of Contact: ___6/21/16___

Person's Being Supervised: _Dustin Schaupp_____

Names / Ages of Children: _Destiny - 9    Lincoln - 4_____

---

**Detailed Description of Contact (facts, observations, direct statements made, duration)**

Mom arrived on time.

Dad failed to show.

Mom waited 12 min
past the hour
before leaving.

**Child (ren) Reaction to Contact:**

**Observation/ Reflections Regarding Contact:**

"A Commitment to Caring"

Administrative Office  100 Poplar St ▼ Modesto, CA 95354 ▼ (209) 523-4573 ▼ www.svcfs.org

Case name: _Schaaf/Sousa_     Court Number: _688253_

Mediator: _Kim Mallock_     Date of Contact: _9/27/16_

Person's Being Supervised: _Gordon Schaaf_

Names / Ages of Children: _Destiny - 9, Lincoln - 8_

_Visiting party contacted no t me._

**Detailed Description of Contact (facts, observations, direct statements made, duration)**

_Custodial party failed to show._

**Child (ren) Reaction to Contact:**

**Observation/ Reflections Regarding Contact:**

Name of Supervisor: _____     Date: _____



SIERRA VISTA
CHILD & FAMILY SERVICES

"A Commitment to Caring"

Administrative Office   100 Poplar St ♥ Modesto, CA 95354 ♥ (209) 523-4573 ♥ www.svcfs.org

Case name: _____    Court Number: _____

Mediator: _____    Date of Contact: _____

Person's Being Supervised: _____

Names / Ages of Children: _____

_____

**Detailed Description of Contact (facts, observations, direct statements made, duration)**

Custodial party - Dad -
FAILED

**Child (ren) Reaction to Contact:**

**Observation/ Reflections Regarding Contact:**



"A Commitment to Caring"

Administrative Office  100 Poplar St ▾ Modesto, CA 95354 ▾ (209) 525-4573 ▾ www.svcfs.org

Case name: Schaupp / Sousa    Court Number: 688253

Mediator: Kim Mallock    Date of Contact: 01·05·17

Person's Being Supervised: Carolyn Schaupp

Names / Ages of Children: Destiny - 9    Lincoln - 4

Lasted 45 mins

mom said it's important that you have someone at school to talk to. Destiny said "no, I like my visits and Zoom talk toys when I'm stressed until this all gets worked out"
Both parties on time

### Detailed Description of Contact (facts, observations, direct statements made, duration)

Destiny ran in and yelled "Mom". Lincoln yelled "mommy". They both ran over and hugged mom. mom asked let me see your teeth". Destiny showed mom her teeth. mom asked if she is brushing (2x) daily. Destiny said "once a night". Mom asked please brush them 2x daily they are very important. Lincoln gave mom kisses and asked written for the toy. mom took picture of daughter. Destiny said I keep looking at the pictures. Mom asked if there were anything that she wants to talk to mom about "like girly things". Mom asked if there are any girly issues she needs to talk about Destiny said "yes just im getting fat with stretch marks". mom asked "who told you that?" "what concerns you with that? Destiny asked for the book "Sisters". Mom asked is she started it". Destiny said

### Child (ren) Reaction to Contact:

"No". Lincoln grabbed toys and wants reference for moms contact. mom picked Lincoln and each were laughing. Lincoln threw toy phone" then crawled into moms lap. Played Hedbanz with all three children, enthusiastic. Destiny had to use potty, took both children out to restroom. mom asked to take picture, both children jumped up. mom told Lincoln that the babies name and said "ew"

### Observation/ Reflections Regarding Contact:

Destiny showed up with boots w/detached sole.

mom was nurturing, understanding, age appropriate. and supportive when discussing puberty (weight, stretchmarks, period). Destiny was interested in conversation. Children were energetic and maintained an ongoing conversation. Destiny curled up next to mom for 10 min + talked about friends at school.



"A Commitment to Caring"

Administrative Office   100 Poplar St ▼ Modesto, CA 95354 ▼ (209) 523-4573 ▼ www.svcfs.org

Case name: __Schaupp /Sousa__   Court Number: __L88153__

Mediator: __Kim Mallack__   Date of Contact: __01 · 25 · 17__

Person's Being Supervised: __Carolyn    Schaupp__

Names / Ages of Children: __Destiny - 9      Lincoln - 4__

__Lasted 45 mins__

mom said its important that you has someone @ school to talk to. Destiny said "no, I like my visits and I can talk to you when Im stressed until this all gets worked out. Both parties on time

### Detailed Description of Contact (facts, observations, direct statements made, duration)

Destiny ran in and yelled "mom". Lincoln yelled "mommy". They both ran over and hugged mom. mom asked let me see your teeth." Destiny showed mom her teeth. mom asked if she is brushing (2x) daily Destiny Said "once@night". mom asked please brush them 2x daily they are very importants. Lincoln gave mom kisses and asked written for the toy. mom took picture of daughter. Destiny said I keep looking at the pictures. mom asked if there were anything that she wants to talk to mom about "like girly things". Mom asked if there are any girly issues she needs to talk about Destiny said "Yes just im getting Fat with stretch marks". mom asked "who told you that?" "What concerns you with that"? Destiny Destiny asked for the book "Sisters". Mom asked "She Share it". Destiny said "No" in it.

### Child (ren) Reaction to Contact:

Lincoln grabed toys and would reference for moms contact. mom ticked Lincoln and Each were laughing. Lincoln threw toy phone then crawled into moms lap. Played Hedbandz with all three children, enthusiastic. Destiny had to use potty, took both children out to restroom. mom asked to take picture, both children jumped up. mom told Lincoln that the babies name and said "ew".

### Observation/ Reflections Regarding Contact:

Destiny showed up with boots w/detached sole.

Mom was nurturing, understanding, age appropriate. and supportive when discussing Puberty (weight, Stretchmarks, period). Destiny was intrested in conversation. Children were energetic and maintained on ongoing conversation. Destiny curledup next to mom for 10 min + talked about friends at school.

Name of Supervisor: _____   Date: 01·25·17

# Exhibit G

## Earned Certificates
## Of Completion



June 20, 2017

To Whom It May Concern:
**Re: Carolyn Schaupp**

Carolyn was enrolled in the 12 week Parenting Program at the Parent Resource Center a non-profit child abuse prevention agency. Classes are held Wednesday Evenings from 5:30 p.m. – 7:00 p.m. The Parent Resource Center meets all of the State of California code wic: 16500-16521.5 requirements for family reunification. Carolyn has successfully completed 12 weeks of parenting which included 2 make up classes on June 20, 2017. Her completion date was Wednesday June 20, 2017.

