# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN SCHAUPP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | Case No. 1:20-cv-01221-DAD-BAM<br><br>ORDER REQUIRING PLAINTIFF CAROLYN SCHAUPP TO FILE LONG FORM APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. No. 2)<br><br>**THIRTY (30) DAY DEADLINE**<br><br>ORDER DIRECTING PLAINTIFF CAROLYN SCHAUPP, SR. TO SUBMIT APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN THIRTY DAYS<br><br>**THIRTY (30) DAY DEADLINE**<br><br>ORDER DENYING PLAINTIFF CAROLYN SCHAUPP'S MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING<br><br>(Doc. No. 6) |

This action was filed on August 28, 2020, asserting violations of 42 U.S.C. §§ 1983, 1984, 18 U.S.C. § 242, and various state law claims against Defendants County of Stanislaus, County of Stanislaus Child Protective Services, Office of the District Attorney of Stanislaus County, Birgit Fladager, Cristina Magana, City of Modesto, Modesto Police Department, Galen Carroll, Clinton Armstrong, Kyle Johnson, Kathryn Harwell, Edwardo Cortez, Gary Boyd, Kim Mallock, Sandra Lucas, Kimberly Underwood, Matthew Mercado, Frank Sousa, Edward Izzo, and Does 1-20. (Doc. No. 1.) According to the complaint, the action is brought by Plaintiffs Carolyn Schaupp,

Carolyn Schaupp, Sr., L.S., a minor, D.S., a minor, and P.I., a minor, proceeding pro se. (*Id.*) Plaintiffs have not paid the $400.00 filing fee and only Plaintiff Carolyn Schaupp has filed an application to proceed in forma pauperis. (Doc. No. 2.) Additionally, Plaintiff Carolyn Schaupp has filed a motion seeking permission for electronic case filing. (Doc. No. 6.)

### A.     Application to Proceed In Forma Pauperis

Plaintiff Carolyn Schaupp's application demonstrates that she may be receiving income well above the poverty threshold, and the information is insufficient for the Court to determine if she is entitled to proceed without prepayment of fees in this action. Accordingly, the Court will order Plaintiff Carolyn Schaupp to complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239.  If Plaintiff Carolyn Schaupp is unwilling to complete and submit the long form application, she must pay the filing fee in full.

Additionally, multiple plaintiffs bring this action, yet the motion to proceed in forma pauperis currently before the Court is solely signed and submitted by Plaintiff Carolyn Schaupp. Where there are multiple plaintiffs in a single action, they may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee. *Darden v. Indymac Bancorp, Inc*., 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009). Here, the Court has not been provided with sufficient financial information for Plaintiff Carolyn Schaupp, Sr. to determine if she has the resources to pay the requisite filing fee to bring this civil action or qualifies to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Accordingly, Plaintiff Carolyn Schaupp, Sr. shall complete and file an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 or shall pay the filing fee in full.

The complaint further states that it is filed by Carolyn Schaupp as "representative" for minors L.S., D.S., and P.I. (*See* Doc. No. 1.) However, The Ninth Circuit has determined that although a non-attorney may appear pro se in his own behalf, that privilege is personal to him and he has no authority to appear as an attorney for others than himself. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008). "[A] parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. County of San Diego,* 114 F.3d 874, 877 (9th Cir. 1997); *see also*

*Wilson v. Raye*, 2020 WL 1492662, at *2 (E.D. Cal. Mar. 27, 2020) (finding that a pro se plaintiff could not bring an action on behalf of a minor); *Giorgis v. Fetter*, , 2014 WL 12694301, at *1 (D. Ariz. Dec. 22, 2014) (accord). Therefore, Plaintiffs are advised that minors L.S., D.S., and P.I. must be represented by retained counsel if this action is to proceed on their behalf.

### B.    Motion Seeking Permission for Electronic Case Filing

Plaintiff Carolyn Schaupp has filed a motion requesting permission to file documents electronically thorough the CM/ECF system. (Doc. No. 6.) Pursuant to the Local Rules, a pro se party shall file and serve paper documents with the Court and may not utilize electronic filing unless granted permission by the Court.  Local Rule 133(a)-(b).  A pro se party may request an exception to the paper filing requirement from the court by filing a stipulation of the parties, or "if a stipulation cannot be had, [a] written motion[] setting out an explanation of reasons for the exception."  Local Rule 133(b)(3).

Upon review of the pleadings in this action and the instant motion, the Court finds that this action does not warrant an exception to the Local Rule.  Plaintiff Carolyn Schaupp submitted a form application that appears to have been obtained from another district and which provides no reasons for the need to use electronic filing. Plaintiff Carolyn Schaupp's motion for permission to file through CM/ECF will therefore be denied.

The Court further notes that the upper left-hand corner of the complaint provides a single address for "Carolyn Schaupp." (*See* Doc. No. 1.) As noted above, litigants are not permitted to be represented by non-lawyers. *See Johns v. County of San Diego,* 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself ."); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir.1987) (holding that a pro se litigant may not appear as an attorney for others); *United States v. Kelley,* 539 F.2d 1199 (9th Cir.1976) (holding that the constitutional right to self-representation in criminal cases does not imply a corollary right to choose a non-lawyer as counsel); *McShane v. United States,* 366 F.2d 286, 288 (9th Cir.1966) (holding that appearance *in propria persona* on one's own behalf is a privilege personal to the individual litigant and does not confer authority to appear as an attorney for others). Individuals who are

3

representing themselves in this court may not delegate the litigation of their claims to any other individual, including any other party on the same side appearing without an attorney. Local Rule 183(a). Each plaintiff's name, address, and telephone number must be included in the upper left-hand corner of the complaint. Local Rule 131(a). Accordingly, Plaintiff Carolyn Schaupp, Sr. shall provide the Court with her address and telephone number or confirm that her contact information is the same as that listed on the complaint for Plaintiff Carolyn Schaupp.

### C. Conclusion and Order

Based upon the foregoing, it is HEREBY ORDERED that:

1. The Clerk of the Court is directed to forward two copies of an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239 to Plaintiffs Carolyn Schaupp and Carolyn Schaupp, Sr. at their address of record, 416 Pederson Rd. #B, Oakdale, CA 95361;

2  Within **thirty (30) days** of the date of this order, Plaintiffs Carolyn Schaupp and Carolyn Schaupp, Sr., shall either (1) pay the $400.00 filing fee for this action, or (2) each complete and file the enclosed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) – AO 239;

3. Plaintiff Carolyn Schaupp's motion for permission for electronic filing (Doc. No. 6) is DENIED; and

4. Plaintiff Carolyn Schaupp, Sr. is directed to respond to this order in writing confirming her name, address, and telephone number pursuant to Local Rule 131(a).

**Requests for extension will be granted without a showing of good cause**. **Failure to comply with this order will result in a recommendation that this action be dismissed for failure to comply with court orders and/or failure to prosecute.**

IT IS SO ORDERED.

Dated:   **September 3, 2020**          /s/ *Barbara A. McAuliffe*          
                                          UNITED STATES MAGISTRATE JUDGE