UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN SCHAUPP, et al., | No. 1:20-cv-01221-DAD-BAM |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFF CAROLYN SHAUPP'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | (Doc. No. 5) |

On August 28, 2020, plaintiffs Carolyn Schaupp and Carolyn Schaupp, Sr. (collectively, "plaintiffs"[1]), both proceeding *pro se*, filed a complaint alleging various violations of state and federal law. (Doc. No. 1 ("Compl.").) Plaintiff Schaupp also filed a motion for a temporary

/////

---

[1] The complaint alleges that plaintiff Schaupp intends to represent her minor children—D.S., L.S., and P.I.—in this action. (Compl. at ¶¶ 8–10.) The Ninth Circuit has held that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions." *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (internal citation omitted). Accordingly, the court will address the pending motion only to the extent it pertains to plaintiffs Schaupp and Schaupp, Sr. *See Laycook v. Cty. of Fresno*, No. 1:18-cv-01263-LJO-SAB, 2018 WL 4998136, at *2 (E.D. Cal. Oct. 15, 2018) ("Plaintiff cannot bring this action to assert the rights of his children without retaining counsel. The Court shall therefore only consider the claims raised in this action as they pertain to Plaintiff.").

1

restraining order and preliminary injunction on August 28, 2020.[2] (Doc. No. 5.) Plaintiffs bring this action against defendants County of Stanislaus; the Stanislaus County Superior Court; Frank Sousa; Edward Izzo; and multiple other individuals who are apparently associated with the County of Stanislaus. For the reasons set forth below, plaintiff Schaupp's motion for a temporary restraining order and preliminary injunction will be denied.

## BACKGROUND

In their complaint, plaintiffs allege the following. Defendants Stanislaus County Superior Court Judges Jacobson and Cassidy retaliated against plaintiff Schaupp "by unlawfully removing her minor child P.I. from her care and placing [P.I.] with" defendant Izzo, despite knowing about a protective order for P.I. against defendant Izzo. (Compl. at ¶ 35) (citing *id.*, Ex. 2). On June 16, 2020, defendant Judge Jacobson granted a motion for a temporary restraining order brought by defendant Sousa, despite plaintiff Schaupp filing a motion for a temporary restraining order first. (*Id.* at ¶ 38) (citing *id.*, Ex. 6). Additionally, plaintiff Schaupp warned unspecified defendants and expressed concern for her children's safety. (*Id.* at ¶ 39) (citing *id.*, Exs. 3–4). According to the complaint, defendant Sousa has physically neglected and abused his children, and "Defendant's [*sic*] knew about this and perjured their CPS reports to cover up the incidents." (*Id.*) (citing *id.*, Ex. 1). On July 20, 2020, defendant Judge Jacobson vacated a trial without plaintiff Schaupp's consent or prior notice being provided to her. (*Id.* at ¶ 37.) On July 21, 2020, Oakdale Police took P.I. and placed her in defendant Izzo's care pursuant to a court order issued by defendant Judge Cassidy. (*Id.* at ¶ 36.) Plaintiff filed peremptory challenges multiple times against defendant Judges Jacobson and Cassidy, but they retaliated against her and refused to remove themselves from the cases. (*Id.* at ¶ 40.) Lastly, defendant Judges Jacobson and Cassidy "created unconstitutional court orders and den[ied] due process and exculpatory evidence." (*Id.* at ¶ 42) (citing *id.*, Ex. 5).

---

[2] Although the notice of motion states this motion is brought by all plaintiffs, only plaintiff Schaupp has signed the motion. "It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Thus, the court construes the pending motion as brought solely by plaintiff Schaupp and not by plaintiff Schaupp, Sr.

Plaintiff Schaupp's pending motion for a restraining order and preliminary injunction challenges orders issued by the Stanislaus County Superior Court that removed her children from her care. (Doc. No. 5 at 3.) Specifically, plaintiff Schaupp contends that plaintiffs

> have suffered severe retaliation from Defendants on a number of occasions from judicial bullying, fraudulent reporting by Child Protective Services and Modesto Police Dept., failure to prosecute and prosecutorial misconduct, coercion, judicial retaliation by creating unconstitutional court orders which have placed Plaintiff minors P.I., L.S. and D.S. in harm's way by being sexually assaulted, psychologically damaged, neglected to the point mother Carolyn Schaupp spent more than $6,000 to fix her eight year old son's (L.S.) decaying mouth from tooth rot, no medical check-ups for minor children in over three years, horrible hygiene, interaction with dangerous weapons, et al. Plaintiff MS. SCHAUPP has depleted her life's savings on legal fees, attorney's fees, only to be tricked and misguided into believing that she is supporting her children.

