UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN SCHAUPP, et al., | No. 1:20-cv-01221-DAD-BAM |
| Plaintiffs, | |
| v. | <u>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION</u> |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

On August 28, 2020, plaintiffs Carolyn Schaupp and Carolyn Schaupp, Sr. (collectively, "plaintiffs"[1]) commenced this action against defendants County of Stanislaus; the Stanislaus County Superior Court; Frank Sousa; Edward Izzo; and multiple other individuals who are apparently associated with the Stanislaus County. (Doc. No. 1.) The complaint—which alleges claims under 42 U.S.C. § 1983, *Monell v. Department of Social Services of City of New York*, 436

---

[1] The complaint alleges that plaintiff Schaupp intends to represent her minor children—D.S., L.S., and P.I.—in this action. (Compl. at ¶¶ 8–10.) The Ninth Circuit has held that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law cannot determine their own legal actions." *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (internal citation omitted). Accordingly, the court will address the claims as being brought by only plaintiffs Schaupp and Schaupp, Sr. *See Laycook v. Cty. of Fresno*, No. 1:18-cv-01263-LJO-SAB, 2018 WL 4998136, at *2 (E.D. Cal. Oct. 15, 2018) ("Plaintiff cannot bring this action to assert the rights of his children without retaining counsel. The Court shall therefore only consider the claims raised in this action as they pertain to Plaintiff.").

U.S. 658 (1978), and several state law causes of action—states that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. (*Id.* at 3.) The allegations of the complaint appear, however, to amount to a challenge to orders issued by the Stanislaus County Superior Court that removed plaintiff Schaupp's children from her care. (*See id.* at ¶¶ 33–43.)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

As one judge of this court has recently observed under similar circumstances:

> Although plaintiff's complaint is cast in terms of federal law violations, it is clear from the content of the complaint and the remedies sought . . . that he is essentially contesting the state court judgment regarding his child support and custody obligations. This amounts to a *de facto* appeal of the state court judgment. *See Cooper v. Ramos*, 704 F.3d 772, 777–78 (9th Cir. 2012) ("To determine whether an action functions as a de facto appeal, we pay close attention to the relief sought by the federal-court plaintiff."). The court does not have jurisdiction to hear such a case.
>
> The *Rooker-Feldman* doctrine prohibits federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To determine if the *Rooker-Feldman* doctrine bars a case a court must first determine if the federal action contains a forbidden *de facto* appeal of a state court judicial decision. *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). If it does not, "the *Rooker-Feldman* inquiry ends." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). If a court determines that the action is a "forbidden *de facto* appeal," however, the court cannot hear the *de facto* appeal portion of the case and, [a]s part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Noel*, 341 F.3d at 1158; *see also Bell*, 709 F.3d at 897 ("The 'inextricably intertwined' language from *Feldman*

> is not a test to determine whether a claim is a *de facto* appeal, but is rather a second and distinct step in the *Rooker-Feldman* analysis."). A complaint is a "*de facto* appeal" of a state court decision where the plaintiff "complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Noel*, 341 F.3d at 1163.
>
> In seeking a remedy by which this court invalidates a state court decision and amends the state court record, plaintiff is clearly asking this court to "review the final determinations of a state court in judicial proceedings," which is at the core of *Rooker-Feldman's* prohibition. *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000). Requests to vacate a family court order and child support debt are generally considered *de facto* appeals. *Riley v. Knowles*, No. 1:16-CV-0057-JLT, 2016 WL 259336, at *3 (E.D. Cal. Jan. 21, 2016). Indeed, requests to the federal courts to reverse the outcomes of family law issues, such as divorce proceedings or child custody determinations, are generally treated as *de facto* appeals barred by *Rooker-Feldman*. *See Moore v. County of Butte*, 547 Fed. Appx. 826, 829 (9th Cir. 2013). Accordingly, plaintiff's action constitutes a "forbidden *de facto* appeal" and the court lacks subject matter jurisdiction to hear the case.

*Davis v. California Department of Child Services*, No. 2:20-cv-01393 TLN AC PS, 2020 WL 5039243, at *2 (E.D. Cal. Aug. 26, 2020); *see also Ankenbrandt v. Richards*, 504 U.S. 689, 702–04 (1992) (holding that the domestic relations exception to federal subject matter jurisdiction "divests the federal courts of power to issue divorce, alimony and child custody decrees"); *Clemons v. McGlynn*, No. 2:18-cv-2463-TLN-EFB PS, 2019 WL 4747646, at *2 (E.D. Cal. Sept. 30, 2019) ("Because the core issue in this action concerns matters relating to child custody, this court lacks subject matter jurisdiction."), *findings and recommendations adopted*, 2019 WL 5960103 (E.D. Cal. Nov. 13, 2019).

Accordingly, plaintiffs are hereby directed to show cause within fourteen (14) days of service of this order as to why this matter should not be dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated: __**October 11, 2020**__            _____
                                          UNITED STATES DISTRICT JUDGE