# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYN SCHAUPP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF STANISLAUS, et al.,<br><br>Defendants. | Case No.  1:20-cv-01221-DAD-BAM<br><br>ORDER TO SHOW CAUSE WHY THE CLAIMS OF PLAINTIFFS CAROLYN SCHAUPP, SR., L.S., D.S., AND P.I. SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

This action was filed on August 28, 2020, asserting violations of 42 U.S.C. §§ 1983, 1984, 18 U.S.C. § 242, and various state law claims against Defendants County of Stanislaus, County of Stanislaus Child Protective Services, Office of the District Attorney of Stanislaus County, Birgit Fladager, Cristina Magana, City of Modesto, Modesto Police Department, Galen Carroll, Clinton Armstrong, Kyle Johnson, Kathryn Harwell, Edwardo Cortez, Gary Boyd, Kim Mallock, Sandra Lucas, Kimberly Underwood, Matthew Mercado, Frank Sousa, Edward Izzo, and Does 1-20. (Doc. No. 1.) According to the complaint, the action is brought by Plaintiffs Carolyn Schaupp, Carolyn Schaupp, Sr., L.S., a minor, D.S., a minor, and P.I., a minor, proceeding pro se. (*Id.*)

On September 3, 2020, the Court issued an order directing Plaintiff Carolyn Schaupp, Sr. to respond in writing confirming her name, address, and telephone number pursuant to Local Rule 131(a). (Doc. No. 7.) The Court's order further advised Plaintiffs that a parent or guardian cannot bring an action on behalf of a minor child without retaining counsel. (*Id.*) Therefore, minors L.S., D.S., and P.I. must be represented by retained counsel if this action is to proceed on their behalf. (*Id.*) Plaintiffs were warned that failure to comply with the Court's order would result in a

recommendation that this action be dismissed for failure to comply with court orders and/or failure to prosecute. (*Id.*) To date, Carolyn Schaupp, Sr. has not confirmed her name, address, and telephone number in writing pursuant to Local Rule 131(a) or otherwise responded to the Court's order. Furthermore, minors L.S., D.S., and P.I. improperly remain "represented" by Carolyn Schaupp appearing pro se and counsel has not appeared on their behalf.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County,* 216 F.3d 837, 841 (9th Cir. 2000).

Accordingly, Plaintiffs are HEREBY ORDERED to SHOW CAUSE why the claims of Plaintiffs Carolyn Schaupp, Sr., and minors L.S., D.S., and P.I. should not be dismissed for failure to obey court orders and failure to prosecute and because Plaintiff Carolyn Schaupp has no authority to appear on behalf of minors L.S., D.S., and P.I. Plaintiffs shall file a written response to this order to show cause within **fourteen (14) days** of service of this order. Plaintiffs may also comply with this order by filing written confirmation of Carolyn Schaupp, Sr.'s name, address, and telephone number pursuant to Local Rule 131(a) and by entering an appropriate appearance of counsel on behalf of minors L.S., D.S., and P.I.

**Failure to comply with this order will result in a recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:   **October 13, 2020**          /s/ *Barbara A. McAuliffe*          _
                                        UNITED STATES MAGISTRATE JUDGE