Parent Resource Center utilizes the <u>Nurturing Program for Parents and Children Birth to Five Years,</u> by Stephen J. Bavolek, PhD. This parenting education program is a nationally recognized *prevention* program of child abuse and neglect. Class size is limited to 20 participants and taught by a certified Bavolek instructor and a trained co-facilitator. Program contents include self-awareness, communication, stress and anger management, ages and stages of development, encouraging your child, building self-esteem and self-concept, positive behavior management and child discipline alternatives instead of corporal punishment. The program also includes learning what constitutes abuse and neglect. If you have any questions regarding the Parent Resource Center's parenting classes, please do not hesitate to call me at (209) 549-8822 or **(209) 549-8193**

Sincerely,

Mary Lynn Lebow
Case Manager



**CENTER OF SOLUTIONS**
- LLC -

# CENTER OF SOLUTIONS, LLC

888-606-1962

### THIS CERTIFIES THAT

## Carolyn Schaupp

has successfully completed a 30 Hour Anger Management Program

## CERTIFICATE OF COMPLETION

Given this 14th day of September, 2018

*Dr. Kathy S. Garber*

_____

Licensed Marriage and Family Therapist
Certified Anger Management Facilitator.
Certified Mediator

FL-305

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME:
FIRM NAME: Carolyn Hope Schaupp        Speedy Legal
STREET ADDRESS: 416 Pedersen Rd Unit B    1031 Mchenry Avenue Ste 17
CITY:                    STATE:        ZIP CODE:
TELEPHONE NO.: (209) 408-5250 S.L.    LD    FAX NO.: LDA 08-004 03/20
E-MAIL ADDRESS:                    Stanislaus
ATTORNEY FOR (name): In Pro Per

FILED

2019 AUG -6  AM 8: 07

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
ASHLYN LAZAROM
BY_____
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Stanislaus
STREET ADDRESS: 800 11th St
MAILING ADDRESS: PO BOX 1098
CITY AND ZIP CODE: Modesto CA 95354
BRANCH NAME: FAMILY LAW

PETITIONER: FRANK JAMES SOUSA
RESPONDENT: CAROLYN HOPE SCHAUPP
OTHER PARENT/PARTY:

**TEMPORARY EMERGENCY (EX PARTE) ORDERS**
[x] Child Custody   [x] Visitation (Parenting Time)   [ ] Property Control
[ ] Other (specify):

CASE NUMBER:

688253

1. **TO (name(s)):** FRANK JAMES SOUSA
   [X] Petitioner   [ ] Respondent   [ ] Other Parent/Party   [ ] Other (specify):

A court hearing will be held on the Request for Order (form FL-300) served with this order, as follows:

a. Date:        Time: 8:30 a.m.        Dept.: 14        Room:
b. Address of court  [x] Same as noted above   [ ] Other (specify):

2. **Findings:** Temporary emergency (ex parte) orders are needed to: (a) help prevent an immediate loss or irreparable harm to a party or to children in the case, (b) help prevent immediate loss or damage to property subject to disposition in the case, or (c) set or change procedures for a hearing or trial.

**COURT ORDERS:** The following temporary emergency orders expire on the date and time of the hearing scheduled in (1), unless extended by court order.

3. [x] **CHILD CUSTODY**        Temporary physical custody, care, and control to:

| a. Child's name | Date of Birth | Petitioner | Respondent | Other Party/Parent |
|---|---|---|---|---|
| Destiny Sousa | 06/16/07 | [ ] | [x] | [ ] |
| Lincoln Sousa | 04/30/12 | [ ] | [x] | [ ] |
|  | **DENIED PENDING THE HEARING** | [ ] | [ ] | [ ] |
|  |  | [ ] | [ ] | [ ] |
|  |  | [ ] | [ ] | [ ] |

[ ] Continued on Attachment 3(a)

b. [x] **Visitation (Parenting Time)** The temporary orders for physical custody, care, and control of the minor children in (3) are subject to the other party's or parties' rights of visitation (parenting time) as follows (specify):

   None pending Hearing.

[ ] See Attachment 3(b)

FL-305

| | |
|---|---|
| PETITIONER: FRANK JAMES SOUSA<br>RESPONDENT: CAROLYN HOPE SCHAUPP<br>OTHER PARENT/PARTY: | CASE NUMBER:<br>688253 |

3. ☒ **CHILD CUSTODY** (continued)

   c. **Travel restrictions**

      (1) The party or parties with temporary physical custody, care, and control of minor children **must not remove the minor children from the state of California unless the court allows it after a noticed hearing.**

      (2) ☑ Petitioner ☐ Respondent ☐ Other Parent/Party must not remove their minor children *(specify):*

         (a) ☑ from the state of California.

         (b) ☐ from the following counties *(specify):*

         (c) ☐ other *(specify):*

   d. ☐ **Child abduction prevention orders** are attached (see form FL-341(B)).

   e. (1) **Jurisdiction:** This court has jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (part 3 of the California Family Code, commencing with section 3400).

      (2) **Notice and opportunity to be heard:** The responding party was given notice and an opportunity to be heard as provided by the laws of the State of California.

      (3) **Country of habitual residence:** The country of habitual residence of the child or children is *(specify):*

        ☒ The United States of America ☐ Other *(specify):*

      (4) **If you violate this order, you may be subject to civil or criminal penalties, or both.**

4. ☐ **PROPERTY CONTROL**

   a. ☐ Petitioner ☐ Respondent ☐ Other Parent/Party is given exclusive temporary use, possession, and control of the following property that the parties ☐ own or are buying ☐ lease or rent

   b. ☐ Petitioner ☐ Respondent ☐ Other Parent/Party is ordered to make the following payments on the liens and encumbrances coming due while the order is in effect:

| | | | |
|---|---|---|---|
| Pay to: | For: | Amount: $ | Due date: |
| Pay to: | For: | Amount: $ | Due date: |
| Pay to: | For: | Amount: $ | Due date: |
| Pay to: | For: | Amount: $ | Due date: |

5. ☐ All other existing orders, not in conflict with these temporary emergency orders, remain in full force and effect.

6. ☐ **OTHER ORDERS** *(specify):*       ☐ Additional orders are listed in Attachment 6.