(*Id.*) The pending motion broadly seeks to enjoin unspecified defendants from further claimed retaliation against plaintiff Schaupp and to place D.S., L.S., and P.I. in her care—thereby essentially reversing the state court judgment. (*Id.* at 10.)

## ANALYSIS

The standard for issuing a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (quoting *Lands Council v. McNair*,

537 F.3d 981, 987 (9th Cir. 2008) (en banc)).³ The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief").

In this case, the court first notes that no defendants appear to have been notified of the filing of this motion. Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order without notice to the adverse party only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Even if the allegations in plaintiff Schaupp's pending motion could be construed to show immediate and irreparable injury, plaintiff has not alleged that any attempt was made by her to give notice to the adverse parties. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130–32 (9th Cir. 2006).

Moreover, plaintiff Schaupp has not made the required showing demonstrating that she is entitled to the temporary and preliminary injunctive relief she seeks under the legal standard set forth above. The bulk of plaintiff's motion is devoted merely to recitations of legal standards and conclusory contentions. (*See generally* Doc. No. 5.) Plaintiff Schaupp contends that she has presented evidence suggesting collusion among the named defendants to retaliate against her by removing her children from her care without justification and placing them with their fathers who, she contends, are convicted criminals who use drugs, possess dangerous weapons, and have no interest in their children other than using them to retaliate against her. (*Id.* at 6.) However, none

---

³ The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *All. for the Wild Rockies*, 632 F.3d at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

4

of the conclusory assertions in plaintiff's motion are supported by any evidence, or even any allegation of specific facts. *See Reinharz v. Mediagate, Ltd.*, No. C 05-2051 CW, 2005 WL 1514136, at *1 (N.D. Cal. June 14, 2005) (denying a motion for a temporary restraining order for lack of factual or evidentiary support). Nor do the complaint's conclusory allegations and attached exhibits, (*see* Compl. at 25–140), satisfy plaintiff's burden under *Winter*. *See Tavake v. Chase Bank*, No. 1:12-cv-0041 KJM-GGH, 2012 WL 117146, at *2 (E.D. Cal. Jan. 13, 2012) (denying a *pro se* plaintiff's motion for a temporary restraining order after reviewing plaintiff's complaint and motion together and concluding that plaintiff "presented no evidence that she is likely to succeed on the merits or that there are serious questions going to the merits").

Finally, plaintiff Schaupp has made no showing of her likelihood of success on the merits of this action because it appears that this court lacks subject matter jurisdiction over it. As one judge of this court has recently observed under similar circumstances:

> Although plaintiff's complaint is cast in terms of federal law violations, it is clear from the content of the complaint and the remedies sought . . . that he is essentially contesting the state court judgment regarding his child support and custody obligations. This amounts to a de facto appeal of the state court judgment. *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff."). The court does not have jurisdiction to hear such a case.
>
> The *Rooker-Feldman* doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To determine if the *Rooker-Feldman* doctrine bars a case a court must first determine if the federal action contains a forbidden *de facto* appeal of a state court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-Feldman* inquiry ends." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden de facto appeal," however, the court cannot hear the de facto appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158; *see also Bell*, 709 F.3d at 897 ("The 'inextricably intertwined' language from *Feldman* is not a test to determine whether a claim is a de facto appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis."). A complaint is a "*de facto* appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the

5

> state court, and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.
>
> In seeking a remedy by which this court invalidates a state court decision and amends the state court record, plaintiff is clearly asking this court to "review the final determinations of a state court in judicial proceedings," which is at the core of *Rooker-Feldman's* prohibition. *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000). Requests to vacate a family court order and child support debt are generally considered de facto appeals. *Riley v. Knowles*, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). Indeed, requests to the federal courts to reverse the outcomes of family law issues, such as divorce proceedings or child custody determinations, are generally treated as *de facto* appeals barred by *Rooker-Feldman*. *See Moore v. County of Butte*, 547 Fed. Appx. 826, 829 (9th Cir. 2013). Accordingly, plaintiff's action constitutes a "forbidden *de facto* appeal" and the court lacks subject matter jurisdiction to hear the case.

*Davis v. California Department of Child Services*, No. 2:20-cv-01393 TLN AC PS, 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 702–04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *Clemons v. McGlynn*, No. 2:18-cv-2463-TLN-EFB PS, 2019 WL 4747646, at *2 (E.D. Cal. Sept. 30, 2019) ("Because the core issue in this action concerns matters relating to child custody, this court lacks subject matter jurisdiction."), *findings and recommendations adopted*, 2019 WL 5960103 (E.D. Cal. Nov. 13, 2019).

## CONCLUSION

Accordingly, plaintiff Schaupp's motion for a temporary restraining order and preliminary injunction (Doc. No. 5) is denied.

IT IS SO ORDERED.

Dated: **September 24, 2020**

UNITED STATES DISTRICT JUDGE