**DENIED PENDING THE HEARING**

Date: _____

_____
JUDGE OF THE SUPERIOR COURT

_____
*THIS IS A COURT ORDER.*

JACK M. JACOBSON

# EXHIBIT 5

(UNCONSTITUTIONAL COURT ORDERS AND DENIAL OF DUE PROCESS)

| | | |
|---|---|---|
| **PARTY WITHOUT ATTORNEY OR ATTORNEY:** | **STATE BAR NO.:** | **FOR COURT USE ONLY** |

NAME: Carolyn Schaupp
FIRM NAME:
STREET ADDRESS: 416 Pedersen Rd Oakdale CA 95361
CITY:     STATE:     ZIP CODE:
TELEPHONE NO. (209) 566-3130     FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name):

19 JUL 31 AM 7:28

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** STANISLAUS
STREET ADDRESS: 1100 I STREET
MAILING ADDRESS: P. O. BOX 1098
CITY AND ZIP CODE: MODESTO, CA 95353
BRANCH NAME:

PETITIONER: Frank Sousa
RESPONDENT: Carolyn Schaupp
OTHER PARENT/PARTY:

8 85 notpd

| **REQUEST FOR ORDER** [ ✓ ] **CHANGE** [ ✓ ] **TEMPORARY EMERGENCY ORDERS** | **CASE NUMBER:** |
|---|---|
| [✓] Child Custody   [ ] Visitation (Parenting Time)   [ ] Spousal or Partner Support<br>[✓] Child Support   [ ] Domestic Violence Order   [ ] Attorney's Fees and Costs<br>[ ] Property Control   [✓] Other (specify): Children not to be transported by malisha sauls | 688253<br><br>Med: Underwood |

## NOTICE OF HEARING

1. TO (name(s)): Frank Sousa   DCSS

[✓] Petitioner [ ] Respondent [✗] Other Parent/Party [ ] Other (specify):

2. A COURT HEARING WILL BE HELD AS FOLLOWS:

**MEDIATION HEARING**

   a. Date: DEC 1 8 2018   Time: 8:30 a.m. [✓] Dept.: 14 [ ] Room.:
   b. Address of court [ ] same as noted above [✗] other (specify): 800 - 11th Street, Modesto, CA

**ECONOMIC HEARING** DEC 3 1 2018   8:30 a.m. [✗] D15

3. **WARNING to the person served with the *Request for Order*: The court may make the requested orders without you if you do not file a *Responsive Declaration to Request for Order*, serve a copy on the other parties at least nine court days before the hearing (unless the court has ordered a shorter period of time), and appear at the hearing. (See form FL-320-INFO for more information.)**

*(Forms FL-300-INFO and DV-400-INFO provide information about completing this form.)*

## COURT ORDER
### (FOR COURT USE ONLY)

*It is ordered that:*

4. [✓] Time [✓] for service [✗] until the hearing is shortened. Service must be on or before (date): Denied

5. [ ] A *Responsive Declaration to Request for Order* (form FL-320) must be served on or before (date):

6. [✗] The parties must attend an appointment for child custody mediation or child custody recommending counseling as follows (specify date, time, and location): **PARTIES ARE ORDERED TO COMPLETE THE MANDATORY ONLINE ORIENTATION AT WWW.STANCT.ORG. YOU MUST COMPLETE THE ONLINE ORIENTATION PRIOR TO YOUR SCHEDULED HEARING.**

7. [✗] The orders in *Temporary Emergency (Ex Parte) Orders* (form FL-305) apply to this proceeding and must be personally served with all documents filed with this *Request for Order*.

8. [ ] Other (specify): **DENIED PENDING THE HEARING**

Date: 7-30-18

JACK M. JACOBSON    JUDICIAL OFFICER

Form Adopted for Mandatory Use
Judicial Council of California
FL-300 [Rev. July 1, 2016]

Family Code, §§ 2045, 2107, 6224,
6226, 6320-6326, 6380-6383;
Government Code, § 26826
Cal. Rules of Court, rule 5.92
www.courts.ca.gov

**REQUEST FOR ORDER**

CASE NUMBER:
688253

FL-3

**Note:** Place a mark ☒ in front of the box that applies to your case or to your request. If you need more space, mark the box for "Attachment." For example, mark "Attachment 2a" to indicate that the list of children's names and birth dates continues on a paper attached to this form. Then, on a sheet of paper, list each attachment number followed by your request. At the top of the paper, write your name, case number, and "FL-300" as a title. (You may use Attached Declaration (form MC-031) for this purpose.)

1. ☐ **RESTRAINING ORDER INFORMATION**
   One or more domestic violence restraining/protective orders are now in effect between (specify):
   ☐ Petitioner   ☐ Respondent   ☐ Other Parent/Party   (Attach a copy of the orders if you have one.)
   The orders are from the following court or courts (specify county and state):
   a. ☐ Criminal: County/state (specify):        Case No. (if known):
   b. ☐ Family: County/state (specify):          Case No. (if known):
   c. ☐ Juvenile: County/state (specify):        Case No. (if known):
   d. ☐ Other: County/state (specify):           Case No. (if known):

2. ☒ **CHILD CUSTODY**
   ☒ **VISITATION (PARENTING TIME)**                              ☒ I request temporary emergency orders
   a. I request that the court make orders about the following children (specify):

   ☒ Legal Custody to (person who decides: health, education, etc)   ☒ Physical Custody to (person with whom child lives):

   | Child's Name | Date of Birth | Legal Custody to | Physical Custody to |
   |---|---|---|---|
   | Destiny Sousa | 6-16-07 | Carolyn Schaupp | Carolyn Schaupp |
   | Lincoln Sousa | 4-30-12 | " | " |

   b. ☒ The orders I request for ☒ child custody ☒ visitation (parenting time) are:      ☐ Attachment 2a.
      (1) ☒ Specified in the attached forms:
          ☒ Form FL-305   ☒ Form FL-311   ☐ Form FL-312   ☐ Form FL-341(C)
          ☐ Form FL-341(D)  ☐ Form FL-341(E)  ☐ Other (specify):
      (2) ☐ As follows (specify):                                                        ☐ Attachment 2b.

   c. The orders that I request are in the best interest of the children because (specify):   ☐ Attachment 2c.
      Destiny and Lincoln need to have both parents in their life.
      I work 3 days per week and can provide the care and
      stability that Destiny and Lincoln need.

   d. ☒ This is a change from the current order for ☒ child custody ☒ visitation (parenting time).
      (1) ☒ The order for legal or physical custody was filed on (date): ~~May 2014~~ ~~Nov 2015~~ Sept. 13, 2017 . The court ordered (specify):

      (2) ☒ The visitation (parenting time) order was filed on (date): Sept. 13, 2017 . The court ordered (specify):

                                                                                         ☐ Attachment 2d.

FL-300

| PETITIONER: Frank Sousa | CASE NUMBER: |
| RESPONDENT: Carolyn Schaupp | 688263 |
| OTHER PARENT/PARTY: | |

3. [✓] **CHILD SUPPORT**
(Note: An earnings assignment may be issued. See *Income Withholding for Support* (form FL-195))

a. I request that the court order child support as follows:

| Child's name and age | [ ] I request support for each child based on the child support guideline. (If not by guideline) | Monthly amount ($) requested |
| Destny Sousa   11 | | |
| Lincoln Sousa   4 | | |

[ ] Attachment 3a.

b. [✓] I want to change a current court order for child support filed on *(date):* 8/9/17
The court ordered child support as follows *(specify):* 1,800 per month wage assignmen
+ arrears 250.00/mo.

c. I have completed and filed with this *Request for Order* a current *Income and Expense Declaration* (form FL-150) or I filed a current *Financial Statement (Simplified)* (form FL-155) because I meet the requirements to file form FL-155.

d. The court should make or change the support orders because *(specify):*   [✓] Attachment 3d.
I have a daughter penelope for whom I am
unable to provide daycare cost and basic needs
I have had my professional license suspended preventing
me from earning income

4. [ ] **SPOUSAL OR DOMESTIC PARTNER SUPPORT**
(Note: An *Earnings Assignment Order For Spousal or Partner Support* (form FL-435) may be issued.)

a. [ ] Amount requested *(monthly):* $

b. [ ] I want the court to [ ] change [ ] end   the current support order filed on *(date):*
The court ordered $                     per month for support.

c. [ ] This request is to modify (change) spousal or partner support after entry of a judgment.
I have completed and attached *Spousal or Partner Support Declaration Attachment* (form FL-157) or a declaration that addresses the same factors covered in form FL-157.

d. I have completed and filed a current *Income and Expense Declaration* (form FL-150) in support of my request.

e. The court should should make, change, or end the support orders because *(specify):*   [ ] Attachment 4e.

5. [ ] **PROPERTY CONTROL**                     [ ] I request temporary emergency orders

a. The [ ] petitioner [ ] respondent [ ] other parent/party   be given exclusive temporary use, possession, and control of the following property that we [ ] own or are buying [ ] lease or rent   *(specify):*

b. The [ ] petitioner [ ] respondent [ ] other parent/party   be ordered to make the following payments on debts and liens coming due while the order is in effect:

| | | | |
| Pay to: _____ | For: _____ | Amount: $ _____ | Due date:_____ |
| Pay to: _____ | For: _____ | Amount: $ _____ | Due date:_____ |
| Pay to: _____ | For: _____ | Amount: $ _____ | Due date:_____ |
| Pay to: _____ | For: _____ | Amount: $ _____ | Due date:_____ |

c. [ ] This is a change from the current order for property control filed on *(date):*

d. Specify in Attachment 5d the reasons why the court should make or change the property control orders.

**FL-300**

| PETITIONER: Frank Sousa | CASE NUMBER: |
|---|---|
| RESPONDENT: Carolyn Schaupp | 688253 |
| OTHER PARENT/PARTY: | |

6. [ ] **ATTORNEY'S FEES AND COSTS**
   I request attorney's fees and costs, which total *(specify amount)*: $ _____. I filed the following to support my request:
   a. A current *Income and Expense Declaration* (form FL-150).
   b. A *Request for Attorney's Fees and Costs Attachment* (form FL-319) or a declaration that addresses the factors covered in that form.
   c. A *Supporting Declaration for Attorney's Fees and Costs Attachment* (form FL-158) or a declaration that addresses the factors covered in that form.

7. [ ] **DOMESTIC VIOLENCE ORDER**
   - Do not use this form to ask for domestic violence restraining orders! Read form DV-505-INFO, *How Do I Ask for a Temporary Restraining Order*, for forms and information you need to ask for domestic violence restraining orders.
   - Read form DV-400-INFO, *How to Change or End a Domestic Violence Restraining Order* for more information.

   a. The *Restraining Order After Hearing* (form DV-130) was filed on *(date)*:
   b. I request that the court [ ] change [ ] end the personal conduct, stay-away, move-out orders, or other protective orders made in *Restraining Order After Hearing* (form DV-130). *(If you want to change the orders, complete 7c.)*
   c. [ ] I request that the court make the following changes to the restraining orders *(specify)*: [ ] Attachment 7c.

   d. I want the court to change or end the orders because *(specify)*: [ ] Attachment 7d.

8. [✓] **OTHER ORDERS REQUESTED** *(specify)*: [ ] Attachment 8.
   Children not to be transported in a motor vehicle by Malisha Sawls as she has multiple DUI's and driving on a suspened license.

9. [✓] **TIME FOR SERVICE / TIME UNTIL HEARING**; I urgently need:
   a. [✓] To serve the *Request for Order* no less than *(number)*: 5 court days before the hearing.
   b. [✓] The hearing date and service of the the *Request for Order* to be sooner.
   c. I need the order because *(specify)*: [ ] Attachment 9c.
   I have not seen my children since the last court date and they are unsafe in the care being transpord by Malisha Sawls.

10. [✓] **FACTS TO SUPPORT** the orders I request are listed below. The facts that I write in support and attach to this request cannot be longer than 10 pages, unless the court gives me permission. [ ] Attachment 10.
    I have not seen my children since the last court hearing. The children are being cared for by a nanny Malisha Sawls who frequently transports the children and is unsafe.

I declare under penalty of perjury under the laws of the State of California that the information provided in this form and all attachments is true and correct.

Date: 7/27/18

Carolyn Schaupp
(TYPE OR PRINT NAME)

► _____ , RN
(SIGNATURE OF APPLICANT)

**Requests for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courts.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

FL-311

| PETITIONER: Frank Sousa | CASE NUMBER: |
| RESPONDENT: Carolyn Schaupp | 688253 |
| OTHER PARENT/PARTY: | |

## CHILD CUSTODY AND VISITATION (PARENTING TIME) APPLICATION ATTACHMENT
### —This is not a court order—

TO ☐ Petition   ☐ Response   ☑ Request for Order   ☐ Responsive Declaration to Request for Order
☐ Other *(specify):*

1. ☑ **Custody.** Custody of the minor children of the parties is requested as follows:

| Child's Name | Date of Birth | Legal Custody to *(person who decides about health, education, etc.)* | Physical Custody to *(person with whom the child lives)* |
| --- | --- | --- | --- |
| Destiny Sousa | 6-16-07 | Carolyn Schaupp | Carolyn Schaupp |
| Lincoln Sousa | 4-30-12 | | |

2. ☑ **Visitation (Parenting Time).**
   **Note:** Unless specifically ordered, a child's holiday schedule order has priority over the regular parenting time.
   a. ☐ Reasonable right of parenting time (visitation) to the party without physical custody (**not appropriate in cases involving domestic violence).**
   b. ☐ See the attached _____-page document dated *(specify date):*
   c. ☐ The parties will go to child custody mediation or child custody recommending counseling at *(specify date, time, and location):*

   d. ☐ No visitation (parenting time).
   e. ☑ Visitation (parenting time). *(Specify start and ending date and time. If applicable, check "start of" OR "after school.")*
   ☒ **Petitioner's** ☐ **Respondent's** ☐ **Other Parent's/Party's** parenting time (visitation) will be as follows:
      (1) ☐ **Weekends starting** *(date):*
         *(Note: The first weekend of the month is the first weekend with a Saturday.)*
         ☐ 1st ☐ 2nd ☐ 3rd ☐ 4th ☐ 5th weekend of the month
         from _____ at _____ ☐ a.m. ☐ p.m./ if applicable, specify: ☐ start of school
            *(day of week)* *(time)* ☐ after school
         to _____ at _____ ☐ a.m. ☐ p.m./ if applicable, specify: ☐ start of school
            *(day of week)* *(time)* ☐ after school
            (a) ☐ The parties will alternate the fifth weekends, with the ☐ petitioner ☐ respondent
               ☐ other parent/party having the initial fifth weekend, which starts *(date):*
            (b) ☐ The ☐ petitioner ☐ respondent ☐ other parent/party will have the fifth
               weekend in ☐ odd ☐ even numbered months.
      (2) ☑ **Alternate weekends starting** *(date):*
         from **Friday** at _____ ☐ a.m. ☐ p.m./ if applicable, specify: ☐ start of school
            *(day of week)* *(time)* ☒ after school
         to **Monday** at _____ ☐ a.m. ☐ p.m./ if applicable, specify: ☐ start of school
            *(day of week)* *(time)* ☒ after school
      (3) ☐ **Weekdays starting** *(date):*
         from _____ at _____ ☐ a.m. ☐ p.m./ if applicable, specify: ☐ start of school
            *(day of week)* *(time)* ☐ after school
         to _____ at _____ ☐ a.m. ☐ p.m./ if applicable, specify: ☐ start of school
            *(day of week)* *(time)* ☐ after school
      (4) ☑ Other visitation (parenting time) days and restrictions are: ☐ listed in Attachment 2e(4)
         ☑ as follows:
         And one overnight visit per week. Extended weekend monday.

Form Approved for Optional Use
Judicial Council of California
FL-311 [Rev. July 1, 2016]

**CHILD CUSTODY AND VISITATION (PARENTING TIME)
APPLICATION ATTACHMENT**

Family Code, § 6200 et seq.
www.courts.ca.gov

FL-311

| PETITIONER: Frank Sousa | CASE NUMBER: |
|---|---|
| RESPONDENT: Carolyn Schaupp | 688253 |
| OTHER PARENT/PARTY: | |

3. ☐ **Supervised visitation (parenting time).**

    a. **If item 3 is checked, you must attach a declaration that shows why unsupervised visitation (parenting time) would be bad for your children. The judge is required to consider supervised visitation if one parent or party is alleging domestic violence and is protected by a restraining order.**

    b. ☐ The person who supervises the visitation (parenting time) must meet the requirements listed in *Declaration of Supervised Visitation Provider* (form FL-324) under Family Code § 3200.5.

    c. I request that *(name):*    have supervised visitation (parenting time) with the minor children according to the schedule set out on page 1.

    d. I request that the visitation (parenting time) be supervised by *(name):* who is a ☐ professional ☐ nonprofessional supervisor. The supervisor's phone number is *(specify):*

    e. I request that any costs of supervision be paid as follows: petitioner:    percent; respondent:    percent; other parent/party:    percent.

4. ☑ **Transportation for visitation (parenting time) and place of exchange.**

    a. The children will be driven only by a licensed and insured driver. The car or truck must have legal child restraint devices.

    b. ☐ Transportation to begin the visits will be provided by *(name):*

    c. ☐ Transportation from the visits will be provided by *(name):*

    d. ☑ The exchange point at the beginning of the visit will be *(address):* Modesto police Department.

    e. ☐ The exchange point at the end of the visit will be *(address):*

    f. ☐ During the exchanges, the party driving the children will wait in the car and the other party will wait in his or her home (or exchange location) while the children go between the car and the home (or exchange location).

    g. ☐ Other *(specify):*

5. ☑ **Travel with children.** The ☑ petitioner ☐ respondent ☐ other parent/party must have written permission from the other parent or party, or a court order, to take the children out of the following places:

    a. ☑ the state of California.

    b. ☐ the following counties *(specify):*

    c. ☐ other places *(specify):*

6. ☐ **Child abduction prevention.** There is a risk that one of the parties will take the children out of California without the other party's permission. I request the orders set out on attached form FL-312.

7. ☐ **Children's holiday schedule.** I request the holiday and vacation schedule set out on the attached ☐ form FL-341(C) ☐ Other *(specify):*

8. ☐ **Additional custody provisions.** I request the additional orders regarding custody set out on the attached ☐ form FL-341(D) ☐ Other *(specify):*

9. ☐ **Joint legal custody provisions.** I request joint legal custody and want the additional orders set out on the attached ☐ form FL-341(E) ☐ Other *(specify):*

10. ☐ **Other.** I request the following additional orders *(specify):*

**CHILD CUSTODY AND VISITATION (PARENTING TIME) APPLICATION ATTACHMENT**

**FW-003** **Order on Court Fee Waiver**
**(Superior Court)**

*Clerk stamps date here when form is filed.*

19 JUL 31 AM 7: 30

ASHLYN TALBROW

**(1)** **Person who asked the court to waive court fees:**
Name: Carolyn Schaupp
Street or mailing address: 414 Pedersen Rd. unit B
City: Oakdale          State: CA Zip: 95361

**(2)** **Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):* _____

*Fill in court name and street address:*

Superior Court of California, County of
Stanislaus
1100 I Street
P. O. Box 1098
Modesto, CA 95353

**(3)** A request to waive court fees was filed on *(date):* 7/27/18

☐ The court made a previous fee waiver order in this case on *(date):*

*Fill in case number and name:*

Case Number: 688253

Case Name: Sousa v. Schaupp

*Read this form carefully. All checked boxes* ☑ *are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for $10,000 or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:  ☑ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☐ The court **grants** your request, as follows:

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rule 3.55. and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Reporter's fee for attendance at hearing or trial, if reporter provided by the court
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal excess language
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
☐ Jury fees and expenses                       ☐ Fees for a peace officer to testify in court
☐ Fees for court-appointed experts            ☐ Court-appointed interpreter fees for a witness
☐ Other *(specify):*

Judicial Council of California, *www.courts.ca.gov*
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**CEB** Essential
ceb.com Forms

**Order on Court Fee Waiver (Superior Court)**

**FW-003**, Page 1 of 2

Fee Waiver

Your name: _Carolyn Schupp_

Case Number: _C08253_

---

b. ☒ The court **denies** your fee waiver request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date of service on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items):*

_____

(2) ☒ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):*   ~~Income exceeds guidelines~~

_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)*, form FW-006. You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c. below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):*

_____

☐ Bring the following proof to support your request if reasonably available:

_____

Name and address of court if different from above:

_____

| Hearing Date → | Date: _____ | Time: _____ |
| | Dept.: _____ | Room: _____ |

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: 1-30-18

Signature of (check one): ☒ Judicial Officer   ☐ Clerk, Deputy

JACK M. JACOBSON

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation*, Form MC-410. (Civil Code, § 54.8.)

*(handwritten left margin:)* MC  Total due $985 on or before 8/10/18

---

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):* ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☒ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* _Modesto_, California on the date below.

Date: ___JUL 3 1 2018___   Clerk, by _Ashlyn Lazarom_, Deputy

ASHLYN LAZAROM

**This is a Court Order.**

FRANK JAMES SOUSA                    vs.    CAROLYN HOPE SCHAUPP
Petitioner                                 Respondent

Case #688253                               Hearing Date August 09, 2017


This order applies to the following minor child(ren):
DESTINY GRACE SOUSA DOB: 06/16/2007    LINCOLN SOUSA DOB: 04/31/2012


1.    The following custody and visitation orders are imposed by the Court
      based upon the combined agreement of the parties and recommendation
      of the child custody counselor. This order shall supersede all prior
      orders.

2.    This matter is referred to a focused Family Court Services Evaluation
      of limited scope, appointed under Family Code Sections 3110, et.
      seq., Evidence Code Section 730 at 706 13th St. Modesto Ca (Phone:
      209-380-4183). The children are to appear on 8/28/17 at 2:00 p.m. and
      any further meetings as directed by the Evaluator.

3.    The Father shall have sole legal and sole physical custody.

4.    The Father shall have all non-designated time with the children.

5.    All contact of the children with the Mother, including during
      transportation, shall be under the direct supervision and in the
      physical presence of Sierra Vista. Cost shall be paid by the Mother.
      The Mother shall have at least one visit per week.

6.    Neither party shall say anything, do anything, or allow any conduct
      which might tend to alienate the affections of the minor children for
      the other parent.

7.    Both parents shall be responsible for intervening with their
      respective family members and friends to ensure that the natural
      development of the child's love and respect for each parent is not
      impaired.

8.    Neither party shall discuss the Court proceedings in the presence of
      the children except to inform the children of the time sharing
      schedule, nor shall the children be exposed to any Court papers or
      disputes between the parents.

9.    Neither parent shall interrogate the children about the other parent,
      or use the children as messengers for communication about adult
      business, nor allow any other person to do so.

FRANK JAMES SOUSA                        vs.      CAROLYN HOPE SCHAUPP
Petitioner                                        Respondent

Case #688253                                      Hearing Date August 09, 2017

10. Each party shall inform the other of any change in his/her mailing address and message telephone number within 24 hours of any change.

11. The parties shall refrain from using illegal substances at all times and shall not permit the children to be in the presence of any illegal substances.

12. Each parent shall notify the other immediately of any emergency involving the children. Each parent is permitted to obtain emergency health care for the children without the consent of the other parent. Each parent shall notify the other parent as soon as reasonably possible of any illness requiring any medical attention for the children.

13. The Family Court Services Child Custody Counselor / Evaluator and the Court designated private counselor, Evaluator, Health Care Provider, designated supervisor, and personnel from the children's school are permitted to communicate with one another concerning confidential information pertaining to the children, their families, and the child custody case.

14. The parents are restrained from interfering with the transporting of the children's clothing and personal possessions between the parents' homes. Each parent shall ensure that the children's clothing and personal possessions are returned to their home of origin in a timely manner, unless otherwise agreed upon between the parties.

15. Neither party shall allow the use of corporal punishment upon the children.

16. The Mother shall not consume alcohol to excess during her period of care, custody and control and for 24 hours prior thereto.

17. If the restriction concerning drug use or alcohol is violated as determined by law enforcement or laboratory test, that period of the violating parent's care, custody, and control of the children shall be forfeited to the other party . Law enforcement shall enforce the turnover of custody upon the receipt of a valid court order and a copy of the drug test results, or upon receipt of verification that a drug test had been paid for, been requested, and the party required to test cannot document his/her compliance.

Petitioner/Plaintiff: FRANK JAMES SOUSA _____    Case No. 688253 _____

Dated: August 09, 2017 _____        _____

                                                        JUDGE OF THE SUPERIOR COURT

MAR 13 2020

FL-410

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(name, State Bar number, and address):*
Carolyn Hope Schaupp
3400 Coffee Road #101
Modesto, CA 95355

TELEPHONE NO.: (209) 566-3130    FAX NO. *(optional):*
E-MAIL ADDRESS *(optional):*
ATTORNEY FOR *(name):* Respondent, In Pro Per

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS**
STREET ADDRESS: 1100 I Street
MAILING ADDRESS: P. O. Box 1098
CITY AND ZIP CODE: Modesto, CA 95350
BRANCH NAME:

FOR COURT USE ONLY

FILED

2020 MAR 17 AM 9: 48

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

$10 fees paid

PETITIONER/PLAINTIFF: Frank James Sousa
RESPONDENT/DEFENDANT: Carolyn Hope Schaupp
OTHER PARTY/PARENT:

**ORDER TO SHOW CAUSE AND
AFFIDAVIT FOR CONTEMPT**

CASE NUMBER:
688253

**NOTICE!**
A contempt proceeding is criminal in nature. If the court finds you in contempt, the possible penalties include jail sentence, community service, and fine.

You are entitled to the services of an attorney, who should be consulted promptly in order to assist you. If you cannot afford an attorney, the court may appoint an attorney to represent you.

**¡AVISO!**
Un proceso judicial por desacato es de índole criminal. Si la corte le declara a usted en desacato, las sanciones posibles incluyen penas de prisión y de servicio a la comunidad, y multas.

Usted tiene derecho a los servicios de un abogado, a quien debe consultar sin demora para obtener ayuda. Si no puede pagar a un abogado, la corte podrá nombrar a un abogado para que le represente.

1. **TO CITEE** *(name of person you allege has violated the orders):* Frank James Sousa

2. **YOU ARE ORDERED TO APPEAR IN THIS COURT AS FOLLOWS, TO GIVE ANY LEGAL REASON WHY THIS COURT SHOULD NOT FIND YOU GUILTY OF CONTEMPT, PUNISH YOU FOR WILLFULLY DISOBEYING ITS ORDERS AS SET FORTH IN THE AFFIDAVIT BELOW AND ANY ATTACHED** *AFFIDAVIT OF FACTS CONSTITUTING CONTEMPT;* **AND REQUIRE YOU TO PAY, FOR THE BENEFIT OF THE MOVING PARTY, THE ATTORNEY FEES AND COSTS OF THIS PROCEEDING.**

   a. Date:    Time: 9:00 a.m.    Dept.: 14    Rm.:

   b. Address of court: ☐ same as noted above  ☒ other *(specify):* 800 11th STREET, MODESTO, CA 95354

Date:    ► Deniece R.

ALAN CASSIDY for JACK M. JACOBSON
JUDICIAL OFFICER

**AFFIDAVIT SUPPORTING ORDER TO SHOW CAUSE FOR CONTEMPT**

3. ☒ An *Affidavit of Facts Constituting Contempt* (form FL-411 or FL-412) is attached.

4. Citee has willfully disobeyed certain orders of this court as set forth in this affidavit and any attached affidavits.

5. a. Citee had knowledge of the order in that
   (1) ☒ citee was present in court at the time the order was made.
   (2) ☒ citee was served with a copy of the order.
   (3) ☐ citee signed a stipulation upon which the order was based.
   (4) ☐ other *(specify):*

   *This is an attempt to relitigate the past three years of this case.*

   ☐ Continued on Attachment 5a(4).
   b. Citee was able to comply with each order when it was disobeyed.

6. Based on the instances of disobedience described in this affidavit
   a. ☒ I have not previously filed a request with the court that the citee be held in contempt.
   b. ☐ I have previously filed a request with the court that the citee be held in contempt *(specify date filed and results):*

   ☐ Continued on Attachment 6b.

FL-410

| PETITIONER/PLAINTIFF: Frank James Sousa<br>RESPONDENT/DEFENDANT: Carolyn Hope Schaupp<br>OTHER PARTY/PARENT: | CASE NUMBER:<br>688253 |
| --- | --- |

7. ☐ Citee has previously been found in contempt of a court order *(specify case, court, date):*

☐ Continued on Attachment 7.

8. ☒ Each order disobeyed and each instance of disobedience is described as follows:

a. ☐ Orders for child support, spousal support, family support, attorney fees, and court or other litigation costs (see attached *Affidavit of Facts Constituting Contempt* (form FL-411))

b. ☒ Domestic violence restraining orders and child custody and visitation orders (see attached *Affidavit of Facts Constituting Contempt* (form FL-412))

c. ☐ Injunctive or other order *(specify which order was violated, how the order was violated, and when the order was violated):*

☐ Continued on Attachment 8c.

d. ☒ Other material facts, including facts indicating that the violation of the orders was without justification or excuse *(specify):*
See Attachment 8d.

☒ Continued on Attachment 8d.

e. ☐ I am requesting that attorney fees and costs be awarded to me for the costs of pursuing this contempt action. (A copy of my *Income and Expense Declaration* (form FL-150) is attached.)

**WARNING: IF YOU PURSUE THIS CONTEMPT ACTION, IT MAY AFFECT THE ABILITY OF THE DISTRICT ATTORNEY TO PROSECUTE THE CITEE CRIMINALLY FOR THE SAME VIOLATIONS.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: *march 13, 2020*

Carolyn Hope Schaupp
(TYPE OR PRINT NAME)

► (SIGNATURE)

**ATTACHMENT 8d**

8d.    Other material facts, including facts indicating that the violation of the orders was without justification or excuse:

Father took custody of the parties' minor children on January 19, 2016. Father has full knowledge of the custody orders in effect and failed to abide by them. Since that time, Father has not followed through ensuring the parties' minor children see the Mother. Father is self-employed and can arrange his schedule accordingly. Father has cancelled several appointments that Mother has set without rescheduling one in the same week to ensure Mother has her court ordered visitation with the parties' minor children (See Supervised Visitation Appointment & Confirmation Log attached hereto as Exhibit "A"). On one occasion Father simply failed to show up to a scheduled appointment (See a true and correct copy of Sierra Vista's correspondence dated February 21, 2017, attached hereto as Exhibit "B"). Father is fully aware that Sierra Vista's schedule is full for months at a time. Most of the appointments Father cancelled were canceled three weeks or more ahead of time and a new appointment could have been arranged, however Father failed to schedule one. Mother is informed and believes it is Father's further attempt to alienate the affections of the parties' minor children towards Mother.

# EXHIBIT "A"

## Supervised Visitation Appointment & Confirmation Log

**Supervised by:** _____

**VISITING PARTY:** Schaupp, Carolyn     **Custodial Party:** Sousa, Frank

**Phone #** _____     **Phone #** _____

**DAYS/TIMES AVAILABLE**                          mon-thurs 6pm
         schedule varies                          wed 3 or later, Sat ok

□ Mon- from _____ to _____           □ Mon- from _____ to _____
□ Tue- from _____ to _____           □ Tue- from _____ to _____
□ Wed- from _____ to _____           □ Wed- from _____ to _____
□ Thurs- from _____ to _____         □ Thurs- from _____ to _____
□ Sat- from _____ to _____           □ Sat- from _____ to _____

| Date & Time of Appointments | Confirmed by both Y/N | Initials | Date cancelled/not conf | By Whom | Date notified other party | Initial |
|---|---|---|---|---|---|---|
| 3/2/16 @ 1pm | no | jb | 2/23/2016 | Frank | 2/23/2016 | jb |
| 3/8/16 @ 5pm | yes | et | | | | |
| 4/19/16 @ 5pm | yes | va | | | | |
| 4/25/16 @ 4pm | yes | va | | | | |
| 5/5/16 @1pm | no | va | 2/29/2016 | Frank | 2/29/2016 | VA |
| 4/30/16 @ 9AM | yes | va | | | | |
| 5/3/16 @ 6pm | yes | dd | | | | |
| 5/12/16 @ 5pm | yes | dd | 5/5/2016 | cancelled by office due to mom's balance | 5/5/2016 | jb |
| 5/14/16 @10am | yes | et | | | | |
| 6/9/16 @ 12pm | yes | et | | | | |
| 6/16/16 @ 4pm | no | jb | 5/18/2016 | Frank | 5/18/2016 | jb |
| 6/16/16 @ 11am | yes | jb | 5/18/2016 | Frank | 5/18/2016 | jb |
| 6/15/16 @ 11am | no | jb | 5/18/2016 | Carolyn | 5/18/2016 | jb |
| 6/18/16 @ 11am | no | jb | 5/18/2016 | Frank | 5/18/2016 | jb |
| 6/21/16 @ 11am | yes | jb | | | | |
| 7/13/16 @ 3pm | yes | jb | | | | |
| 7/20/16 @ 4pm | yes | jb | | | | |
| 7/30/16 @ 11am | yes | va | | | | |
| 8/2/16 @ 1pm | yes | va | | | | |
| 08/27/16 @ 9am | yes | va | | | | |
| 08/30/16 @ 4pm | no | va | 8/10/2016 | Frank | 8/10/2016 | va |



**ADHD Program**
1700 McHenry Village Way
Suite 11B
Modesto, CA 95350

**Adult & Community Services**
1030 15th Street
Modesto, CA 95354

**The Bridge Family Resource Center**
605 Chicago Avenue
Modesto, CA 95351

**Children's Outpatient Services**
1700 McHenry Village Way
Suite 11B
Modesto, CA 95350

**Drop-In Family Resource Center**
908 Sierra Drive
Modesto, CA 95351

**Early Intervention**
1700 McHenry Village Way
Suite 14
Modesto, CA 95350

**First Step Perinatal Substance Abuse Program**
1700 McHenry Village Way
Suite 16
Modesto, CA 95350

**Foster Care & Adoption**
101 Park Avenue
Modesto, CA 95354

**Home Based Services**
1700 McHenry Village Way
Suite 11B
Modesto, CA 95350

**Hughson Family Resource Center**
6940 Hughson Avenue, Suite B
P.O. Box 264
Hughson, CA 95326

**Kirk Baucher Non-Public School**
2524 Finney Road
Modesto, CA 95358

**LIFE Path**
1700 McHenry Village Way
Suite 14
Modesto, CA 95350

**North Modesto Family Resource Center**
2020 Standiford Avenue
Suite C1
Modesto, CA 95350

**Public School Based Services**
1700 McHenry Village Way
Suite 11B
Modesto, CA 95350

**Regional Mentoring Alliance**
100 Poplar Avenue
Modesto, CA 95354

**Sierra Vista Learning Center Non-Public School**
830 E. Minnesota Avenue
Turlock, CA 95382

**Sierra Vista Merced**
642 W. Main Street
Merced, CA 95340

**Turlock ADHD & Outpatient Services**
2925 Niagra Street, Suite 3
Turlock, CA 95382

**Waterford Family Resource Center**
12617 Bentley Street
Waterford, CA 95386

**ADMINISTRATION OFFICES ♥ 100 Poplar Avenue ♥ Modesto, CA 95354**
Phone: (209) 523-4573 ♥ Fax:(209) 550-5866 ♥ Website: www.sierravistacares.org

*We strengthen families and communities by transforming lives!*

June 1, 2020

Carolyn Schaupp
416 Pedereson Rd.  Unit B
Oakdale, CA  95361

RE:  Request for Records

Dear Ms. Schaupp,

Per your request, this letter is written to document the total number of supervised visitations you attend at Sierra Vista Child and Family Services.  The first visit (excluding the initial orientation) was on March 8, 2016.  The last visit was January 7, 2019.  A total of 33 visits were attended.

Sincerely,

Jeff Anderson, LMFT
Clinical Director



FRANK JAMES SOUSA
Petitioner                          vs.     CAROLYN HOPE SCHAUPP
                                            Respondent

Case #688253                                Hearing Date November 09, 2015

This order applies to the following minor child(ren):
DESTINY GRACE SOUSA DOB: 06/16/2007    LINCOLN SOUSA DOB: 04/31/2012

1. The following custody and visitation orders are imposed by the Court based upon the combined agreement of the parties and recommendation of the child custody counselor. This order shall supersede all prior orders.

2. This matter is referred to a focused Family Court Services Evaluation of limited scope, appointed under Family Code Sections 3110, et. seq., Evidence Code Section 730 at 615 13th St. Suite B Modesto Ca (Phone: 707-448-4259). The child (Destiny) is to appear on 12/9/15 at 2 p.m. and any further meetings as directed by the Evaluator.

3. The parties shall have joint legal and shared physical custody with the Mother designated as the primary caretaker.

4. The Mother shall have all non-designated time with the children.

5. The Father shall have care, custody, and control on each Sunday from 6 a.m. until 8 p.m. Tuesday.

6. The parties shall arrange care, custody, and control on holidays as they can agree and, if there is no agreement, then as follows. All designated holiday care and control shall supersede regular care, custody, and control orders, which shall resume after the holiday is over.

7. Neither party shall say anything, do anything, or allow any conduct which might tend to alienate the affections of the minor children for the other parent.

8. Both parents shall be responsible for intervening with their respective family members and friends to ensure that the natural development of the child's love and respect for each parent is not impaired.

9. Neither party shall discuss the Court proceedings in the presence of the children except to inform the children of the time sharing schedule, nor shall the children be exposed to any Court papers or disputes between the parents.

FRANK JAMES SOUSA
Petitioner                                    vs.          CAROLYN HOPE SCHAUPP
                                                           Respondent

Case #688253                                              Hearing Date November 09, 2015

10. Neither parent shall interrogate the children about the other parent, or use the children as messengers for communication about adult business, nor allow any other person to do so.

11. Each party shall inform the other of any change in his/her mailing address and message telephone number within 24 hours of any change.

12. The parties shall refrain from using illegal substances at all times and shall not permit the children to be in the presence of any illegal substances.

13. Each parent shall notify the other immediately of any emergency involving the children. Each parent is permitted to obtain emergency health care for the children without the consent of the other parent. Each parent shall notify the other parent as soon as reasonably possible of any illness requiring any medical attention for the children.

14. The Family Court Services Child Custody Counselor / Evaluator and the Court designated private counselor, Evaluator, Health Care Provider, designated supervisor, and personnel from the children's school are permitted to communicate with one another concerning confidential information pertaining to the children, their families, and the child custody case.

15. The parents are restrained from interfering with the transporting of the children's clothing and personal possessions between the parents' homes. Each parent shall ensure that the children's clothing and personal possessions are returned to their home of origin in a timely manner, unless otherwise agreed upon between the parties.

16. Neither party shall change the children's current county of residence from Stanislaus County, without providing the other party 45 days prior written notice.

17. The Mother and Father shall have full and equal access to all legal, medical, and educational information regarding the children. It is suggested that parents supply their child's school with a copy of this Court order for inclusion in the child's cumulative file at the school.

FRANK JAMES SOUSA              vs.      CAROLYN HOPE SCHAUPP
Petitioner                                 Respondent

Case #688253                     Hearing Date November 09, 2015

18. Both parents are to be listed on the children's school, day care, health care or other applicable (i.e. club/team) emergency and/or enrollment cards.

19. Each party shall keep the other informed of the names, addresses, and telephone numbers of all child-care providers.

20. The parent beginning their period of care, custody, and control of the children shall arrange lawful transportation.

21. Unless otherwise mutually agreed, the place of exchange shall be the residence of each parent.

22. The matter is continued to 1/19/16 at 8:30 a.m. for hearing on the Family Court Services Evaluator's Report.

23. Pursuant to Family Code section 3112, a non-refundable Family Court Services Evaluation fee of $300.00 shall be paid by the Mother by 1/10/16 to the Stanislaus County Superior Court Clerk, 1100 I St., Modesto, California. Failure to pay the Family Court Services Evaluation fee as indicated, shall result in the Family Court Services Evaluation report not being released either before or at the time of the return to Court date.

24. Pursuant to Family Code section 3112, a non-refundable Family Court Services Evaluation fee of $300.00 shall be paid by the Father by 1/10/16 to the Stanislaus County Superior Court Clerk, 1100 I St., Modesto, California. Failure to pay the Family Court Services Evaluation fee as indicated, shall result in the Family Court Services Evaluation report not being released either before or at the time of the return to Court date.

(1) Jurisdiction: This Court has jurisdiction to make child custody orders in this case under the Uniform Child Custody Jurisdiction and Enforcement Act (part 3 of the California Family Code, commencing with §3400).
(2) Notice and opportunity to be heard: The responding party was given notice and an opportunity to be heard as provided by the laws of the State of California.
(3) Country of habitual residence: The country of habitual residence of the child or children is United States of America
(4) Penalties for violating this order: If you violate this order, you may be subject to civil or criminal penalties, or both.

Petitioner/Plaintiff: **FRANK JAMES SOUSA**          Case No. <u>688253</u>

Dated: <u>November 09, 2015</u>

_____
JUDGE OF THE SUPERIOR COURT

# EXHIBIT 6

## (DEFENDANT SOUZA'S ATTACK ON MS. SCHAUPP'S CAR)



